## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| ELI LILLY AND COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; PAUL LEIGHT; KEVIN SINGER; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; and DANIELLE GISCOMBE,<br><br>          Defendants. | Case No. 1:26-CV-23516-FAM |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION FOR A TEMPORARY RESTRAINING ORDER, <u>PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY</u>

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.   FACTUAL BACKGROUND............................................................................................. 1

III.   ARGUMENT.................................................................................................................. 2

    A.   The Court should deny Plaintiff's request for a temporary restraining order and preliminary injunction because Plaintiff has not shown it is likely to succeed on the merits, offers zero evidence showing irreparable harm, and is not supported by equitable or public interests.......................................................................................... 3

        1.   Plaintiff cannot rely on assumptions to show a substantial likelihood of success on the merits...................................................................................................... 3

        2.   Plaintiff cannot show irreparable harm because any risk of future injury is mere conjecture and can nevertheless be remedied by monetary damages if it occurs... 4

            i.   Plaintiff seeks relief based on mere conjecture. ............................................. 5

            ii.   Plaintiff has not demonstrated that monetary remedies are inadequate. ......... 7

        3.   The balance of equities and public interest weigh against an injunction................ 8

    B.   Plaintiff is not entitled to expedited discovery because it is not designed to prepare for a preliminary injunction hearing. ................................................................................. 8

IV.   CONCLUSION.............................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Bellin v. La Pensee Condo. Assoc., Inc.*,
   No. 05-80071-CIV, 2005 WL 8156021 (S.D. Fla. Oct. 13, 2005) ......................................5, 7

*BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*,
   425 F.3d 964 (11th Cir. 2005) ...................................................................................................8

*Kurnow v. Abbott*,
   114 So.3d 1099 (Fla. 1st DCA 2013) .......................................................................................4

*Mullane v. Almon*,
   339 F.R.D. 659 (N.D. Fla. 2021) ..........................................................................................9, 10

*Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*,
   896 F.2d 1283 (11th Cir. 1990) ................................................................................................7

*Schiavo ex rel. Schindler v. Schiavo*,
   403 F.3d 1223 (11th Cir. 2005) ................................................................................................3

*SFM Holdings Ltd. v. Banc of Am. Secs., LLC*,
   764 F.3d 1327 (11th Cir. 2014) ................................................................................................3

*Siegel v. LePore*,
   234 F.3d 1163 (11th Cir. 2000) ....................................................................................2, 4, 5, 7

*Smith v. Comm'r, Ala. Dep't of Corr.*,
   844 F. App'x 286 (11th Cir. 2021) ............................................................................................8

*Starbucks Corp. v. McKinney*,
   602 U.S. 339 (2024).....................................................................................................................3

*Swisher Int'l, Inc. v. U.S. Food & Drug Admin.*,
   No. 21-13088, 2022 WL 320889 (11th Cir. Feb. 3, 2022) .........................................4, 5, 6, 7

*Texas v. Seatrain Int'l, S.A.*,
   518 F.2d 175 (5th Cir. 1975) ....................................................................................................2

*TracFone Wireless, Inc. v. SCS Supply Chain LLC*,
   330 F.R.D. 613 (S.D. Fla. 2019)...........................................................................................2, 8

*United Healthcare Servs., Inc. v. Rossel*,
   No 3:21-CV-1547-L-BT, 2024 WL 4451761 (N.D. Tex. July 23, 2024)...............................4

*White Cap, L.P. v. Heyden Enters., LLC*,
   No. 23-14248-CIV, 2024 WL 4483356 (S.D. Fla. Jan. 18, 2024)........................................10

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008).................................................................................................................4, 8

*Wreal, LLC v. Amazon.com, Inc.*,
    840 F.3d 1244 (11th Cir. 2016) ...............................................................................................6

## Other Authorities

*Our Founder*, COGIC, https://www.cogic.org/about-us/our-founder/ (last visited
    June 3, 2026)...........................................................................................................................2

Defendants DrugPlace, Inc. (FL); DrugPlace, Inc. (TN); Community Health Initiative, Inc.; Nakorn Wholesalers, LLC; Galaxy Med, LLC d/b/a Galaxy Pharmacy; Brightline Wholesale LLC; Paul Leight; Kevin Singer; Readus Smith; Jerry Maynard Sr.; Jerry Maynard Jr. a/k/a Jerry Maynard II; Edgar Enriquez; Lane Mazei; and Danielle Giscombe (collectively, "DrugPlace" or "Defendants") file this Memorandum of Law in Opposition to Plaintiff Eli Lilly and Company's ("Plaintiff") Expedited Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (the "Motion"). ECF No. 31.

