UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 26-235165-CIV-MORENO

ELI LILLY AND COMPANY,

      Plaintiff,

v.

DRUGPLACE, INC.(FL); DRUGPLACE, INC.
(TN); COMMUNITY HEALTH INITIATIVE,
INC.; NAKORN WHOLESALERS LLC;
GALAXY MED, LLC d/b/a GALAXY
PHARMACY; BRIGHTLINE WHOLESALE
LLC; KEVIN SINGER; PAUL LEIGHT;
READUS SMITH; JERRY MAYNARD SR.;
JERRY MAYNARD JR.; MISHA MAYNARD;
EDGAR ENRIQUEZ; LANE MAZEI;
DANIELLE GISCOMBE,

      Defendants.

_____/

## ORDER GRANTING STIPULATION AND JOINT MOTION FOR PRELIMINARY INJUNCTION AS TO MISHA MAYNARD

This cause comes before the Court upon the Stipulation and Joint Motion for Preliminary Injunction ("Motion"), filed by Plaintiff Eli Lilly and Company ("Lilly"). The Court, having reviewed the Stipulation and Joint Motion for Preliminary Injunction, which have been executed by Lilly and Defendant Misha Maynard, finds that the Motion should be **GRANTED**. Accordingly, it is hereby **ORDERED**:

1.     Lilly's Motion for Preliminary Injunction is **GRANTED**.

2.     Misha Maynard acknowledges having been served with the following documents and waives any defenses as to personal or subject matter jurisdiction with respect to these documents: (a) the Complaint (ECF No. 1); and (b) Lily's Expedited Motions for a Temporary Restraining Order and Preliminary Injunction, Expedited Discovery Order, and a HIPAA

Protective and Confidentiality Order and supporting Memorandum of Law ("Motions") Proposed Orders, Declarations and related exhibits submitted in support of Lily's Motions (ECF Nos. 31-39).

3.      Misha Maynard, pending the final hearing and determination of this action, is preliminarily enjoined from:

a.      Submitting any rebate claims for any Lilly medicines, including but not limited to TRULICITY®, without providing the following information and materials to Lilly at rebatefraud@pbwt.com prior to or simultaneous with submitting any such rebate claim: (a) the name, National Provider Identifier ("NPI"), and contact information for the prescribing physician for the dispensed medicine for which a rebate is sought; (b) copies of the underlying prescription corresponding to each such medicine; (c) the pharmacy's unique patient identification number for the patient to whom each such prescription was issued and to whom the medication was dispensed; and (d) information sufficient to identify the specific rebate claim(s) to which such information and materials correspond.  Nothing in this Order shall be construed to limit or otherwise impair Lilly's right to review and to either accept or reject any rebate claim according to its ordinary processes;

b.      Removing from their premises, or discarding, destroying, transferring or disposing in any manner, any information, computer files, electronic files, text messages or messages sent through messaging applications (including but not limited to WhatsApp), business records (including but not limited to e-mail communications), or other documents relating to (a) Defendants' operations,

2

assets, sources of financing, revenue, transfer or payment of funds, or relating in any way to Defendants' purchase, sale, transfer, dispense, insurance coverage, or other disposition of any Lilly medicine, including but not limited to TRULICITY®; (b) rebate claims and payments relating to such medicine; or (c) the sale or transfer of such medicine to distributors, hospitals, healthcare providers, or pharmacies;

     c.     Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (2) above;

4.     Misha Maynard agrees that all discovery shall proceed on an expedited basis without need to comply with the time limits of the Federal Rules of Civil Procedure, the notice requirement of Rule 45(a)(b), or with Local Rule 26.1(h);

5.     Misha Maynard shall produce to Lilly, within fourteen (14) business days of executing this Stipulation, a document or documents sufficient to show:

     a.     The names, addresses, and contact information of all pharmacies, pharmaceutical wholesalers, and any other businesses, proprietorships, corporate entities or partnerships that since January 1, 2020, any Defendant has, or had, a direct or indirect ownership interest in, or has directly or indirectly directed or controlled, or which is a direct or indirect predecessor or successor in interest, parent, subsidiary, or affiliate of any Defendant, as well as the names, addresses, and contact information for all individuals (a) employed by, (b) serving as an officer or director of, or (c) holding a direct or indirect ownership interest in those entities during the same period ("Document Order 1");

b.      For each rebate claim submitted since January 1, 2020 for any Lilly medicine by, on behalf of, at the direction of, or in connection with medicine dispensed by, any Defendant, (a) the name, NPI, and contact information for the prescribing physician corresponding to the dispensed medicine for which a rebate was sought; (b) copies of the underlying prescription corresponding to each such medicine; (c) the pharmacy's unique patient identification number for the patient to whom each such prescription was issued and to whom the medication was dispensed; and (d) information sufficient to identify the specific rebate claim(s) to which such information and materials correspond ("Document Order 2");

c.      All reimbursements or other remuneration received, either directly or indirectly, since January 1, 2020 by any Defendant, on an entity-by-entity basis, for any Lilly medicine for which a rebate claim was submitted ("Document Order 3");

d.      For each purchase, sale, transfer, or other exchange of any Lilly medicine since January 1, 2020 involving any Defendant , including but not limited to any sale or transfer of such medicine to distributors, hospitals, healthcare providers, or pharmacies, (a) the date of such transaction; (b) the seller or transferor in such transaction; (c) the purchaser or transferee in such transaction; (d) the quantity of units purchased or transferred; and (e) the amounts paid ("Document Order 4");

e.      Since January 1, 2020, all bank, investment, brokerage, cryptocurrency, and other financial accounts that any Defendant has held, has controlled, is or was a beneficiary of, or has had signatory authority for, as well as the current balances thereof ("Document Order 5");

6. Misha Maynard agrees that Lilly may serve non-party subpoenas immediately and that such subpoenas may be made returnable within five (5) days.

7. Depositions of Misha Maynard and nonparties shall be conducted remotely by Zoom or similar remote platform, shall begin immediately, and may be taken on five (5) days' notice.

8. Lilly may immediately serve document requests upon Misha Maynard, and such requests may be made returnable within fourteen (14) days.

9. Misha Maynard waives any and all rights she might have to a further hearing to challenge the Preliminary Injunction and any extension thereof.

10. Misha Maynard shall answer the Complaint within sixty (60) days of executing this Stipulation.

11. The Court will enter the Proposed HIPAA Protective and Confidentiality Order (D.E. No. 31-3).

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of June, 2026.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record