UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 26-235165-CIV-MORENO

ELI LILLY AND COMPANY,

       Plaintiff,

v.

DRUGPLACE, INC.(FL); DRUGPLACE, INC.
(TN); COMMUNITY HEALTH INITIATIVE,
INC.; NAKORN WHOLESALERS LLC;
GALAXY MED, LLC d/b/a GALAXY
PHARMACY; BRIGHTLINE WHOLESALE
LLC; KEVIN SINGER; PAUL LEIGHT;
READUS SMITH; JERRY MAYNARD SR.;
JERRY MAYNARD JR.; MISHA MAYNARD;
EDGAR ENRIQUEZ; LANE MAZEI;
DANIELLE GISCOMBE,

       Defendants.

_____/

## ORDER GRANTING STIPULATION AND JOINT MOTION FOR PRELIMINARY INJUNCTION AS TO DRUGPLACE DEFENDANTS

This cause comes before the Court upon the Stipulation and Joint Motion for Preliminary Injunction ("Motion"), filed by Plaintiff Eli Lilly and Company ("Lilly"). The Court, having reviewed the Stipulation and Joint Motion for Preliminary Injunction, which have been executed by Lilly and Defendants DrugPlace, Inc. (FL); DrugPlace, Inc. (TN); Community Health Initiative, Inc.; Nakorn Wholesalers, LLC; Galaxy Med, LLC d/b/a Galaxy Pharmacy; Brightline Wholesale LLC; Kevin Singer; Paul Leight; Readus Smith; Jerry Maynard, Sr.; Jerry Maynard, Jr.; Edgar Enriquez; Lane Mazei; and Danielle Giscombe (collectively, the "DrugPlace Defendants"), finds that the Motion should be **GRANTED**. Accordingly, it is hereby

**ORDERED**:

      1.     The Stipulation and Joint Motion for Preliminary Injunction is **GRANTED**.

2.      The DrugPlace Defendants acknowledge having been served with the following documents: (a) the Complaint (ECF No. 1); and (b) Lilly's Expedited Motions for a Temporary Restraining Order and Preliminary Injunction, Expedited Discovery Order, and a HIPAA Protective and Confidentiality Order and supporting Memorandum of Law ("Motions"), Proposed Orders, Declarations and related exhibits submitted in support of Lilly's Motions (ECF Nos. 31-39).

3.      The Parties acknowledge that certain defendants may assert defenses regarding this Court's jurisdiction and further stipulate and agree that neither the DrugPlace Defendants' opposition to Lilly's Motion for a Temporary Restraining Order nor this Stipulation and Joint Motion constitutes a waiver as to any existing jurisdictional defenses.  The Parties also acknowledge that Lilly expressly reserves and does not waive any of its jurisdictional arguments.

4.      The DrugPlace Defendants agree that the conditions of this Preliminary Injunction shall be in place until the conclusion of this matter in this Court, or until otherwise modified or terminated by Order of this Court.

5.      The DrugPlace Defendants, and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them, are preliminarily enjoined from:

a. Submitting any rebate claims for any Lilly medicines, including but not limited to TRULICITY®, without providing the following information and materials to Lilly at rebatefraud@pbwt.com prior to or simultaneous with submitting any such rebate claim: (i) the name, National Provider Identifier ("NPI"), and contact information for the prescribing physician for the dispensed medicine for which a rebate is sought; (ii) copies of the underlying

prescription corresponding to each such medicine; (iii) the pharmacy's unique patient identification number for the patient to whom each such prescription was issued and to whom the medication was dispensed; and (iv) information sufficient to identify the specific rebate claim(s) to which such information and materials correspond. Nothing in this Order shall be construed to limit or otherwise impair Lilly's right to review and to either accept or reject any rebate claim according to its ordinary processes;

b. Removing from their premises, or discarding, destroying, transferring or disposing in any manner, any information, computer files, electronic files, text messages or messages sent through messaging applications (including but not limited to WhatsApp), business records (including but not limited to e-mail communications), or other documents relating to (i) Defendants' operations, assets, sources of financing, revenue, transfer or payment of funds, or relating in any way to Defendants' purchase, sale, transfer, dispense, insurance coverage, or other disposition of any Lilly medicine, including but not limited to TRULICITY®; (ii) rebate claims and payments relating to such medicine; or (iii) the sale or transfer of such medicine to distributors, hospitals, healthcare providers, or pharmacies; and/or

c. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (b) above.

6. The Parties agree that discovery may commence immediately, and without first conducting a conference pursuant to Rule 26(d).

7.    The Parties agree that any party may serve non-party subpoenas immediately, without need to comply with Rule 45(a)(4) or Local Rule 26.1(h), and that such subpoenas may be made returnable within five (5) days.

8.    The DrugPlace Defendants shall answer or otherwise respond to the Complaint within sixty (60) days of executing this Stipulation.

9.    The Parties jointly ask the Court to enter the Proposed HIPAA Protective and Confidentiality Order (ECF No. 31-3).

10.    Nothing in this Order shall be construed to prevent Lilly or the DrugPlace Defendants to petition the Court to modify this Order, to the extent permitted by and consistent with the Federal Rules of Civil Procedure and applicable law.

11.    Nothing in this order shall constitute an admission or judgment determining liability for the conduct alleged against the DrugPlace Defendants in Lilly's complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of June, 2026.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4