**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ELI LILLY AND COMPANY,                    **CASE NO.: 1:26-CV-23516-FAM (EFD)**

       Plaintiff,

v.

DRUGPLACE, INC.(FL); DRUGPLACE, INC.
(TN); COMMUNITY HEALTH INITIATIVE,
INC.; NAKORN WHOLESALERS LLC;
GALAXY MED, LLC d/b/a GALAXY
PHARMACY; BRIGHTLINE WHOLESALE
LLC; KEVIN SINGER; PAUL LEIGHT;
READUS SMITH; JERRY MAYNARD SR.;
JERRY MAYNARD JR.; MISHA MAYNARD;
EDGAR ENRIQUEZ; LANE MAZEI;
DANIELLE GISCOMBE,

       Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CLARIFY

Pursuant to Local Rule 7.1(c)(1), Plaintiff Eli Lilly and Company ("Lilly") respectfully

submits this response to Defendants' July 3,2026 Motion for Clarification ("Motion") [ECF 81]

of the parties' June 9, 2026, Stipulated Preliminary Injunction Order ("Stipulated Order")

[ECF 72].  Although the relief requested by the Motion has already been granted by Order of

July 7, 2026, and Lilly is not in this response seeking reconsideration, Lilly submits this filing to

correct the record and to explain its position to the Court, as Defendants' Motion was inaccurate.

Lilly's actions have at all times been consistent with the Stipulated Order and the Federal Rules of

Civil Procedure, and Lilly has never excluded Defendants from participation in discovery.

**I.**      **Lilly Complied With the Stipulated Order**

In their motion, Defendants paraphrased rather than quoted the relevant language of the

Stipulated Order.  Defendants wrote that they were moving "to clarify Paragraph 7, which permits

non-party subpoenas to be served immediately, ***without advance notice under Rule 45(a)(4)*** or

Local Rule 26.1(h)." Motion at 1 (emphasis added). But Paragraph 7 does not contain the words "advance notice." Rather, it provides that "any party may serve non-party subpoenas immediately, *without need to comply with Rule 45(a)(4)* or Local Rule 26.1(h)." Stipulated Order ¶ 7.

This difference is significant, because Rule 45(a)(4) is the only provision of the Federal Rules that requires notice to parties of non-party document subpoenas *at any time*. *See* Advisory Committee Notes – 2013 Amendment (discussing "notice requirement" of Rule 45(a)(4)). Thus, when the parties agreed there was no "need to comply with Rule 45(a)(4)," they did not merely agree to waive "*advance* notice" of document subpoenas. They expressly agreed to waive compliance with the *entirety* of Rule 45(a)(4). As there is no other notice requirement in the Federal Rules, this meant that notice was not required.

Paragraph 7 represented a negotiated compromise under which Lilly agreed to withdraw its request for expedited discovery from Defendants in exchange for the opportunity to seek evidence from non-parties without potential interference from Defendants. Lilly agreed to provide Defendants with any documents produced in response to a subpoena, and Defendants, of course, have always retained the ability to object to the *admissibility* of any evidence obtained via subpoena. Furthermore, non-party subpoena recipients have always had the right to notify Defendants of the subpoenas (as many did) and to object to them on their own behalf. But just as the purpose of Rule 45(a)(4) is to "enable[e] the other parties to object" to a subpoena, Advisory Committee Notes – 2013 Amendment, the purpose of *waiving* that Rule was to *avoid* party objections. Indeed, the waiver served no other purpose.[1]

---

[1] As courts have recognized, there is little practical difference between serving a subpoena on a party immediately before serving it on a non-party, and serving it soon thereafter. *See, e.g., Ocasio v. Nationstar Mortg., LLC,* No. 2:17-CV-40-FTM-38MRM, 2017 WL 4958578, at *3 (M.D. Fla. Nov. 1, 2017) (excusing late notice when it "did not preclude Plaintiff from filing the

Lilly acknowledges that the Court has now ordered Lilly to provide Defendants notice of document subpoenas within one business day of service.  Lilly has fully complied with this requirement since the Court's July 7 Order.  But Lilly takes exception to Defendants' contention that Lilly's position prior to July 7 was "baseless."  Motion at 3.  To the contrary, Lilly's position that it was not required to "comply with Rule 45(a)(4)" was entirely consistent with the language of the Stipulated Order.  Stipulated Order ¶ 7.

## II.      Defendants Were Never Excluded or Frozen Out of Third-Party Discovery

Contrary to Defendants' contention, Lilly never "intentionally exclud[ed] Defendants from third-party discovery. " Motion at 2.  Other than not "comply[ing] with Rule 45(a)(4) and Local Rule 26.1(h)"—because the parties expressly waived compliance with those rules in the Stipulated Order—Lilly has included Defendants in third party discovery at all times.

In their Motion, Defendants fail to mention that Lilly had repeatedly agreed in writing to "promptly provide [Defendants] with all documents responsive to the subpoenas," as noted above. *See* Ex. A hereto (July 3, 2026 correspondence that was not included in Defendants' Motion); *accord* Ex. A to Defendants' Motion (June 17 correspondence). Notwithstanding Defendants' premature complaints about deposition scheduling (Motion at 5), Lilly had also notified Defendants of non-party depositions and was actively coordinating with them to schedule depositions at mutually agreeable times.  Lilly has never conducted a non-party deposition without Defendants' participation and has never had any intention of proceeding without giving them reasonable opportunity to attend.  In short, Lilly fully complied with all requirements other than

---

instant Motion in a timely manner"); *Steel Works Rebar Fabricators, LLC v. Alterra Am. Ins. Co.*, No. 11-24032-CIV, 2012 WL 1918704, at *2 (S.D. Fla. May 25, 2012) (same).

those that Defendants expressly waived in the Stipulated Order. Any contrary suggestion by Defendants is and was inaccurate.

## III. Conclusion

Lilly has fully complied with the Court's July 7 Order and does not seek reconsideration of that Order at this time. Lilly submits this response pursuant to Local Rule 7.1(c)(1) to explain its reasoning to the Court and to correct the record as discussed above.

DATED: July 17, 2026

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

*/s/ Jay B. Shapiro*
Jay B. Shapiro, Esq. (FBN 776361)
Email: jshapiro@stearnsweaver.com
Veronica L. de Zayas, Esq. (FBN 91284)
Email: vdezayas@stearnsweaver.com
Ryan M. Wolis, Esq. (FBN 1019034)
Email: rwolis@stearnsweaver.com
150 W. Flagler St., Suite 2200, Miami, FL 33130
Telephone: 305-789-3200

and

**PATTERSON BELKNAP WEBB & TYLER LLP**

*/s/ Geoffrey Potter*
Geoffrey Potter, Esq. (Admitted *PHV*)
Email: gpotter@pbwt.com
Aron Fischer, Esq. (Admitted *PHV*)
Email: afischer@pbwt.com
Joshua Kipnees, Esq. (Admitted *PHV*)
Email: jkipnees@pbwt.com
1133 Avenue of the Americas, New York, NY 10036
Telephone: 212-336-2000

*Attorneys for Plaintiff Eli Lilly and Company*

4

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was filed electronically via CM/ECF on July 17, 2026 and that the document is being served via transmission of Notice of Electronic Filing generated by the CM/ECF system on all counsel and parties registered to receive notices via CM/ECF.  I further certify Defendant Misha Maynard is being served via email through her counsel Jason Holleman Esq. at Jason@hollemangroup.com.


*/s/ Jay B. Shapiro*
Jay B. Shapiro, Esq.