# EXHIBIT A

**From:** "Meyers, Hilarie (x2324)" <hmeyers@pbwt.com>
**Date:** July 3, 2026 at 11:27:05 AM EDT
**To:** Andrew Ennis <AEnnis@polsinelli.com>, "Hoon, Megha (x2342)" <mhoon@pbwt.com>, "Potter, Geoffrey (x2050)" <gpotter@pbwt.com>, "Kipnees, Joshua (x2838)" <jkipnees@pbwt.com>, "Fischer, Aron (x2363)" <afischer@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>, Henry Bolz <hbolz@polsinelli.com>
**Subject: RE: Lilly v. DrugPlace, et al; Third Party Subpoenas**

Andrew,

We are writing in response to your 6/30 email regarding third-party subpoenas and your 7/2 email regarding the deposition of Allison Supko. Contrary to your assertions, we are fully complying with the discovery provisions of the stipulated preliminary injunction order, in which your clients expressly waived each of the rights that you now claim we have impinged.

In the stipulated preliminary injunction order, Defendants specifically agreed to (1) waive their rights under FRCP 45(a)(4), including the right to "notice and a copy of the subpoena" that FRCP 45(a)(4) normally affords; and (2) waive their rights under Local Rule 26.1(h), which requires a minimum advance notice period for a depositions.  We remain perplexed by Defendants' insistence that they retained an unstated right to receive copies of subpoenas we issue.  You have not cited authority supporting that position, and we are not aware of any.  Likewise, your objection to a week's notice for Ms. Supko's deposition rings hollow given your clients' express waiver of rights under Local Rule 26.1(h).

Your email claims that Defendants' fraud does not entitle Lilly to "an exception to the Federal Rules of Civil Procedure."  You misunderstand our position.  It is your clients' express waiver of rights in the stipulation (including under FRCP 45(a)(4) and Local Rule 26.1(h)) that altered the default rules set forth in the FRCP.  And having made the strategic decision to waive those rights to avoid a hearing on our motions for a preliminary injunction and expedited discovery order, Defendants cannot now complain about the consequences.  Should Defendants seek Court intervention to unwind the terms they voluntarily stipulated to—thereby depriving Lilly of the benefit of its bargain—we expressly reserve the right to move to dissolve the stipulation in its entirety and proceed to a full evidentiary hearing on our motion for expedited discovery, in which we would expect to call Mr. Leight, Mr. Singer, and other Defendants as witnesses.

Your other allegations are spurious.  It is simply false to suggest that we are "freezing out" the defendants from "any participation in the third-party discovery process."  We agreed to promptly provide you with all documents responsive to the subpoenas we've served, and notified you well in

advance of Ms. Supko's deposition.  And, of course, Defendants are welcome to seek whatever third-party discovery they wish to pursue. Similarly, we reject your accusation that we have made any inaccurate or misleading statements to any third party regarding their responses to the subpoenas.

Finally, regarding Ms. Supko's deposition, we will coordinate with Mr. Horgan separately and will keep you apprised of any updates.  If you have a specific conflict on July 7, 8, or 9, please let us know and we will account for that in scheduling.

If you would like to discuss further, we are able to do so after the holiday weekend.

Regards,
Hilarie

**Hilarie M. Meyers**
She | Her | Hers
Associate

**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas
New York, NY 10036
T: 212.336.2324
hmeyers@pbwt.com

---

**From:** Andrew Ennis <AEnnis@Polsinelli.com>
**Sent:** Tuesday, June 30, 2026 5:17 PM
**To:** Hoon, Megha (x2342) <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>; Fischer, Aron (x2363) <afischer@pbwt.com>; Meyers, Hilarie (x2324) <hmeyers@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>; Henry Bolz <hbolz@polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace, et al; Third Party Subpoenas

**External: Think before you click.**

Megha,

Your approach to third party discovery is not consistent with our stipulation and is inconsistent with general notions of fairness.  The entire framework for the request to relax the prospective notice requirements under the federal and local rules was in the context of expediting discovery.  The point was so that you did not have to wait, particularly as required under the local rules, on notifying us before serving third party subpoenas.  That is quite different from freezing out all of the defendants from any participation in the third-party discovery process.  We certainly never agreed to that, and I can't imagine Judge Moreno understood that we would have no role in any third party discovery.

You are obviously attempting to gain a strategic advantage by excluding us from third-party discovery.  And your constant refrain that because the underlying claims involve fraud allegations you somehow occupy a position different than every other litigant is baseless.  You have alleged fraud and other claims.  That's it.  There has been no finding on a single merits issue to date.  Just

because you allege fraud does not give you an exception to the Federal Rules of Civil Procedure or the fundamental notions of fairness that govern every civil suit.

To be clear, we are absolutely not reneging on our position in the stipulation. We stand by our agreements in the stipulation. Any attempt to argue to the contrary in the face of our repeated explanations would be in bad faith. And on that note, we are also aware of inaccurate or misleading statements your team has made to at least one third party to cajole it into quicker response time. Please immediately stop advising third parties that Judge Moreno has indicated he is unlikely to grant any extensions of time on third party subpoenas. A simple reading of the transcript confirms that is patently false.

Absent a change in your position, we absolutely intend to raise this issue with the Court. That seems particularly wasteful when all we are asking is to receive copies of third party subpoenas within 2 days _after_ you serve them.

