Exhibit C -
June 24, 2026 Email from Lilly's Counsel

## Andrew Ennis

| | |
|---|---|
| **From:** | Hoon, Megha (x2342) <mhoon@pbwt.com> |
| **Sent:** | Wednesday, June 24, 2026 8:00 AM |
| **To:** | Andrew Ennis; Potter, Geoffrey (x2050); Kipnees, Joshua (x2838); Fischer, Aron (x2363) |
| **Cc:** | Adrienne Frazior |
| **Subject:** | RE: Lilly v. DrugPlace, et al; Third Party Subpoenas |

**EXTERNAL EMAIL**   **mhoon@pbwt.com**



Andrew,

As you know, the stipulated preliminary injunction and order signed by Judge Moreno expressly states that Lilly does not need to comply with FRCP 45(a)(4).  FRCP 45(a)(4) is the only provision in the Federal Rules concerning the service of third-party subpoenas on parties.  The plain meaning and purpose of waiving compliance with FRCP 45(a)(4) is that subpoenas will not be served on defendants.

To be clear, Lilly sought waiver of FRCP 45(a)(4) as part of its motion for a preliminary injunction and expedited discovery.  The reason Lilly did so is that your clients engaged in an intentional fraudulent scheme and are likely to attempt to obstruct Lilly's efforts to obtain truthful information about that scheme if they are given notice of subpoenas before the subpoenas are complied with.  It would defeat the purpose of this waiver to serve the subpoenas to defendants shortly after they are served on third parties.  As we have stated, as a courtesy we will promptly provide defendants with documents produced after they are produced.  But we cannot agree to provide defendants with copies of outstanding subpoenas, thereby enabling them to interfere with Lilly's discovery efforts.

Any attempt to go to Court on this issue would constitute reneging on the parties' stipulation.  If Defendants choose to do that, Lilly reserves all rights, including seeking a hearing on its original expedited discovery motion and seeking attorney's fees.

Regards,
Megha

**From:** Andrew Ennis <AEnnis@Polsinelli.com>
**Sent:** Tuesday, June 23, 2026 6:02 PM
**To:** Hoon, Megha (x2342) <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace, et al; Third Party Subpoenas

**External: Think before you click.**

All,

Please advise ASAP as to your position on providing us with copies of subpoenas you have served.  If you intend to continue to force us to operate in the dark, we will have to seek relief from the Court.  If we do not receive a response and copies of all served subpoenas by 5:00 ET tomorrow (June 24, 2026), we will pursue this matter with Judge Moreno.

Thanks.

Andrew

Andrew J. Ennis
Polsinelli PC
816-374-0567 (direct)
913-486-9474 (mobile)
aennis@polsinelli.com

---

**From:** Andrew Ennis
**Sent:** Thursday, June 18, 2026 12:04 PM
**To:** 'Hoon, Megha (x2342)' <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace, et al; Third Party Subpoenas

Thanks, Megha.  Just to clarify, in addition to any records you receive in response to subpoenas you issue, we are also requesting copies of all subpoenas you have served to date.  We waived the prospective notice and waiting periods, but we are still entitled to know what subpoenas have been served.  Please send those our way at your earliest opportunity.

Thanks.

Andrew

Andrew J. Ennis
Polsinelli PC
816-374-0567 (direct)
913-486-9474 (mobile)
aennis@polsinelli.com

---

**From:** Hoon, Megha (x2342) <mhoon@pbwt.com>
**Sent:** Wednesday, June 17, 2026 3:32 PM
**To:** Andrew Ennis <AEnnis@Polsinelli.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace, et al; Third Party Subpoenas

**EXTERNAL EMAIL**   mhoon@pbwt.com

Andrew,

We have not yet received any responsive documents to our subpoenas.  Once we do receive responses, we will endeavor to send them you within three days of receipt, although it may be longer for voluminous documents.  We expect that you will do the same.

Thanks,

Megha

---

**From:** Andrew Ennis <AEnnis@Polsinelli.com>
**Sent:** Wednesday, June 17, 2026 2:34 PM
**To:** Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>; Hoon, Megha (x2342) <mhoon@pbwt.com>
**Cc:** Adrienne Frazior <afrazior@polsinelli.com>
**Subject:** Lilly v. DrugPlace, et al; Third Party Subpoenas

**External: Think before you click.**

All,

We have learned of one or more third party subpoenas that have been issued.  I wanted to follow up to clarify our position on a couple of points from our stipulation.  First, though we agreed that Lilly need not provide prospective notice of its intent to serve third party subpoenas under the federal and local rules, the DrugPlace Defendants do still expect to be provided copies of subpoenas Lilly serves.  And to avoid any confusion down the road, the DrugPlace Defendants expect that Lilly will promptly provide copies of all records received in response to a subpoena, as required under the federal rules.

Please provide copies of all subpoenas Lilly has served to date at your earliest convenience.  Going forward, in light of the potentially short turn times for these subpoenas, the DrugPlace Defendants ask that Lilly provide copies within two days after service.

Thanks.

Andrew

**Andrew J. Ennis**
*Shareholder*

aennis@polsinelli.com
**816.374.0567 direct**
**913.486.9474 mobile**
900 W. 48th Place, Suite 900
Kansas City, MO 64112

*"Tier One: Nationally ranked for Commercial Litigation, U.S.News and World Report's 2021 'Best Law Firms'"*

Polsinelli PC, Polsinelli LLP in California

polsinelli.com

---

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the

person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.