# Exhibit D -
# Exemplar Bank Subpoenas

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the Southern District of Florida

| | |
|---|---|
| **ELI LILLY AND COMPANY,** | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. **1:26-cv-23516-FAM (EFD)** |
| | ) |
| **DRUGPLACE, INC. (FL), et al.,** | ) |
| | ) |
| *Defendants* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Apple Bank, 122 E 42nd St, New York, NY 10168

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| **Place:** RebateFraud@pbwt.com, Hilarie Meyers, Patterson Belknap Webb & Tyler, 1133 Avenue of the Americas, New York, NY 10036 | **Date and Time:**<br><br>06/23/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| Date: 06/12/2026 | | */s/ Hilarie M. Meyers* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Eli Lilly and Company, who issues or requests this subpoena, are: Hilarie Meyers, 1133 Avenue of the Americas, New York, NY, 10036; RebateFraud@pbwt.com; (212) 336-2324.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-cv-23516-FAM (EFD)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

☐ I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

   Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
   tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

   $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

   I declare under penalty of perjury that this information is true.

   Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

 Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)   expressly make the claim; and

(ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.tFor access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the Southern District of Florida

| | |
|---|---|
| **ELI LILLY AND COMPANY,** | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. **1:26-cv-23516-FAM (EFD)** |
| | ) |
| **DRUGPLACE, INC. (FL), et al.,** | ) |
| | ) |
| *Defendants* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Belmont Bank & Trust Company, 8250 W Belmont Ave, Chicago, IL 60634

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| | |
|---|---|
| **Place:** RebateFraud@pbwt.com, Hilarie Meyers, Patterson Belknap Webb & Tyler, 1133 Avenue of the Americas, New York, NY 10036 | **Date and Time:**<br><br>06/23/2026 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| **Place:** | **Date and Time:** |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| | | |
|---|---|---|
| Date: 06/12/2026 | | */s/ Hilarie M. Meyers* |
| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Eli Lilly and Company, who issues or requests this subpoena, are: Hilarie Meyers, 1133 Avenue of the Americas, New York, NY, 10036; RebateFraud@pbwt.com; (212) 336-2324.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-cv-23516-FAM (EFD)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

☐ I received this subpoena for *(name of individual and title, if any)* _____

on *(date)*_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

☐ I returned the subpoena unexecuted because: _____

_____
.

   Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
   tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

   $ _____.

My fees are $ _____ for travel and $ _____for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

 Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i)   expressly make the claim; and

    (ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.tFor access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Southern District of Florida

| | |
|---|---|
| **ELI LILLY AND COMPANY,** | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. **1:26-cv-23516-FAM (EFD)** |
| | ) |
| **DRUGPLACE, INC. (FL), et al.,** | ) |
| | ) |
| *Defendants* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Cathay Bank, 777 N Broadway, Los Angeles, CA 90012

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| **Place:** RebateFraud@pbwt.com, Hilarie Meyers, Patterson Belknap Webb & Tyler, 1133 Avenue of the Americas, New York, NY 10036 | **Date and Time:**<br><br>06/23/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| Date: 06/12/2026 | | */s/ Hilarie M. Meyers* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Eli Lilly and Company, who issues or requests this subpoena, are: Hilarie Meyers, 1133 Avenue of the Americas, New York, NY, 10036; RebateFraud@pbwt.com; (212) 336-2324.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-cv-23516-FAM (EFD)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

☐ I received this subpoena for *(name of individual and title, if any)* _____

on *(date)*_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

☐ I returned the subpoena unexecuted because: _____

_____ .

   Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
   tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

   $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

   I declare under penalty of perjury that this information is true.

   Date: _____

   _____
   *Server's signature*

   _____
   *Printed name and title*

   _____
   *Server's address*

 Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii)   ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i)    expressly make the claim; and

    (ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.tFor access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Southern District of Florida

| | |
|---|---|
| **ELI LILLY AND COMPANY,** )<br> )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>**DRUGPLACE, INC. (FL), et al.,** )<br> )<br>*Defendants* ) | Civil Action No. **1:26-cv-23516-FAM (EFD)** |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Industrial Bank, 4812 Georgia Ave Nw, Washington, DC 20011

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| **Place:** RebateFraud@pbwt.com, Hilarie Meyers, Patterson Belknap Webb & Tyler, 1133 Avenue of the Americas, New York, NY 10036 | **Date and Time:**<br><br>06/23/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/12/2026                                                      */s/ Hilarie M. Meyers*

_____                    OR                    _____
*Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Eli Lilly and Company, who issues or requests this subpoena, are: Hilarie Meyers, 1133 Avenue of the Americas, New York, NY, 10036; RebateFraud@pbwt.com; (212) 336-2324.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-cv-23516-FAM (EFD)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

