Exhibit G -
Clearing House Subpoenas



www.pbwt.com

July 9, 2026

Joshua Kipnees
Partner
(212) 336-2838
(212) 336-1241 Direct Fax
jkipnees@pbwt.com

**VIA EMAIL**

The Clearing House Payments Company LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St
Wilmington, DE 19801
subpoenas@theclearinghouse.org

Re:   ***Eli Lilly and Company v. DrugPlace, Inc.*, et al.,**
***No. 26-cv-23516-FAM (EFD) (S.D. Fla.)***

Dear Sir or Madam:

We represent Plaintiff Eli Lilly and Company ("Lilly") in the above-referenced lawsuit (the "Action").

We enclose a subpoena requesting records related to The Clearing House Payments Company LLC's transactions involving Defendants. Pursuant to a Court order, the deadline to respond to the subpoena is five days. Your immediate attention is required and very much appreciated. The documents should be produced via email to my attention at jkipnees@pbwt.com and rebatefraud@pbwt.com. Should you have any questions, please do not hesitate to contact me at (212) 336-2838. This letter is without prejudice to any rights and remedies of Lilly, all of which are expressly reserved.

Very truly yours,

Joshua Kipnees

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Southern District of Florida

| | | |
|---|---|---|
| **ELI LILLY AND COMPANY,** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.  **1:26-cv-23516-FAM (EFD)** |
| | ) | |
| **DRUGPLACE, INC. (FL), et al.,** | ) | |
| | ) | |
| *Defendants* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    THE CLEARING HOUSE PAYMENTS COMPANY LLC, C/O THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE ST, WILMINGTON, DE 19801

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| **Place:** RebateFraud@pbwt.com, Joshua Kipnees, Patterson Belknap Webb & Tyler, 1133 Avenue of the Americas, New York, NY 10036 | **Date and Time:** 07/14/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/9/2026

| | | |
|---|---|---|
| | | */s/ Joshua Kipnees* |
| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Eli Lilly and Company, who issues or requests this subpoena, are: Joshua Kipnees, 1133 Avenue of the Americas, New York, NY, 10036; RebateFraud@pbwt.com; (212) 336-2838.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-cv-23516-FAM (EFD)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

☐ I received this subpoena for *(name of individual and title, if any)* _____

on *(date)*_____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

  Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii)   ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A)  *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B)  *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i)   expressly make the claim; and

    (ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.tFor access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Documents Requested

1.      All CHIPS payment messages involving any Defendant, regardless of whether that Defendant originated or received such payment.

2.      To the extent not included in Document Request 1, all payment messages involving any Defendant that were translated, converted, or mapped over from SWIFT, Fedwire, or any other electronic funds transfer messaging system.

### Definitions and Instructions

1.      Unless otherwise specified, the relevant time period for each request is January 1, 2019, to the present.

2.      "Defendant(s)" means DrugPlace, Inc. (FL), DrugPlace, Inc. (TN), Community Health Initiative, Inc., Nakorn Wholesalers, LLC, Galaxy Med, LLC d/b/a Galaxy Pharmacy, Brightline Wholesale LLC, Paul Leight, Kevin Singer, Readus Smith, Jerry Maynard Sr., Jerry Maynard Jr., Misha Maynard, Edgar Enriquez, Lane Mazei, and Danielle Giscombe.

3.      For information purposes and to assist in your production of documents, we have provided the last known primary address(es) and/or personal information of each individual and entity listed herein.  This information is provided to assist you in the search for and production of responsive documents.

      a.      DrugPlace, Inc. (FL)
         Address: 3900 SW Avenue, Fort Lauderdale, FL 33312
         EIN: ███████

      b.      DrugPlace, Inc. (TN)
         Address: 617 Airpark Center Drive, Nashville, TN 37217
         3900 SW Avenue, Fort Lauderdale, FL 33312
         EIN: ███████

c.  Community Health Initiative, Inc.
Address: 617 Airpark Center Drive, Nashville, TN 37217

d.  Nakorn Wholesalers, LLC
Address: 1400 Donelson Pike, Suite A16, Nashville, TN 37217
3900 SW 30th Avenue, Fort Lauderdale, FL 33312

e.  Galaxy Med, LLC d/b/a Galaxy Pharmacy
Address: 6655 Travis Street, Suite 120, Houston, TX 77030
1930 Harrison Street, Suite 605, Hollywood, FL 33020
6655 Travis Street, Suite 120, Houston, TX 77030
TIN:

f.  Brightline Wholesale LLC
Address: 1224 N Post Oak Road, Suite 130, Houston TX 77055
3900 SW 30th Avenue, Fort Lauderdale, FL 33312
4447 NW 82nd Avenue, Coral Springs, FL, 33065
106 S. Federal Highway, Apt. 349, Fort Lauderdale, FL 33301
EIN:

g.  Paul Leight
Address: 19955 NE 38th Court, #2703, Aventura, FL 33180
DOB:
SSN:

h.  Kevin Singer
Address: 3901 SW 54 Court, Dania Beach, FL 33312
3901 Laurel Oak Way, Fort Lauderdale, FL 33312
DOB:
SSN:

