Exhibit I -
July 27, 2026 Email from Lilly's Counsel

## Dayna Staron

| | |
|---|---|
| **From:** | Kipnees, Joshua (x2838) <jkipnees@pbwt.com> |
| **Sent:** | Monday, July 27, 2026 3:05 PM |
| **To:** | Dayna Staron; Hoon, Megha (x2342); Potter, Geoffrey (x2050); Fischer, Aron (x2363); Meyers, Hilarie (x2324); JShapiro_stearnsweaver.com; Veronica de Zayas; Ryan Wolis; Marilyn Figueras |
| **Cc:** | Henry Bolz; Adrienne Frazior; Andrew Ennis |
| **Subject:** | RE: Lilly v. DrugPlace - Discovery Extension for Interrogatories |

**EXTERNAL EMAIL**   **jkipnees@pbwt.com**



Dayna,

We remain available to meet and confer to discuss this.  Otherwise, we will look forward to your interrogatory responses today so that we may use them in our opposition to the motion to quash due tomorrow.

Regards,
Josh

**Joshua Kipnees**
Partner
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.2838
jkipnees@pbwt.com | www.pbwt.com

**From:** Dayna Staron <dstaron@polsinelli.com>
**Sent:** Monday, July 27, 2026 3:03 PM
**To:** Kipnees, Joshua (x2838) <jkipnees@pbwt.com>; Hoon, Megha (x2342) <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Fischer, Aron (x2363) <afischer@pbwt.com>; Meyers, Hilarie (x2324) <hmeyers@pbwt.com>; JShapiro_stearnsweaver.com <JShapiro@stearnsweaver.com>; Veronica de Zayas <vdezayas@stearnsweaver.com>; Ryan Wolis <rwolis@stearnsweaver.com>; Marilyn Figueras <mfigueras@stearnsweaver.com>
**Cc:** Henry Bolz <hbolz@polsinelli.com>; Adrienne Frazior <afrazior@polsinelli.com>; Andrew Ennis <AEnnis@Polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace - Discovery Extension for Interrogatories

**External: Think before you click.**

Hi Josh,

We do not agree.  Our clients are not willing to condition the extension of any interrogatories on an unrelated Motion to Quash.

**Dayna Staron**

*Shareholder*

dstaron@polsinelli.com
312.463.6348
150 N. Riverside Plaza
Suite 3000
Chicago, IL 60606

 | What a law firm
*should* be.™

---

**From:** Kipnees, Joshua (x2838) <jkipnees@pbwt.com>
**Sent:** Monday, July 27, 2026 12:40 PM
**To:** Dayna Staron <dstaron@polsinelli.com>; Hoon, Megha (x2342) <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Fischer, Aron (x2363) <afischer@pbwt.com>; Meyers, Hilarie (x2324) <hmeyers@pbwt.com>; JShapiro_stearnsweaver.com <JShapiro@stearnsweaver.com>; Veronica de Zayas <vdezayas@stearnsweaver.com>; Ryan Wolis <rwolis@stearnsweaver.com>; Marilyn Figueras <mfigueras@stearnsweaver.com>
**Cc:** Henry Bolz <hbolz@polsinelli.com>; Adrienne Frazior <afrazior@polsinelli.com>; Andrew Ennis <AEnnis@Polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace - Discovery Extension for Interrogatories

**EXTERNAL EMAIL**   **jkipnees@pbwt.com**

Dayna,

I'm following up on my email below.  Please let me know if we are in agreement, or alternatively, if you would like to meet and confer later today.

Regards,
Josh

---

**From:** Kipnees, Joshua (x2838)
**Sent:** Friday, July 24, 2026 2:58 PM
**To:** Dayna Staron <dstaron@polsinelli.com>; Hoon, Megha (x2342) <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Fischer, Aron (x2363) <afischer@pbwt.com>; Meyers, Hilarie (x2324) <hmeyers@pbwt.com>; JShapiro_stearnsweaver.com <JShapiro@stearnsweaver.com>; Veronica de Zayas <vdezayas@stearnsweaver.com>; Ryan Wolis <rwolis@stearnsweaver.com>; Marilyn Figueras <mfigueras@stearnsweaver.com>
**Cc:** Henry Bolz <hbolz@polsinelli.com>; Adrienne Frazior <afrazior@polsinelli.com>; Andrew Ennis <AEnnis@Polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace - Discovery Extension for Interrogatories

Dayna,

Putting the rest of your email to the side, it overlooks that we in fact offered a 21-day extension for your clients to respond to many of the interrogatories.