## I.   INTRODUCTION

Plaintiff's Motion should be denied on the simple basis that it lacks any ongoing or imminent irreparable harm. By Plaintiff's own admission, the entities named as defendants in this lawsuit are no longer operating and have deactivated their pharmacy licenses. The Motion also presents no evidence indicating that any rebate claims have been submitted since 2025. Yet, Plaintiff frames this matter as "ongoing" in order to obtain this Court's expedited intervention. As discussed further below, the requested relief is neither necessary nor legally appropriate because Plaintiff has not shown anything beyond a mere possibility of harm, and such harm can be adequately remedied with monetary damages.

Additionally, the Court should deny Plaintiff's request for expedited discovery because the discovery sought is tremendously overbroad without any proportional connection to the preliminary injunction hearing. According to its own Motion, Plaintiff repeatedly insists that it already has "ample" evidence to prove its claims, which likely includes information obtained over the course of a year-long pre-litigation investigation, documents acquired by nonparty PBMs, public filings, licensing information, records from nonparty distributors, and eight declarations totaling 381 pages (including exhibits)—all of which Plaintiff admits it possesses. No additional discovery is justified at this stage of litigation considering the substantial expense and burden the proposed discovery places on DrugPlace. As such, the request should be denied.

## II.   FACTUAL BACKGROUND

Plaintiff filed the instant lawsuit and Motion knowing that the named entities—DrugPlace Inc. (FL), DrugPlace Inc. (TN), Community Health Initiative, Inc. ("Community Health"), Nakorn Wholesalers LLC ("Nakorn"), Galaxy Med, LLC d/b/a Galaxy Pharmacy ("Galaxy"), and Brightline Wholesale LLC ("Brightline")—are no longer operating. DrugPlace Inc. (FL) and DrugPlace Inc. (TN), together, were a community retail pharmacy with the goal of offering cost-

effective medications to its patients. Singer Decl. ¶ 3. Community Health was an affiliated educational program serving members of the Church of God in Christ ("COGIC"), the largest[1] Pentecostal denomination in the United States. *See id.* ¶ 4. Nakorn was a pharmaceutical wholesaler. *Id.* ¶ 5. Defendant Kevin Singer ("Singer") owns these four entities and, although they have not yet been fully dissolved, they are no longer operating. *Id.* ¶¶ 3–6; Ex A, DrugPlace Closure Notices; Ex. B, Nakorn Closure Notices. Since the closures, Singer has not formed any entity operating as, or intending to operate as, a pharmacy or pharmaceutical wholesaler. Singer Decl. ¶ 6.

Galaxy was a community retail pharmacy in Texas, and Brightline was a wholesaler in Texas, Kentucky, and Tennessee. Mazei Decl. ¶¶ 3–4. Defendant Lane Mazei ("Mazei") is the sole member of both entities. *Id.* ¶ 2. Brightline shut down and surrendered its wholesale licenses in Kentucky and Tennessee on February 20, 2026, and in Texas on January 29, 2026. *Id.* ¶ 3; Ex. C, Brightline Closure Notices. Galaxy closed its operations in Texas around the same time. Mazei Decl. ¶ 4.

The other individual Defendants, including Paul Leight ("Leight"), Readus Smith ("Smith"), Bishop Jerry Maynard Sr. ("Bishop Maynard"), Jerry Maynard Jr. a/k/a Jerry Maynard II ("Maynard II"), Edgar Enriquez ("Enriquez"), and Danielle Giscombe ("Giscombe"), each worked for one of the previously mentioned entities or COGIC.

## III.  ARGUMENT

An award of preliminary injunctive relief is not the default rule—it is the exception. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citing *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)). That same premise extends to expedited discovery, even in preparation for a preliminary injunction hearing. *See TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (requiring good cause). As discussed below, Plaintiff failed to show entitlement to either.

---

[1] *See Our Founder*, COGIC, https://www.cogic.org/about-us/our-founder/ (last visited June 3, 2026) (estimating approximately 6.5 million members).