I am happy to discuss these matters directly if that would help right size things here at the outset of the case.

Thanks.

Andrew

Andrew J. Ennis
Polsinelli PC
816-374-0567 (direct)
913-486-9474 (mobile)
aennis@polsinelli.com

---

**From:** Hoon, Megha (x2342) <mhoon@pbwt.com>
**Sent:** Wednesday, June 24, 2026 8:00 AM
**To:** Andrew Ennis <AEnnis@Polsinelli.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>; Fischer, Aron (x2363) <afischer@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace, et al; Third Party Subpoenas

**EXTERNAL EMAIL**   mhoon@pbwt.com

Andrew,

As you know, the stipulated preliminary injunction and order signed by Judge Moreno expressly states that Lilly does not need to comply with FRCP 45(a)(4). FRCP 45(a)(4) is the only provision in the Federal Rules concerning the service of third-party subpoenas on parties. The plain meaning and purpose of waiving compliance with FRCP 45(a)(4) is that subpoenas will not be served on defendants.

To be clear, Lilly sought waiver of FRCP 45(a)(4) as part of its motion for a preliminary injunction and expedited discovery. The reason Lilly did so is that your clients engaged in an intentional fraudulent scheme and are likely to attempt to obstruct Lilly's efforts to obtain truthful information about that scheme if they are given notice of subpoenas before the subpoenas are complied with. It would

defeat the purpose of this waiver to serve the subpoenas to defendants shortly after they are served on third parties.  As we have stated, as a courtesy we will promptly provide defendants with documents produced after they are produced.  But we cannot agree to provide defendants with copies of outstanding subpoenas, thereby enabling them to interfere with Lilly's discovery efforts.

Any attempt to go to Court on this issue would constitute reneging on the parties' stipulation.  If Defendants choose to do that, Lilly reserves all rights, including seeking a hearing on its original expedited discovery motion and seeking attorney's fees.

Regards,
Megha

---

**From:** Andrew Ennis <AEnnis@Polsinelli.com>
**Sent:** Tuesday, June 23, 2026 6:02 PM
**To:** Hoon, Megha (x2342) <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace, et al; Third Party Subpoenas

**External: Think before you click.**

All,

Please advise ASAP as to your position on providing us with copies of subpoenas you have served.  If you intend to continue to force us to operate in the dark, we will have to seek relief from the Court.  If we do not receive a response and copies of all served subpoenas by 5:00 ET tomorrow (June 24, 2026), we will pursue this matter with Judge Moreno.

Thanks.

Andrew

Andrew J. Ennis
Polsinelli PC
816-374-0567 (direct)
913-486-9474 (mobile)
aennis@polsinelli.com

---

**From:** Andrew Ennis
**Sent:** Thursday, June 18, 2026 12:04 PM
**To:** 'Hoon, Megha (x2342)' <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace, et al; Third Party Subpoenas

Thanks, Megha.  Just to clarify, in addition to any records you receive in response to subpoenas you

issue, we are also requesting copies of all subpoenas you have served to date.  We waived the prospective notice and waiting periods, but we are still entitled to know what subpoenas have been served.  Please send those our way at your earliest opportunity.

Thanks.

Andrew

Andrew J. Ennis
Polsinelli PC
816-374-0567 (direct)
913-486-9474 (mobile)
aennis@polsinelli.com

---

**From:** Hoon, Megha (x2342) <mhoon@pbwt.com>
**Sent:** Wednesday, June 17, 2026 3:32 PM
**To:** Andrew Ennis <AEnnis@Polsinelli.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace, et al; Third Party Subpoenas

**EXTERNAL EMAIL**   **mhoon@pbwt.com**

Andrew,

We have not yet received any responsive documents to our subpoenas.  Once we do receive responses, we will endeavor to send them you within three days of receipt, although it may be longer for voluminous documents.  We expect that you will do the same.

Thanks,
Megha

---

**From:** Andrew Ennis <AEnnis@Polsinelli.com>
**Sent:** Wednesday, June 17, 2026 2:34 PM
**To:** Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>; Hoon, Megha (x2342) <mhoon@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>
**Subject:** Lilly v. DrugPlace, et al; Third Party Subpoenas

**External: Think before you click.**

All,

We have learned of one or more third party subpoenas that have been issued.  I wanted to follow up to clarify our position on a couple of points from our stipulation.  First, though we agreed that Lilly need not provide prospective notice of its intent to serve third party subpoenas under the federal

and local rules, the DrugPlace Defendants do still expect to be provided copies of subpoenas Lilly serves.  And to avoid any confusion down the road, the DrugPlace Defendants expect that Lilly will promptly provide copies of all records received in response to a subpoena, as required under the federal rules.

Please provide copies of all subpoenas Lilly has served to date at your earliest convenience.  Going forward, in light of the potentially short turn times for these subpoenas, the DrugPlace Defendants ask that Lilly provide copies within two days after service.

Thanks.

Andrew

**Andrew J. Ennis**
*Shareholder*

aennis@polsinelli.com
**816.374.0567 direct**
**913.486.9474 mobile**
900 W. 48th Place, Suite 900
Kansas City, MO 64112

*"Tier One: Nationally ranked for Commercial Litigation, U.S.News and World Report's 2021 'Best Law Firms'"*

Polsinelli PC, Polsinelli LLP in California

polsinelli.com

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not

the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.