☐ I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i)   expressly make the claim; and

    (ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.tFor access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the Southern District of Florida

| | | |
|---|---|---|
| **ELI LILLY AND COMPANY,** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. **1:26-cv-23516-FAM (EFD)** |
| | ) | |
| **DRUGPLACE, INC. (FL), et al.,** | ) | |
| | ) | |
| *Defendants* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     NEXTIER BANK, NATIONAL ASSOCIATION, 222 Market St, Kittanning, PA 16201

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| **Place:** RebateFraud@pbwt.com, Hilarie Meyers, Patterson Belknap Webb & Tyler, 1133 Avenue of the Americas, New York, NY 10036 | **Date and Time:**<br><br>06/23/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/12/2026                                                                          */s/ Hilarie M. Meyers*

Signature of Clerk or Deputy Clerk                          OR                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Eli Lilly and Company, who issues or requests this subpoena, are: Hilarie Meyers, 1133 Avenue of the Americas, New York, NY, 10036; RebateFraud@pbwt.com; (212) 336-2324.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-cv-23516-FAM (EFD)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

☐ I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii)   ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   (A)  *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B)  *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C)  *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D)  *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i)    expressly make the claim; and

    (ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.tFor access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the Southern District of Florida

| | | |
|---|---|---|
| **ELI LILLY AND COMPANY,** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.  **1:26-cv-23516-FAM (EFD)** |
| | ) | |
| **DRUGPLACE, INC. (FL), et al.,** | ) | |
| | ) | |
| *Defendants* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Origin Bank, 3921 Elm St, Choudrant, LA 71227

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| **Place:** RebateFraud@pbwt.com, Hilarie Meyers, Patterson Belknap Webb & Tyler, 1133 Avenue of the Americas, New York, NY 10036 | **Date and Time:**<br><br>06/23/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| Date: 06/12/2026 | | */s/ Hilarie M. Meyers* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Eli Lilly and Company, who issues or requests this subpoena, are: Hilarie Meyers, 1133 Avenue of the Americas, New York, NY, 10036; RebateFraud@pbwt.com; (212) 336-2324.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-cv-23516-FAM (EFD)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

☐ I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i)    shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii)   ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i)   expressly make the claim; and
    (ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.tFor access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



www.pbwt.com

July 13, 2026

Erika K. Birk
(212) 336-2640
RebateFraud@pbwt.com

Bank of America, National Association
Attn: Legal Department
100 N Tryon St
Charlotte, NC 28202

> **Re:** **Subpoena and Expedited Discovery Order in *Eli Lilly and Company v. Drug Place, Inc. (FL), et al.*, No. 1:26-cv-23516-FAM (EFD) (S.D. Fla.)**

Dear Sir or Madam:

We represent Plaintiff Eli Lilly and Company ("Lilly") in the above-referenced action, in which the defendants are accused of carrying out a healthcare rebate fraud scheme that has defrauded Lilly out of hundreds of millions of dollars.

Enclosed is a document subpoena and an expedited discovery order issued by the United States Federal Court for the Southern District of Florida requiring you to produce **within five (5) business days** information for every account—whether active or closed—that any of the Associates own, control or benefit from:

1. A list of (a) all accounts in the name of any listed Associate, (b) all accounts to which any of the Associates has or had signatory authority, and (c) all accounts to which any Associate is a beneficiary;

2. The account number and account balance for each of the accounts;

3. The copies of the front and back of all checks deposited into or drawn from each of the accounts;

4. All wire transfer details for all funds deposited into or withdrawn from each of the accounts;

5. All signature cards and account opening documents;

6. All account statements; and

7. All documents or documents sufficient to show all telephone numbers and email addresses associated with all accounts, including all telephone numbers used for two-factor authentications.

July 13, 2026
Page 2

Please note that the enclosed subpoena and expedited discovery order are issued pursuant to the powers of the Federal District Court for the Southern District of Florida.  Because they are issued by a federal court, they need not be domesticated in any state to be enforceable.  *See* Fed. R. Civ. P. 45(b)(2).  Please note that any documents may be produced pursuant to the confidentiality protections of the protective order entered in this action, which is enclosed for reference.

Your immediate attention is required and very much appreciated.  Please do not hesitate to contact me at (212) 336-2640 or **RebateFraud@pbwt.com** should you have any questions and thank you in advance for your cooperation.