i.  Readus Smith
Address: 5911 Brush Hollow Road, Jacksonville, FL 32258
4300 Clarksville Pike, Nashville, TN, 37218
DOB:
SSN:

j.  Jerry Maynard Sr.
Address: 400 Warioto Way, #1003, Ashland City, TN 37015
DOB:
SSN:

k.    Jerry Maynard Jr.
Address: 3308 Trevor Street, Unit 2, Nashville, TN 37209
DOB: ███████
SSN: ███████

l.    Misha Maynard
Address: 480 Roberts Road, Watertown, TN 37184
DOB: ███████
SSN: ███████

m.    Edgar Enriquez
Address: 4129 Maximillion Circle, Murfreesboro, TN 37128
DOB: ███████
SSN: ███████

n.    Lane Mazei
Address: 106 S. Federal Highway, Apt. 349, Fort Lauderdale, FL 33301
4447 NW 82nd Avenue, Coral Springs, FL, 33065
DOB: ███████
SSN: ███████

o.    Danielle Giscombe
Address: 9855 Clanton Pines Drive, Humble, TX 77396
DOB: ███████
SSN: ███████

4.    "You" or "Your" means the entity to which this has been addressed and each of its current or former principals, officers, directors, agents, servants, employees, attorneys, accountants, corporate parents, subsidiaries, predecessors, and successors or other persons acting on their behalf.

5.    **Out-of-State Enforceability**: Please note that the enclosed subpoena and expedited discovery order are issued pursuant to the powers of the Federal District Court for the Southern District of Florida.  Because they are issued by a federal court, they need not be domesticated in any state to be enforceable.  See Fed. R. Civ. P. 45(b)(2).

6.    **Format**: In the event the requested information can be provided in an Excel spreadsheet, that is preferable.

3

7.  Pursuant to Federal Rule of Civil Procedure 34(b), if You have no documents responsive to a particular category, You shall so state in writing.

8.  These document requests are intended to cover all documents and things in Your charge or possession as well as those subject to Your custody or control, whether in Your possession, at the office of Your attorneys, or at any other place or in the possession of any other person or entity subject to Your control, including emails and other information stored on web-based servers such as Yahoo.com or Gmail.com.

9.  You shall take immediate steps to preserve all documents responsive to these requests, including electronic data that may exist on backup and/or other archived electronic computerized data compilations. These measures must include, but are not limited to, discontinuation of all data destruction and backup tape recycling policies applicable to such documents.



www.pbwt.com

July 7, 2026

Joshua Kipnees
Partner
(212) 336-2838
(212) 336-1241 Direct Fax
jkipnees@pbwt.com

**VIA FEDEX**

The Clearing House Payments Company LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

Re:   ***Eli Lilly and Company v. DrugPlace, Inc.*, et al., No. 26-cv-23516-FAM (EFD) (S.D. Fla.)**

Dear Sir or Madam:

We represent Plaintiff Eli Lilly and Company ("Lilly") in the above-referenced lawsuit (the "Action").

We enclose a subpoena requesting records related to The Clearing House Payments Company LLC's transactions involving Defendants. Pursuant to a Court order, the deadline to respond to the subpoena is five days. Your immediate attention is required and very much appreciated. The documents should be produced via email to my attention at jkipnees@pbwt.com and rebatefraud@pbwt.com. Should you have any questions, please do not hesitate to contact me at (212) 336-2838. This letter is without prejudice to any rights and remedies of Lilly, all of which are expressly reserved.

Very truly yours,

Joshua Kipnees

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Southern District of Florida

| | |
|---|---|
| **ELI LILLY AND COMPANY,** | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. **1:26-cv-23516-FAM (EFD)** |
| | ) |
| **DRUGPLACE, INC. (FL), et al.,** | ) |
| | ) |
| *Defendants* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   THE CLEARING HOUSE PAYMENTS COMPANY LLC, C/O THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE ST, WILMINGTON, DE 19801

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| **Place:** RebateFraud@pbwt.com, Joshua Kipnees, Patterson Belknap Webb & Tyler, 1133 Avenue of the Americas, New York, NY 10036 | **Date and Time:**<br><br>07/13/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| **Place:** | **Date and Time:** |
|---|---|
| | |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/7/2026                                                                 */s/ Joshua Kipnees*

| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |
|---|---|---|

The name, address, e-mail address, and telephone number of the attorney representing Eli Lilly and Company, who issues or requests this subpoena, are: Joshua Kipnees, 1133 Avenue of the Americas, New York, NY, 10036; RebateFraud@pbwt.com; (212) 336-2838.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-cv-23516-FAM (EFD)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

☐ I received this subpoena for *(name of individual and title, if any)* _____

on *(date)*_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

☐ I returned the subpoena unexecuted because: _____

_____ .

  Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii)   ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   (i)   expressly make the claim; and

   (ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.tFor access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Documents Requested

1.      All payment messages involving any Defendant, regardless of whether that Defendant originated or received such payment.