Our urgent need for responses on the balance of interrogatories was created by your pending motion to quash, to which our opposition is due on July 28 – one day after the current deadline for your clients' interrogatory responses.  We intend to rely on those responses as evidence of the fraud, which supports the subpoenas and our opposition.

If you are willing to withdraw the motion, or in the alternative, grant a 21-day extension for our opposition to the motion to quash or to hold the motion in abeyance for 21 days, we are glad to offer an extension to August 17 for all of the interrogatory responses.

Please let us know if you agree.

Regards,

Josh

**Joshua Kipnees**
Partner
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.2838
jkipnees@pbwt.com | www.pbwt.com

---

**From:** Dayna Staron <dstaron@polsinelli.com>
**Sent:** Friday, July 24, 2026 12:54 PM
**To:** Kipnees, Joshua (x2838) <jkipnees@pbwt.com>; Hoon, Megha (x2342) <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Fischer, Aron (x2363) <afischer@pbwt.com>; Meyers, Hilarie (x2324) <hmeyers@pbwt.com>; JShapiro_stearnsweaver.com <JShapiro@stearnsweaver.com>; Veronica de Zayas <vdezayas@stearnsweaver.com>; Ryan Wolis <rwolis@stearnsweaver.com>; Marilyn Figueras <mfigueras@stearnsweaver.com>
**Cc:** Henry Bolz <hbolz@polsinelli.com>; Adrienne Frazior <afrazior@polsinelli.com>; Andrew Ennis <AEnnis@Polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace - Discovery Extension for Interrogatories

**External: Think before you click.**

Josh,

DrugPlace, Community Health Initiative, Nakorn, Paul Leight, and Kevin Singer are seeking the same 21-day extension of the interrogatories that Lilly already afforded to other co-defendants, including those who were issued the exact same requests.

The March 18th date and Motion you reference is immaterial.  Lilly issued the interrogatories on June 26th and Defendants have no reason to expend resources in responding to discovery that Lilly had not yet served.  Further, in that Motion, Lilly previewed the expedited discovery it intended to seek for purposes of creating a record for a preliminary injunction hearing, the creation of which is not at issue now as Defendants agreed to a preliminary injunction.  It also provides "four general categories of discovery" – not the specific interrogatories that were eventually issued to DrugPlace, Community Health Initiative, Nakorn, Paul Leight, and Kevin Singer.

Regardless of this, if Lilly needs a reason to grant the professional courtesy of a 21-day extension, the above-referenced Defendants are seeking an extension as their own resources and those of their counsel have been capitalized by assessing the over 1,000 third-party subpoenas that Lilly issued and in meeting the Court's upcoming August 10th deadline to answer or otherwise respond to the Complaint, among other demands in this lawsuit (including the discovery that Lilly served on Defendants).

The Federal Rules of Civil Procedure specifically contemplate parties working together to agree upon deadlines.  The Introductory Statement in the Local Rules for the Southern District of Florida also specifically references a "long tradition of courteous practice" in this district along with the Court's

3

expectation that attorneys "be governed at all times by a spirit of cooperation, professionalism, and civility" and "seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible."

Granting a 21-day extension is precisely the kind of professional courtesy encouraged by the Court's Local Rules. With this in mind, I ask that you reconsider our extension request.  As I mentioned, we will afford you the same courtesy should Lilly need additional time to respond to forthcoming discovery requests.