**A.**     **The Court should deny Plaintiff's request for a temporary restraining order and preliminary injunction because Plaintiff has not shown it is likely to succeed on the merits, offers zero evidence showing irreparable harm, and is not supported by equitable or public interests.**

Temporary and preliminary injunctive relief is an extraordinary and drastic remedy. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024). A party seeking such relief must clearly show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities favors him, and (4) the public interest supports such relief. *Id.* at 346. The legal standards for a preliminary injunction and temporary restraining order are the same. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005).

In the present case, Plaintiff seeks to enjoin DrugPlace from (1) submitting rebate claims for any Lilly medicines, (2) removing from DrugPlace's premises or discarding, destroying, transferring, or disposing of any information, documents, or communications relating to DrugPlace's operations, rebate claims, or medicine sales, and (3) aiding any other person in such actions. ECF No. 31-1 at 2–3. The Court should deny Plaintiff's request because it cannot establish any of the prerequisites to injunctive relief.

**1.**     **Plaintiff cannot rely on assumptions to show a substantial likelihood of success on the merits.**

Courts may not award injunctive relief, to any extent, unless the movant establishes he has a substantial likelihood of success on the action's merits. *Schiavo*, 403 F.3d at 1226. If the movant's ultimate success is questionable, then an extraordinary remedy is inappropriate. *Id.* Here, Plaintiff relies on a number of assumptions and guesses to show it is likely to succeed on the merits.

As to its fraud claim—which Plaintiff only lodges against Defendants DrugPlace Inc. (TN), DrugPlace Inc. (FL), Galaxy, Community Health, Leight, Singer, Smith, and Mazei—Plaintiff insists that, because it did not believe DrugPlace's explanations, the only possible answer must be an elaborate fraud scheme. *See* ECF No. 31 at 11. And, because DrugPlace's data appeared odd, Plaintiff assumes medication was never dispensed to actual patients. *See id.*

Regarding the conspiracy claim[2], Plaintiff assumes not only the existence of a conspiratorial agreement, but also the involvement of many of the Defendants. *See id.* at 12.

---

[2] Civil conspiracy is not a freestanding claim in Florida. *SFM Holdings Ltd. v. Banc of Am. Secs., LLC*, 764 F.3d 1327, 1338–39 (11th Cir. 2014). Thus, it fails unless accompanied by another successful tort. *Id.*

Notably, the Motion dedicates only two sentences to Defendants Bishop Maynard, Maynard II, Misha Maynard, Enriquez, and Giscombe. *See id.* at 13. Although Plaintiff refers to the declarations as proof of their participation in any alleged conspiracy, only one declaration submitted briefly discusses any of these defendants. But that declaration merely mentions a prior lawsuit's discussion of Bishop Maynard's charity organization. *See* Sprague Decl., ECF No. 36 ¶¶ 50–51. The cited opinion, however, did not refer to the charity as "fictitious" or fraudulent, nor does Plaintiff attempt to offer any other evidence in support of that assertion. *See id.* (citing *United Healthcare Servs., Inc. v. Rossel*, No 3:21-CV-1547-L-BT, 2024 WL 4451761, at \*7 (N.D. Tex. July 23, 2024)). None of Plaintiff's supporting declarations mention the other individuals. Indeed, Plaintiff appears to assume their involvement simply based on their employment. Under Florida law, no actionable civil conspiracy claim exists between an entity and its officers, agents, or employees. *Kurnow v. Abbott*, 114 So.3d 1099, 1102 (Fla. 1st DCA 2013) (citing cases).

Accordingly, Plaintiff has not shown a substantial likelihood of success on the merits—especially as to every single Defendant it seeks to enjoin—and the Court should deny issuing a temporary restraining order or preliminary injunction.

> **2.     Plaintiff cannot show irreparable harm because any risk of future injury is mere conjecture and can nevertheless be remedied by monetary damages if it occurs.**

The failure to show at least a substantial likelihood of irreparable harm renders preliminary injunctive relief improper, even if all other factors are established. Siegel, 234 F.3d at 1176. Indeed, imminent and irreparable injury is not only crucial but indispensable. Id. A remote or speculative risk of harm is insufficient. Id. Still, the legal standard is even more demanding: the prospect of irreparable harm must be likely, not merely possible. *Swisher Int'l, Inc. v. U.S. Food & Drug Admin.*, No. 21-13088, 2022 WL 320889, at \*4 (11th Cir. Feb. 3, 2022) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21–22 (2008)). If the movant cannot clearly establish its injury is more than a simple hypothetical, then its request for injunctive relief must be denied. *Id.* Here, Plaintiff cannot satisfy the irreparable harm standard because there is no "ongoing" or "continuing" conduct, nor would any alleged conduct recur, since all of the entities have closed their operations and deactivated their respective licenses. *See* Exs. A–C; Mazei Decl. ¶ 4; *see also* ECF No. 1 ¶¶ 17, 21, 23, 25 (acknowledging entities closed and

deactivated or allowed lapse of licenses). Additionally, even assuming harm will occur in the future, monetary damages are capable of compensating any injury.