Very truly yours,

*/s/ Erika K. Birk*

Erika K. Birk

Enclosures: Subpoena, Schedule A, Expedited Discovery Orders, Protective Order

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Southern District of Florida

| | |
|---|---|
| **ELI LILLY AND COMPANY,** | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. **1:26-cv-23516-FAM (EFD)** |
| | ) |
| **DRUGPLACE, INC. (FL), et al.,** | ) |
| | ) |
| *Defendants* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Bank of America, National Association
        Attn: Legal Department
        100 N Tryon St
        Charlotte, NC 28202

---
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| **Place:** RebateFraud@pbwt.com, Erika K. Birk, Patterson Belknap Webb & Tyler, 1133 Avenue of the Americas, New York, NY 10036 | **Date and Time:** 07/20/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/13/2026

| | | |
|---|---|---|
| | | */s/ Erika K. Birk* |
| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Eli Lilly and Company, who issues or requests this subpoena, are: Erika K. Birk, 1133 Avenue of the Americas, New York, NY, 10036; RebateFraud@pbwt.com; (212) 336-2640.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-cv-23516-FAM (EFD)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

☐ I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

 Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
 tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

 I declare under penalty of perjury that this information is true.

 Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

 Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i)    shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii)   ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)   expressly make the claim; and

(ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.tFor access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## Documents Requested

1.     A list identifying all accounts, whether active or closed, that each Associate owns, holds, controls, is a beneficiary of, or has signatory authority for.  For reach responsive account, provide the account number, account type, and the names of all account holders, signatories, and beneficiaries.

2.     For each account identified in response to Request No. 1:

   a.     Documents sufficient to show the account number and account type;

   b.     Documents sufficient to show the names of all account holders, signatories, and beneficiaries;

   c.     All account statements;

   d.     Documents sufficient to show the current account balance;

   e.     Documents sufficient to show all transactions to or from the account, including the date, amount, and method of each transaction;

   f.     Copies of all wire transfers, including all wire transfer detail and ACH payment detail;

   g.     The front and back of all checks deposited into or drawn out of the account(s);

   h.     All signature cards, account opening documents, and account closing documents; and

   i.     All documents or documents sufficient to show all telephone numbers and email addresses associated with all accounts, including all telephone numbers used for two-factor authentication.

3. For each transaction to or from an account identified in response to Request No. 1, documents sufficient to show:

    a. The amount and date of each transaction;

    b. The name and address of the originator or sender of funds;

    c. The name and address of the recipient or beneficiary of funds;

    d. The originator's account number and the name and address of the originator's bank; and

    e. The recipient's account number and the name and address of the recipient's bank.

4. For each account identified in response to Request No. 1 that is **accessed online**, documents sufficient to show:

    a. IP login information for each instance the responsive accounts were accessed online;

    b. Unique device IDs assigned to devices for accessing the accounts, including those devices used for obtaining two-factor authentication; and

    c. Names, account numbers, and account holder addresses for any and all other accounts accessed by the same IP addresses or device IDs identified in (a)-(b), above.

5. For each account identified in response to Request No. 1 that is **accessed by phone**:

    a. A log that includes telephone numbers of callers that accessed the account by telephone;

2

b.  For each telephone number identified in response to (a), the names,

account numbers, and account holder addresses for any and all other

accounts accessed by the identified telephone numbers.

**Definitions and Instructions**

1.  Unless otherwise specified, the relevant time period for each request is January 1, 2019, to the present.

2.  "Associate" means any of the individuals and entities listed below.  For information purposes and to assist in your production of documents, we have provided the last known primary address(es) and/or personal information of each individual and entity listed herein.  This information is provided to assist you in the search for and production of responsive documents.

a.  Christopher Carl DeMarco
Address: 4211 Cleveland Street, Hollywood, FL 33021
5011 Lincoln Street, Hollywood, FL 33021
3339 McKinley Street, Hollywood, FL 33021
3950 SW 30th Street, Hollywood, FL 33023
235 Pescayo Avenue, Marathon, FL 33050
2001 W State Road 84, Fort Lauderdale, FL 33315
2011 W State Road 84, Fort Lauderdale, FL 33315
3805 Lincoln Street, Hollywood FL 33021
DOB: ▮▮▮▮▮▮

b.  DeMarco Landscaping Design Group
Address: 2017 Sherman Street, Hollywood, FL 33020
8964 State Road 84, Davie, FL 33324
EIN: ▮▮▮▮▮▮

c.  DeMarco & Sons Landscape Design Group
Address: 2017 Sherman Street, Hollywood, FL 33020

d.  DeMarco Landscape D.G., LLC
Address: 2017 Sherman Street, Hollywood, FL 33020
EIN: ▮▮▮▮▮▮