2.      To the extent not included in Document Request 1, all payment messages involving any Defendant that were translated, converted, or mapped over from SWIFT, Fedwire, or any other electronic funds transfer messaging system.

### Definitions and Instructions

1.      Unless otherwise specified, the relevant time period for each request is January 1, 2019, to the present.

2.      "Defendant(s)" means DrugPlace, Inc. (FL), DrugPlace, Inc. (TN), Community Health Initiative, Inc., Nakorn Wholesalers, LLC, Galaxy Med, LLC d/b/a Galaxy Pharmacy, Brightline Wholesale LLC, Paul Leight, Kevin Singer, Readus Smith, Jerry Maynard Sr., Jerry Maynard Jr., Misha Maynard, Edgar Enriquez, Lane Mazei, and Danielle Giscombe.

3.      For information purposes and to assist in your production of documents, we have provided the last known primary address(es) and/or personal information of each individual and entity listed herein.  This information is provided to assist you in the search for and production of responsive documents.

     a.    DrugPlace, Inc. (FL)
        Address: 3900 SW Avenue, Fort Lauderdale, FL 33312
        EIN: ▮▮▮▮▮▮

     b.    DrugPlace, Inc. (TN)
        Address: 617 Airpark Center Drive, Nashville, TN 37217
        3900 SW Avenue, Fort Lauderdale, FL 33312
        EIN: ▮▮▮▮▮▮

1

c.     Community Health Initiative, Inc.
Address: 617 Airpark Center Drive, Nashville, TN 37217

d.     Nakorn Wholesalers, LLC
Address: 1400 Donelson Pike, Suite A16, Nashville, TN 37217
3900 SW 30th Avenue, Fort Lauderdale, FL 33312

e.     Galaxy Med, LLC d/b/a Galaxy Pharmacy
Address: 6655 Travis Street, Suite 120, Houston, TX 77030
1930 Harrison Street, Suite 605, Hollywood, FL 33020
6655 Travis Street, Suite 120, Houston, TX 77030
TIN: ▮

f.     Brightline Wholesale LLC
Address: 1224 N Post Oak Road, Suite 130, Houston TX 77055
3900 SW 30th Avenue, Fort Lauderdale, FL 33312
4447 NW 82nd Avenue, Coral Springs, FL, 33065
106 S. Federal Highway, Apt. 349, Fort Lauderdale, FL 33301
EIN: ▮

g.     Paul Leight
Address: 19955 NE 38th Court, #2703, Aventura, FL 33180
DOB: ▮
SSN: ▮

h.     Kevin Singer
Address: 3901 SW 54 Court, Dania Beach, FL 33312
DOB: ▮
SSN: ▮

i.     Readus Smith
Address: 5911 Brush Hollow Road, Jacksonville, FL 32258
4300 Clarksville Pike, Nashville, TN, 37218
DOB: ▮
SSN: ▮

j.     Jerry Maynard Sr.
Address: 400 Warioto Way, #1003, Ashland City, TN 37015
DOB: ▮
SSN: ▮

k.     Jerry Maynard Jr.
Address: 3308 Trevor Street, Unit 2, Nashville, TN 37209
DOB: ▮
SSN: ▮

l.      Misha Maynard
Address: 480 Roberts Road, Watertown, TN 37184
DOB: ███████
SSN: ███████

m.      Edgar Enriquez
Address: 4129 Maximillion Circle, Murfreesboro, TN 37128
DOB: ███████
SSN: ███████

n.      Lane Mazei
Address: 106 S. Federal Highway, Apt. 349, Fort Lauderdale, FL 33301
4447 NW 82nd Avenue, Coral Springs, FL, 33065
DOB: ███████
SSN: ███████

o.      Danielle Giscombe
Address: 9855 Clanton Pines Drive, Humble, TX 77396
DOB: ███████
SSN: ███████

4.      "You" or "Your" means the entity to which this has been addressed and each of its current or former principals, officers, directors, agents, servants, employees, attorneys, accountants, corporate parents, subsidiaries, predecessors, and successors or other persons acting on their behalf.

5.      **Out-of-State Enforceability**: Please note that the enclosed subpoena and expedited discovery order are issued pursuant to the powers of the Federal District Court for the Southern District of Florida.  Because they are issued by a federal court, they need not be domesticated in any state to be enforceable.  See Fed. R. Civ. P. 45(b)(2).

6.      **Format**: In the event the requested information can be provided in an Excel spreadsheet, that is preferable.

7.      Pursuant to Federal Rule of Civil Procedure 34(b), if You have no documents responsive to a particular category, You shall so state in writing.

8.      These document requests are intended to cover all documents and things in Your charge or possession as well as those subject to Your custody or control, whether in Your possession, at the office of Your attorneys, or at any other place or in the possession of any other person or entity subject to Your control, including emails and other information stored on web-based servers such as Yahoo.com or Gmail.com.

9.      You shall take immediate steps to preserve all documents responsive to these requests, including electronic data that may exist on backup and/or other archived electronic computerized data compilations.  These measures must include, but are not limited to, discontinuation of all data destruction and backup tape recycling policies applicable to such documents.