Dayna

**Dayna Staron**
*Shareholder*

dstaron@polsinelli.com
312.463.6348
150 N. Riverside Plaza
Suite 3000
Chicago, IL 60606

 | What a law firm *should* be.™

**From:** Kipnees, Joshua (x2838) <jkipnees@pbwt.com>
**Sent:** Friday, July 24, 2026 10:13 AM
**To:** Dayna Staron <dstaron@polsinelli.com>; Hoon, Megha (x2342) <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Fischer, Aron (x2363) <afischer@pbwt.com>; Meyers, Hilarie (x2324) <hmeyers@pbwt.com>; JShapiro_stearnsweaver.com <JShapiro@stearnsweaver.com>; Veronica de Zayas <vdezayas@stearnsweaver.com>; Ryan Wolis <rwolis@stearnsweaver.com>; Marilyn Figueras <mfigueras@stearnsweaver.com>
**Cc:** Henry Bolz <hbolz@polsinelli.com>; Adrienne Frazior <afrazior@polsinelli.com>; Andrew Ennis <AEnnis@Polsinelli.com>
**Subject:** RE: Lilly v. DrugPlace - Discovery Extension for Interrogatories

**EXTERNAL EMAIL**   jkipnees@pbwt.com

Dayna,

Your clients have had notice of most of these categories of discovery for over two months, and your firm has been working on this case for nearly that long.  Most of these requests were specifically referenced in our Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery Order, and the corresponding Proposed Order, which your clients received on March 18.  Moreover, these interrogatories seek basic discovery regarding the core issues in the case, including data regarding the prescriptions and fills of Lilly Medicine that your clients purportedly dispensed to patients; the rebate claims your clients submitted for Trulicity; the payments they received in response; and the Lilly Medicine your clients bought and sold.  We therefore do not see a reason why your clients should need additional time to respond to each of these interrogatories, and your email does not offer any.

With that said, as a compromise, we are willing to extend the time for your clients to respond to certain interrogatories until August 17, provided that your clients respond substantively to the balance by the current July 27 deadline.

Specifically, we would be willing to extend to August 17 your clients' responses to the following interrogatories:  (a) Interrogatory No. 6 issued to DrugPlace, Inc. (FL), DrugPlace, Inc. (TN), Community Health Initiative, Inc., and Nakorn Wholesalers LLC; (b) Interrogatories Nos. 2 & 3 issued to Kevin Singer; and (c) Interrogatories Nos. 2 & 3 issued to Paul Leight.

The July 27 deadline response deadline will remain in place for the following interrogatories: (a) Interrogatories Nos. 1-5 issued to DrugPlace, Inc. (FL), DrugPlace, Inc. (TN), Community Health Initiative, Inc., and Nakorn Wholesalers LLC; (b) Interrogatory No. 1 issued to Kevin Singer; and (c) Interrogatory No. 1 issued to Paul Leight.

Please let us know if you agree with this compromise.  We are glad to discuss as needed.

Regards,
Josh

**Joshua Kipnees**
Partner
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.2838
jkipnees@pbwt.com | www.pbwt.com

---

**From:** Dayna Staron <dstaron@polsinelli.com>
**Sent:** Thursday, July 23, 2026 12:54 PM
**To:** Hoon, Megha (x2342) <mhoon@pbwt.com>; Kipnees, Joshua (x2838) <jkipnees@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Fischer, Aron (x2363) <afischer@pbwt.com>; Meyers, Hilarie (x2324) <hmeyers@pbwt.com>; JShapiro_stearnsweaver.com <JShapiro@stearnsweaver.com>; Veronica de Zayas <vdezayas@stearnsweaver.com>; Ryan Wolis <rwolis@stearnsweaver.com>; Marilyn Figueras <mfigueras@stearnsweaver.com>
**Cc:** Henry Bolz <hbolz@polsinelli.com>; Adrienne Frazior <afrazior@polsinelli.com>; Andrew Ennis <AEnnis@Polsinelli.com>
**Subject:** Lilly v. DrugPlace - Discovery Extension for Interrogatories

**External: Think before you click.**

Counsel,

I'm writing to request a 21-day extension for the interrogatories issued to Defendants DrugPlace, Inc. (FL), DrugPlace, Inc. (TN), Community Health Initiative, Inc., Nakorn Wholesalers LLC, Paul Leight, and Kevin Singer.  That will extend the current July 27th deadline to August 17th.

Please let me know if Eli Lilly will agree to the requested extension.

Can you include me in all future correspondence on this matter too? I appreciate it.

Best,
Dayna

**Dayna Staron**
*Shareholder*

dstaron@polsinelli.com

312.463.6348
150 N. Riverside Plaza
Suite 3000
Chicago, IL 60606



This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.