### i.        Plaintiff seeks relief based on mere conjecture.

The Eleventh Circuit, and district courts across this Circuit, have repeatedly rejected arguments like Plaintiff's because a mere possibility of harm cannot justify a temporary restraining order or preliminary injunction. *See, e.g.*, *Swisher Int'l*, 2022 WL 320889, at *5 (acknowledging possibility of harm but nevertheless denying relief); *Siegel*, 234 F.3d at 1176–77 (rejecting request for preliminary injunction where harm was speculative); *Bellin v. La Pensee Condo. Assoc., Inc.*, No. 05-80071-CIV, 2005 WL 8156021, at *9 (S.D. Fla. Oct. 13, 2005) (same), *report and recommendation adopted*, No. 05-80071-CIV, 2006 WL 8433644 (S.D. Fla. Jan. 6, 2006). Because Plaintiff's allegations amount to nothing more than a hypothetical, this Court should deny its request for relief.

In *Swisher International*, the Eleventh Circuit affirmed the denial of a preliminary injunction on a similar basis. *See* 2022 WL 320889, at *4. In that case, a cigar company sought a preliminary injunction to prevent the U.S. Food and Drug Administration ("FDA") from taking enforcement actions against the company based upon a regulatory decision mandating FDA approval before the products are marketed. *Id.* at *1. The cigar company claimed injunctive relief was necessary to prevent enforcement against its pre-existing products while awaiting the FDA's premarket approval. *Id.* The company argued it presently suffered irreparable injury to its goodwill due to the "black cloud" that a potential enforcement action cast over its products and that it would undoubtedly suffer future harm when forced to "shutter its business" without the protection of an injunction. *Id.* at *3.

Rejecting the company's arguments, the Eleventh Circuit acknowledged that FDA enforcement was and would remain a possibility, but nothing suggested such enforcement was likely or imminent. *Id.* at *4–5. The FDA had taken no steps toward enforcing its regulatory decision against the company's pre-existing products, and the company had not removed any of its products from stores or pursued other mitigation efforts in anticipation of enforcement. *Id.* at *5. The company's contended loss of goodwill was similarly rejected because no evidence suggested any actual loss of customers or goodwill. *Id.* Although a major customer expressed hesitancy due to the legal uncertainty, the company offered no proof that the loss was likely to, or

---

in fact *did*, materialize. *Id.* Thus, the Eleventh Circuit affirmed the denial of a preliminary injunction on the sole reason that the risk of harm was speculative. *Id.* at *5–6.

That same reasoning applies here. Plaintiff insists that a temporary restraining order and preliminary injunction are necessary to protect it from an "ongoing" rebate scheme and damage to its reputation and goodwill. ECF No. 31 at 21. But Plaintiff offers zero evidence to show any alleged fraudulent scheme is presently occurring. Indeed, its declarations do not identify any purported rebate claims after 2025.[3] *See* Wagner Decl., ECF No. 34 ¶ 15; Wadsworth Decl., ECF No. 35 ¶¶ 40, 51. The lack of evidence is likely due to the fact that the entities are no longer operating and, thus, can no longer submit rebate claims. *See* Exs. A–C; Mazei Decl. ¶ 4; *see also* ECF No. 1 ¶¶ 17, 21, 23, 25.

Notably, Plaintiff acknowledges that DrugPlace Inc. (FL), DrugPlace Inc. (TN), Nakorn, Galaxy, and Brightline are no longer operating. ECF No. 31 at 15. In fact, each entity has deactivated its pharmacy licenses and thus *cannot* operate. *See* Exs. A–C; Mazei Decl. ¶ 4. Even so, Plaintiff insists—based on no evidence at all—that DrugPlace's "history of pivots" and "suspiciously timed closures" create a "likelihood" that DrugPlace will continue its alleged rebate activities. *See* ECF No. 31 at 8, 14–15. That allegation, however, is riddled with flaws and demonstrates precisely why injunctive relief must be denied.