3

e.  DeMarco Growers, LLC
    Address: 1960 Sheridan St., Hollywood, FL 33020
    4211 Cleveland Street, Hollywood, FL 33021

f.  Hollywood D'Boyz, LLC
    Address: 4211 Cleveland Street, Hollywood, FL 33021
    5011 Lincoln Street, Hollywood, FL 33021

g.  McKinley D'Boyz, LLC
    Address: 4211 Cleveland Street, Hollywood, FL 33021
    3339 McKinley Street, Hollywood, FL 33021

h.  DeMarco Property Management, LLC
    Address: 4211 Cleveland Street, Hollywood, FL 33021
    EIN: ▮▮▮▮▮▮▮

i.  La Famiglia E Tutto, LLC
    Address: 4211 Cleveland Street, Hollywood, FL 33021
    235 Pescayo Avenue, Marathon, FL 33050

j.  The Honeycomb Hideout Vault, LLC
    Address: 4211 Cleveland Street, Hollywood, FL 33021
    2001 W State Road 84, Fort Lauderdale, FL 33315
    2011 W State Road 84, Fort Lauderdale, FL 33315

k.  The D Boyz HQ, LLC
    Address: 3590 SW 30 Avenue, Hollywood, FL 33312
    3950 SW 30th Street, Hollywood, FL 33023

l.  Mow Money Vilano, LLC
    Address: 4211 Cleveland Street, Hollywood, FL 33021

m.  D'Boyz 3805, LLC
    Address: 4211 Cleveland Street, Hollywood, FL 33021
    3805 Lincoln Street, Hollywood FL 33021

n.  3950 HQ, LLC
    Address: 4211 Cleveland Street, Hollywood, FL 33021
    3950 SW 30th Street, Hollywood, FL 33023

o.  2701 NE 27 Court, LLC
    Address: 2701 NE 27 Court, Fort Lauderdale, FL 33306

p.  DeMarco Wings, LLC
    Address: 4211 Cleveland Street, Hollywood, FL 33021

q.  Samuel D. Navon
Address: 3900 SW 30th Avenue, Fort Lauderdale, FL 33312

r.  Samuel D. Mavon
Address: 3900 SW 30th Avenue, Fort Lauderdale, FL 33312

s.  Samuel D. Navon, P.A.
Address: 3900 S.W. 30th Avenue, Fort Lauderdale, FL 33312
7805 S.W. 6th Ct., Plantation, FL 33324
EIN: ██████████

t.  Sam D Mavon Trust Account
Address: 7805 SW 6th Ct., Plantation, FL 33346

u.  KS Recovery Holdings LLC
Address: 1930 Harrison St., Suite 605, Hollywood, FL 33020
EIN: ██████████

v.  Port 95 SW 30 Avenue Associates, LLC
Address: 3900 SW 30th Avenue, Fort Lauderdale, FL 33312
EIN: ██████████

w.  PLLD Investments LLC
Address: 3900 SW 30th Avenue, Fort Lauderdale, FL 33312
EIN: ██████████

x.  NICO Holdings
Address: 5720 SW 37th Terrace, Fort Lauderdale, FL 33312
EIN: ██████████

y.  Holly Pavliak
Address: 1 Forest Circle, Hollywood, FL 33026-1131

z.  DtugPlace Inc.
Address: 3900 SW Avenue, Fort Lauderdale, FL 33312
EIN: ██████████

3.  **Out-of-State Enforceability**: Please note that the enclosed subpoena and expedited discovery order are issued pursuant to the powers of the Federal District Court for the Southern District of Florida.  Because they are issued by a federal court, they need not be domesticated in any state to be enforceable.  See Fed. R. Civ. P. 45(b)(2).

4.      **Format**: In the event the requested information can be provided in an Excel spreadsheet, that is preferable.  It is critical that your production include all wire transfer detail, ACH payment detail, and images of both the front and back of all checks.

5.      "You" or "Your" means the entity to which this has been addressed and each of its current or former principals, officers, directors, agents, servants, employees, attorneys, accountants, corporate parents, subsidiaries, predecessors, and successors or other persons acting on their behalf.

6.      Pursuant to Federal Rule of Civil Procedure 34(b), You shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this demand.  If You have no documents responsive to a particular category, You shall so state in writing.

7.      These document requests are intended to cover all documents and things in Your charge or possession as well as those subject to Your custody or control, whether in Your possession, at the office of Your attorneys, or at any other place or in the possession of any other person or entity subject to Your control, including emails and other information stored on web-based servers such as Yahoo.com or Gmail.com.

8.      You shall take immediate steps to preserve all documents responsive to these requests, including electronic data that may exist on backup and/or other archived electronic computerized data compilations.  These measures must include, but are not limited to, discontinuation of all data destruction and backup tape recycling policies applicable to such documents.