As *Swisher International* explicitly explains, the mere fact that future actions are *possible* does not satisfy the irreparable harm standard. 2022 WL 320889, at *5. Plaintiff relies upon simple conjecture to contend DrugPlace will "continue to cause Lilly irreparable financial harm." ECF No. 31 at 15. The Motion identifies no evidence indicating DrugPlace intends to operate a pharmacy in the imminent future, let alone submit any rebates to Plaintiff. Moreover, Plaintiff has not identified any allegedly fraudulent rebates since 2025. *See Swisher Int'l*, 2022 WL 320889, at *5 (explaining that lack of irreparable harm "is further supported by the lack of enforcement to date"). Even if this Court agrees that DrugPlace's conduct is "suspicious," suspicion is not grounds

---

[3] Notably, Plaintiff claims in its Complaint that it discovered DrugPlace's allegedly fraudulent rebate scheme in 2025. *See* ECF No. 1 ¶¶ 105–110. Yet, Plaintiff waited until May 2026 to seek relief from this Court and still insists that urgent judicial intervention is necessary to prevent imminent harm. *See generally id.*; ECF No. 31 at 14–15. This fact also demonstrates that neither a temporary restraining order nor preliminary injunction are warranted. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm.").

for a temporary restraining order or preliminary injunction. *See id.*; *Siegel*, 234 F.3d at 1176–77 (rejecting argument of irreparable harm because, even if harm was possible, it was still speculative at that time); *Bellin*, 2005 WL 8156021, at *9 (denying relief because "it is unclear whether La Pensee would take such action" even though "its conduct to date suggests that it might"). Like the FDA in *Swisher International*, neither Singer nor Mazei have created any other entity for the purpose of operating a pharmacy or pharmaceutical wholesaler, and there is no evidence showing otherwise. *See* Singer Decl. ¶ 6; Mazei Decl. ¶ 5.

Hypotheticals do not clear the irreparable harm hurdle. *Swisher Int'l*, 2022 WL 320889, at *5. Because Plaintiff offers nothing more, its request for a temporary restraining order and preliminary injunction should be denied.

### ii. Plaintiff has not demonstrated that monetary remedies are inadequate.

An injury is not "irreparable" for purposes of injunctive relief if it may be adequately compensated by monetary damages. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). Plaintiff argues that monetary damages are inadequate because (1) "it is highly unlikely that Lilly with be able to obtain and execute a damages judgment that provides full compensation for its financial losses," and (2) it "also faces irreparable harm to its reputation and goodwill" with the PBMs and other entities involved in processing the rebates. ECF No. 31 at 14. These allegations do not justify injunctive relief, however, because Plaintiff offers no proof substantiating them.

Relying upon *BellSouth Telecommunications, Inc. v. Mintz*, Plaintiff contends it lacks an adequate legal remedy because it may need to file "lawsuit after lawsuit" to stop an "ongoing fraudulent scheme." ECF No. 31 at 14. But Plaintiff offers no evidence demonstrating that such a scheme is "ongoing." As previously stated, Plaintiff admits that each entity sued deactivated its pharmacy licenses, and it does not identify any proof that DrugPlace intends to operate under another entity. *See* ECF No. 1 ¶¶ 17, 21, 23, 25; ECF No. 31 at 15. Additionally, as to its reputation and goodwill, Plaintiff similarly offers no proof that its reputation and goodwill with the PBMs or any other entity will be damaged. Plaintiff merely refers to the Declaration of Angela C. Wadsworth, speculating that refusing to honor DrugPlace's rebate claims "create[s] friction with the PBMs that submit rebate claims to Lilly," and that "[t]his has and will continue to disrupt Lilly's relationships with important business counterparties and distract from its business operations." ECF No. 31 at 14. Unlike cases where the movant identifies actual damage to its

goodwill or loss of customers, Plaintiff fails to offer a single detail about its apparent "friction" with PBMs. *Cf. BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964 (11th Cir. 2005) ("BellSouth was losing about 3200 customers per week"). Vague allegations of harm are not enough to show Plaintiff lacks an adequate legal remedy, even if presented in the form of a declaration.

Moreover, Plaintiff repeatedly contradicts itself and seems to admit that monetary damages would be appropriate in this case. Despite insisting that its financial damages are "impossible" to quantify, Plaintiff did in fact quantify and emphasize them as "over $200 million" in wrongful rebates. ECF No. 1 ¶ 191; ECF No. 31 at 2, 5, 12, 13. Further, in its Complaint, Plaintiff claims it is "entitled to ***damages*** and/or restitution." ECF No. 1 ¶ 194 (emphasis added). Even if there is a "lag time" in the rebate process and identifying rebates is "time-consuming," Plaintiff offers—let alone proves—no logical reason why those circumstances prevent adequate compensation at the conclusion of this action. *See id.* ¶ 201. Because Plaintiff's claimed loss of goodwill is entirely unsupported by evidence, all that remains is alleged economic damages. Because monetary damages would be adequate to remedy any harm, the Court should deny Plaintiff's request for relief.

### 3. The balance of equities and public interest weigh against an injunction.

Courts are required to consider how granting or withholding relief would affect each party in order to determine the balance of equities. *Winter*, 555 U.S. at 24 (2008). Similarly, courts must also determine whether an injunction serves the public interest. *Smith v. Comm'r, Ala. Dep't of Corr.*, 844 F. App'x 286, 294 (11th Cir. 2021). Here, neither the balance of equities nor the public interest supports granting a temporary restraining order or preliminary injunction.

Because DrugPlace is not currently operating or submitting rebates, Plaintiff faces no risk of prejudice should its request be denied. If DrugPlace is enjoined, on the other hand, it will experience significant disruption to its wind-up and dissolution process. Additionally, Plaintiff's public interest arguments are intertwined with the first two injunction factors and, because it has not offered any proof of those factors, the public interest does not weigh in favor of injunctive relief. Thus, the Court should deny Plaintiff's Motion.

### B. Plaintiff is not entitled to expedited discovery because it is not designed to prepare for a preliminary injunction hearing.

Despite Plaintiff's contention, it is not automatically entitled to expedited discovery simply because it seeks a preliminary injunction. *TracFone Wireless*, 330 F.R.D. at 615 (requiring

plaintiffs to show good cause). Such discovery is intended to allow a party to obtain "specific, limited, and identifiable pieces of information" where there is a risk of spoliation or the action cannot reasonably proceed without it. *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021). Thus, expedited discovery is only granted in exceptional circumstances. *Id.* In other words, Plaintiff must show that its need for expedited discovery outweighs the prejudice to DrugPlace. *TracFone Wireless*, 330 F.R.D. at 615. Plaintiff cannot do so because it seeks overly broad discovery from all fifteen Defendants on an unreasonably constricted response timeline—despite openly admitting that it has conducted a year-long investigation into its allegations.

As an initial note, DrugPlace is already on notice of its duty to preserve potentially relevant information. Allegations of prior "suspicious" conduct, as Plaintiff alleges, are insufficient to demonstrate a risk of spoliation when that conduct took place long before any preservation duty existed. Further, there is no need for any discovery to prepare for a preliminary injunction hearing. According to its Complaint, Plaintiff details its efforts to compile information well over the past year, including *multiple audits, surveillance, tax filings, DrugPlace's program administration documents, licensing information, formularies, formation documents, financing statements, and records from distributors*. *See* ECF No. 1 ¶¶ 105–09, 114–15, 120–24, 129, 131–33, 135, 144, 150–52, 155–66, 185. In support of its Motion, Plaintiff submitted *eight declarations, collectively totaling 381 pages*. *See* ECF Nos. 32–39. Plaintiff cannot reasonably insist that it possesses mounds of evidence while simultaneously lamenting its inability to create a factual record without expedited discovery.[4]

Further, Plaintiff's proposed discovery is far from reasonable. First, there is no need for discovery identifying alleged "conspirators" when Plaintiff admits to surveilling DrugPlace since approximately May 2025, among other investigatory efforts. *See* ECF No. 1 ¶¶ 155–59. Second, expedited discovery to "ensure the full scope of Defendants' fraudulent and unlawful activities is identified and contained" serves no purpose related to a preliminary injunction hearing— particularly where the proposed temporary restraining order would cover all activities relating to rebates. *See* ECF No. 31. at 18. Finally, Plaintiff has not shown any reason relating to a preliminary injunction hearing for "tracing the flow of funds" and locating "ill-gotten proceeds." *See id.* The

---

[4] To the extent Plaintiff seeks expedited discovery to "mitigate further irreparable harm," ECF No. 31 at 17, its argument fails for the same reasons that it cannot show irreparable harm justifying injunctive relief.

extensive proposed discovery relates to ultimate relief at the conclusion of this action and, thus, should be conducted during the typical discovery period. *See Mullane*, 339 F.R.D. at 664 (explaining that expedited discovery requests must be "narrowly tailored to the *purpose warranting expeditious treatment*" (emphasis added)).

The burden of responding to these proposed document orders is overwhelming. Plaintiff seeks any and all documents from 2020 to present (1) identifying all affiliated entities and every single employee of such entities; (2) containing sensitive medical information for every single rebate claim (which Plaintiff claims encompasses rebates for "hundreds of thousands of boxes" of medication); (3) showing all funds received directly or indirectly for any Lilly medicine; (4) containing detailed information regarding every single transaction involving Lilly medicine; and (5) detailing all financial information and accounts. ECF No. 31-1 at 3–4. Notably, these requests would apply to all fifteen Defendants and mandate a response within only three days. *Id.* This discovery is all-encompassing and entirely unproportional to preparation for a preliminary injunction hearing—especially considering the materials Plaintiff claims it already possesses. *See Mullane*, 339 F.R.D. at 664 (stating that overly broad requests for expedited discovery should be denied). Compliance with this proposed discovery—which could entail hundreds of thousands of documents—would be extremely expensive, burdensome, and, quite frankly, close to impossible.

Plaintiff, however, does not stop there. Its request extends far beyond these suffocating document orders and seeks an ***unlimited number of discovery requests*** with similarly constricted compliance deadlines. *See* ECF No. 31-2 at 2 (seeking permission to serve unspecified number of discovery requests with five-day response deadline). Moreover, Plaintiff seeks to depose all fifteen Defendants and an unspecified number of nonparties. *See* ECF No. 31-1 at 4; *cf. White Cap, L.P. v. Heyden Enters., LLC*, No. 23-14248-CIV, 2024 WL 4483356, at *3 (S.D. Fla. Jan. 18, 2024) (denying expedited depositions of nine affiants based on risk of substantial expense and burden in limited timeframe). The discovery Plaintiff seeks is egregiously unreasonable and unnecessary, and it is designed with the sole purpose of bombarding and harassing DrugPlace. Plaintiff already argues that it "has presented ample evidence," ECF No. 31 at 12, so nothing more should be necessary at this early stage. As such, this Court should deny Plaintiff's request for expedited discovery.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Expedited Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, and award Defendants any other relief at law or in equity to which they may be justly entitled.

Dated: June 5, 2026.                    Respectfully submitted,

**POLSINELLI PC**

By:   */s/ Henry H. Bolz, IV*
      **Henry H. Bolz, IV**
      Florida Bar No. 43350
      315 S. Biscayne Blvd., Suite 400
      Miami, Florida 33131
      Telephone: (305) 921-1811
      hbolz@polsinelli.com
      FLdocketing@polsinelli.com

      *- and -*

      **Adrienne Frazior**\*
      (\**pro hac vice pending*)
      POLSINELLI PC
      4020 Maple Ave., Suite 300
      Dallas, Texas 75219
      afrazior@polsinelli.com
      Telephone: (214) 661-5596

      *- and -*

      **Andrew Ennis**\*
      (\**pro hac vice pending*)
      POLSINELLI PC
      900 W. 48th Place, Suite 900
      Kansas City, Missouri 64112
      aennis@polsinelli.com
      Telephone: (816) 753-1000

      *Counsel for Defendants DrugPlace, Inc. (FL); DrugPlace, Inc. (TN); Community Health Initiative, Inc.; Nakorn Wholesalers, LLC; Galaxy Med, LLC d/b/a Galaxy*

---

*Pharmacy; Brightline Wholesale LLC; Paul Leight; Kevin Singer; Readus Smith; Jerry Maynard Sr.; Jerry Maynard Jr.; Edgar Enriquez; Lane Mazei; and Danielle Giscombe*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed with the clerk of court and has been served upon all counsel of record on June 5, 2026, via the Court's CM/ECF system.

*/s/ Henry H. Bolz, IV*
Henry H. Bolz, IV
Florida Bar No. 43350