**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ELI LILLY AND COMPANY,

     Plaintiff,

v.                                      CASE NO.: 1:26-cv-23516-FAM

DRUGPLACE, INC. (FL); DRUGPLACE,
INC.(TN); COMMUNITY HEALTH
INITIATIVE, INC.; NAKORN WHOLESALERS
LLC; GALAXY MED, LLC d/b/a GALAXY
PHARMACY; BRIGHTLINE WHOLESALE
LLC; KEVIN SINGER; PAUL LEIGHT;
READUS SMITH; JERRY MAYNARD SR.;
JERRY MAYNARD JR.; MISHA MAYNARD;
EDGAR ENRIQUEZ; LANE MAZEI;
DANIELLE GISCOMBE

     Defendants.

_____/

**DEFENDANT DANIELLE GISCOMBE'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**
**AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii

INTRODUCTION AND SUMMARY OF ARGUMENT.................................................. 1

BACKGROUND ..............................................................................................................2

LEGAL STANDARDS .....................................................................................................2

    I.      Rule 12(b)(2) ......................................................................................... 2

ARGUMENTS AND AUTHORITIES ............................................................................3

    I.      This Court Lacks Personal Jurisdiction Over Danielle Giscombe...............3

          A.     Plaintiff relies on improper group pleading to establish jurisdiction over all defendants collectively. ...................................3

          B.     There is no general jurisdiction over Ms. Giscombe in Florida. ...............................................................................................4

          C.     There is no specific jurisdiction over Ms. Giscombe........................5

               i.     Ms. Giscombe does not have constitutionally sufficient "minimum contacts" with Florida............................................ 6

               ii.    Plaintiff's claims against Ms. Giscombe do not "arise out of" or "relate to" Ms. Giscombe's forum contacts. .......... 8

REQUEST FOR HEARING ........................................................................................ 10

CONCLUSION .............................................................................................................. 10

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**           i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Overseas Marine Corp. v. Patterson*,
632 So. 2d 1124 (Fla. 1st DCA 1994) ................................................................... 5

*Bafitis v. Ara*,
815 So.2d 702 (Fla. 3d DCA 2002) ....................................................................... 7

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
582 U.S. 255 (2017) .............................................................................................. 8

*Calder v. Jones*,
465 U.S. 783 (1984) .............................................................................................. 8

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ........................................................................................... 3, 4

*Day v. Datta*,
818 F. Supp. 3d 1394 (S.D. Fla. 2026) ................................................................. 6

*Del Valle v. Trivago GMBH*,
56 F.4th 1265 (11th Cir. 2022) ............................................................................. 6

*ECB USA, Inc. v. Savencia Cheese USA, LLC*,
148 F.4th 1332 (11th Cir. 2025) ........................................................................... 6

*Elmlund v. Mottershead*,
750 So.2d 736 (Fla. 3d DCA 2000) ...................................................................... 7

*Ferenchak v. Zormati*,
572 F. Supp. 3d 1284 (S.D. Fla. 2021) ................................................................. 4

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021) ........................................................................................... 6, 8

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
218 F.3d 1247 (11th Cir. 2000) ............................................................................. 3

*Lorente-Garcia v. Giraldo-Navarro*,
759 F. Supp. 3d 1301 (S.D. Fla. 2024) ............................................................... 3, 5

*Montano v. Wash. State Dep't of Health*,
  2024 WL 3029155 (S.D. Fla. May 28, 2024) ............................................................... 4

*Rush v. Savchuk*,
  444 U.S. 320 (1980) ...................................................................................................... 8

*SANDP Sols., Inc. v. Silver Logic, LLC*,
  2022 WL 7049243 (S.D. Fla. Jan. 14, 2022) .......................................................... 4, 8

*Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*,
  447 F.3d 1357 (11th Cir. 2006) ................................................................................... 3

*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009) ............................................................................... 2, 6

*Vax-D Med. Techs., LLC v. Allied Health Mgmt., Ltd.*,
  2006 WL 680659 (M.D. Fla. Mar. 14, 2006) .............................................................. 7

*VIS Holdings Corp. v. Cooper*,
  2007 WL 9702900 (S.D. Fla. Dec. 11, 2007) ............................................................. 7

*Ware v. Citrix Sys., Inc.*,
  258 So. 3d 478 (Fla. 4th DCA 2018) ........................................................................... 9

**Statutes**

Fla. Stat. § 48.193(2) ........................................................................................................ 5

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**          iii

Defendant Danielle Giscombe submits this Memorandum of Law in Support of her Motion to Dismiss Plaintiff's Complaint (Doc. 1, the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(2).

## INTRODUCTION AND SUMMARY OF ARGUMENT

Danielle Giscombe has never lived or worked in Florida. She has visited Florida only a handful of times for purely social reasons. Yet, Eli Lilly and Company ("Plaintiff," "Eli Lilly," or "Lilly") seeks to subject Ms. Giscombe to the jurisdiction of this Court for her unspecified role in one of two rebate schemes allegedly orchestrated by more than a dozen defendants residing in three jurisdictions.[1] Seemingly aware of the deficiency of its jurisdictional allegations, Plaintiff served an interrogatory on Ms. Giscombe requiring *her* to identify "the dates You have resided in, traveled to, and/or visited the State of Florida since January 1, 2020, and, if not a permanent resident, state the purpose for Your travel and the length of Your stay." Ex. A-1 (Interrogatory No. 1, Pl's 1st Set of Interrogatories to Giscombe (June 26, 2026)). This transparent attempt to supplement pleadings through discovery admits what should be clear from the face of the Complaint itself: Plaintiff has no basis to haul Ms. Giscombe into Florida.

This failure is unsurprising since Ms. Giscombe is not subject to personal jurisdiction in Florida. She has no constitutionally significant contacts with this forum, has not availed herself of the privilege of doing business here, and could not have anticipated being haled into court here. Ms. Giscombe is a citizen of Texas, whose only connection to the facts at issue in this dispute is that she worked for two of the defendants, Galaxy and Brightline, *in Texas*. Ms. Giscombe has no personal or professional connection to Florida. She has never resided or owned property in Florida; has never worked or paid taxes in Florida; has never held a Florida driver's license; and has never travelled to Florida on

---

[1] Contemporaneously with this motion, Ms. Giscombe is joining in a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Galaxy Med, LLC d/b/a Galaxy Pharmacy ("Galaxy"), Brightline Wholesale LLC ("Brightline"), Readus Smith, and Lane Mazei. She submits this motion to separately preserve her objections to the exercise of personal jurisdiction over her in this forum.

**DEFENDANT GISCOMBE'S**
**12(B)(2) MOTION TO DISMISS**                 1

Galaxy or Brightline business. Put simply, Ms. Giscombe has no constitutionally-significant contacts with Florida. She therefore respectfully asks this Court to dismiss Plaintiff's complaint against her with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## BACKGROUND

Plaintiff filed a Complaint in the Southern District of Florida alleging two separate rebate fraud schemes: the DrugPlace Operation, centered in in Florida and Tennessee, and the Galaxy Operation, centered in Texas. The Complaint does not allege that Ms. Giscombe had any ties to the Florida-based DrugPlace Operation. Instead, Plaintiff makes a handful of scant, vague allegations regarding Ms. Giscombe's alleged involvement with the "Galaxy Operation." Compl. ¶ 152.[2] The Complaint contends that the Galaxy Operation was a fraudulent scheme in which Galaxy, "a ***Texas-based*** pharmacy," and Brightline, its related Texas-based pharmaceutical wholesaler, "work[ed] in conjunction with a PBM to submit fraudulent rebate claims, through intermediaries, for Trulicity that was not utilized by patients but rather sold on the secondary market." Compl. ¶¶ 10, 22, 23, 24, 25, 153. There is not a single allegation in the Complaint that ties the Galaxy Operation or Ms. Giscombe's alleged role therein, to Florida.

## LEGAL STANDARDS

### I.    Rule 12(b)(2)

Eli Lilly bears the burden of alleging facts in the complaint sufficient "to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (internal quotation marks omitted). Plaintiff must rebut a defendant's evidence with "competent proof, and not

---

[2] The citations to the Complaint are not an admission of the accuracy of those allegations, and simply reflect Defendant's recognition that, for the purpose of this Motion, all well-pleaded factual allegations are taken as true.

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**          2

merely reiterate the factual allegations in the complaint." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citation omitted). Because "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons[,]" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)), a federal court in Florida may "properly exercise personal jurisdiction over a nonresident defendant only if the requirements of (1) Florida's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution are both satisfied." *Lorente-Garcia v. Giraldo-Navarro*, 759 F. Supp. 3d 1301, 1306 (S.D. Fla. 2024) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999)).

## ARGUMENTS AND AUTHORITIES

### I. This Court Lacks Personal Jurisdiction Over Danielle Giscombe

#### A. Plaintiff relies on improper group pleading to establish jurisdiction over all defendants collectively.

The closest Eli Lilly comes to any jurisdictional allegation against Danielle Giscombe is the single, jurisdictional allegation that lumps all fifteen defendants together: "All Defendants, including Community Health, Tennessee residents Jerry Maynard Sr., Jerry Maynard Jr., Misha Maynard, and Enriquez, and Texas resident Giscombe, personally participate in and conspire in the fraudulent activities at issue in Florida and through businesses operating in Florida." Compl. ¶ 42. This group pleading is impermissible and facially deficient. To make a *prima facie* case for jurisdiction, a plaintiff must allege sufficient facts to establish personal jurisdiction over "each defendant *separately*." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (emphasis added). This single attempt at group pleading is even more lacking when read in conjunction with Plaintiff's description of Ms. Giscombe as "a Texas citizen residing in Humble, Texas," Compl. ¶ 37, whose connection with the alleged scheme was limited to her roles as "a registered pharmacy technician at Galaxy," which "is a limited liability company organized under the laws of the State of Texas with its principal place of business at 6655 Travis Street, Suite 120, Houston, Texas," Compl. ¶¶ 22, 37, and "the Pharmaceutical Wholesale Manager at Brightline," which "is a limited liability

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**          3

company organized under the laws of the State of Texas with its principal place of business at 1224 North Post Oak Road, Suite 130, Houston, Texas." Compl. ¶¶ 24, 37. In fact, Plaintiff does not allege *any* connection between Ms. Giscombe and Florida specifically.[3] Nor does Plaintiff allege that Galaxy or Brightline's supposedly fraudulent activity took place in or was directed toward Florida.

### B. There is no general jurisdiction over Ms. Giscombe in Florida.

General jurisdiction exists when a defendant's "affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler* 571 U.S. at 122 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (alteration in original). For a natural person, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* at 137. As Plaintiff acknowledges, Ms. Giscombe is a resident of Texas. Compl. ¶ 37. Ms. Giscombe owns no property, maintains no residence, and pays no taxes in Florida. Giscombe Decl. ¶¶ 5.[4] Ms. Giscombe was served process at her residence in Humble, Texas. Giscombe Decl. ¶ 6. As such, Ms. Giscombe is domiciled in Texas and there is no general jurisdiction over her in Florida. *See Ferenchak v. Zormati*, 572 F. Supp. 3d 1284, 1291 (S.D. Fla. 2021) (finding general jurisdiction did not exist over the defendant because the defendant did not reside in Florida and was not served process in Florida, and even

---

[3] Plaintiff seems well-aware of the deficiencies in its jurisdictional allegations regarding Ms. Giscombe as evidenced by the fact that Plaintiff immediately propounded interrogatories to Ms. Giscombe, one of which seeks identification of "dates You have resided in, traveled to, and/or visited the State of Florida since January 1, 2020." *See* Ex. A-1. This attempt to patchwork together unrelated contacts *post filing* is both desperate and improper. *See SANDP Sols., Inc. v. Silver Logic, LLC*, 2022 WL 7049243, at *5 (S.D. Fla. Jan. 14, 2022) ("[T]he court cannot simply aggregate all of a defendant's contacts with a state — no matter how dissimilar in terms of geography, time, or substance — as evidence of the constitutionally-required minimum contacts.") (cleaned up).

[4] In support of its Rule 12(b)(2) motion to dismiss, Defendant relies on the declaration of Danielle Giscombe, which has been included as Exhibit B hereto ("Giscombe Decl."). "[O]n a Rule 12(b)(2) motion to dismiss, the Court may consider affidavits, declarations, or other written documents." *Montano v. Wash. State Dep't of Health*, 2024 WL 3029155, at *15 n.12 (S.D. Fla. May 28, 2024) (citing *Healthe, Inc. v. High Energy Ozone LLC*, 533 F. Supp. 3d 1120, 1124 (M.D. Fla. 2021)).

though the defendant's business shared an address in Florida, this only established the business entities' place of business but not the defendant's domicile).

Florida's long-arm statute additionally permits general jurisdiction over a nonresident when a defendant is "engaged in substantial and not isolated activity within this state ... whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). This requires a plaintiff to maintain "continuous and systematic general business contacts with the forum, so that [they] can properly be considered present in the forum." *Am. Overseas Marine Corp. v. Patterson*, 632 So. 2d 1124, 1127-28 (Fla. 1st DCA 1994) (cleaned up). But Plaintiff fails to allege any business connection between *Ms. Giscombe* and Florida. She never travelled to Florida in connection with her position at either Galaxy or Brightline and never conducted or solicited business in Florida. Giscombe Decl. ¶¶ 5, 7.[5] Rather, Ms. Giscombe's activity within Florida has been limited in nature to visits with family and a few personal vacations involving cruise departures out of Florida. Giscombe Decl. ¶ 8. This is not the type of "substantial and not isolated activity" contemplated by the long-arm and is insufficient to establish jurisdiction. Fla. Stat. § 48.193(2).

### C. There is no specific jurisdiction over Ms. Giscombe.

Because there is no general jurisdiction over Ms. Giscombe in Florida, Plaintiff may only maintain suit against her in this forum if it can establish specific personal jurisdiction over her. As described above, a federal court sitting in diversity in Florida may exercise specific personal jurisdiction over a nonresident defendant if both Florida's long-arm statute and constitutional due process are satisfied. *Lorente-Garcia*, 759 F. Supp. 3d at 1306. As a threshold matter, Plaintiff's Complaint does not even invoke the long-arm statute and so fails at the first hurdle.[6] More importantly, however, Plaintiff's pleading is

---

[5] Although both Galaxy and Brightline are citizens of Florida for purposes of personal jurisdiction (their sole member, Lane Mazei, is a Florida citizen), they are, in practicality and practice, *Texas* entities. Both are limited liability companies organized under the laws of the State of Texas with their principal places of business in Houston, Texas. Compl. ¶¶ 22 (Galaxy), 24 (Brightline).

[6] To the extent Plaintiff intends to rely on conspiracy-imputed personal jurisdiction under Florida's long-arm statute, Plaintiff has not sufficiently pled that Ms. Giscombe was a co-conspirator in a conspiracy that targeted or took place in Florida. Although there is a generic allegation regarding her participation in such a conspiracy, *see* Compl. ¶ 42, the rest of Plaintiff's complaint belies such

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**                5

bereft of specific facts establishing *any* contacts at all between Ms. Giscombe and Florida, let alone constitutionally significant ones that "arise from" or "relate to" the claims levied against her.

### i. *Ms. Giscombe does not have constitutionally sufficient "minimum contacts" with Florida.*

"At bottom, due process prohibits the exercise of personal jurisdiction over a nonresident defendant unless its contacts with the state are such that it has fair warning that it may be subject to suit there." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1275 (11th Cir. 2022). What is important in the due process analysis is a defendant's "intentional conduct to create the necessary contacts with the forum." *ECB USA, Inc. v. Savencia Cheese USA, LLC*, 148 F.4th 1332, 1343 (11th Cir. 2025) (cleaned up). The fact that others—including other defendants—may have contacts, even significant contacts, with the forum does not change the analysis. *Id.*; *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) ("The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" (citation omitted)).

Here, Ms. Giscombe's limited contacts with Florida are insufficient to confer personal jurisdiction. Plaintiff does not allege—and Ms. Giscombe does not have—any constitutionally significant contacts with Florida. Ms. Giscombe has never worked in Florida, never owned property in Florida, never paid taxes or voted in Florida, never conducted or solicited business in Florida, and never had a bank account or business license

---

an allegation. Ms. Giscombe has no connection to the Florida-based conduct or Florida-based entities involved in the DrugPlace Operation. Rather, her misconduct is alleged to have occurred through her relationships with Brightline and Galaxy—both *Texas-based* entities. *See*, *e.g.*, *United Techs.*, 556 F.3d at 1283 (finding no personal jurisdiction over alleged co-conspirator where "the complaint does not allege viable facts from which the inference could reasonably be drawn that [defendant] was part of a conspiracy either engineered in Florida or pursuant to which a tortious act in furtherance was committed in Florida"). Nor has Plaintiff pled its underlying claims against Ms. Giscombe with the specificity required to establish either conspiracy or tort-based jurisdiction under the long arm. *See* Defendants Galaxy Med LLC, Brightline Wholesale LLC, Readus Smith, Lane Mazei, and Danielle Giscombe's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) at pp. 13-16; *see also Day v. Datta*, 818 F. Supp. 3d 1394, 1407 (S.D. Fla. 2026) (holding complaint was not legally sufficient to allege personal jurisdiction because of failure to sufficiently pled underlying tortious act).

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**          6

maintained in Florida. Giscombe Decl. ¶ 5. Ms. Giscombe's limited contacts with Florida include a handful of trips for personal vacations, including simply passing through the state to board a cruise ship. Giscombe Decl. ¶ 8. But "Florida courts do not consider sporadic or occasional vacations sufficient to bestow personal jurisdiction." *VIS Holdings Corp. v. Cooper*, 2007 WL 9702900, at *5 (S.D. Fla. Dec. 11, 2007) (citing *Radcliffe v. Gyves*, 902 So. 2d 968, 973 (Fla. Dist. Ct. App. 2005), *disapproved of by Kitroser v. Hurt*, 85 So. 3d 1084 (Fla. 2012)); *see also Vax-D Med. Techs., LLC v. Allied Health Mgmt., Ltd.*, 2006 WL 680659, at *4 (M.D. Fla. Mar. 14, 2006) (finding traveling twice to Florida on vacation insufficient to establish personal jurisdiction); *Bafitis v. Ara*, 815 So.2d 702, 703-04 (Fla. 3d DCA 2002) (finding that there was no personal jurisdiction over defendant when his contact with the state was limited to personal vacations to visit his children and child support paid to ex-wife residing there); *Elmlund v. Mottershead*, 750 So.2d 736, 737 (Fla. 3d DCA 2000) (finding there was no basis for the Florida long arm jurisdiction over the defendant because the defendant did not do business in the state and there was no "connexity" between the business conducted and the asserted cause of action). Ms. Giscombe has certainly not.

Plaintiff's Complaint does not allege or imply otherwise. Plaintiff implicates Ms. Giscombe in the Complaint based solely on her employment at Galaxy and Brightline and therefore her alleged involvement in the Galaxy Operation. However, as Plaintiff states, both Galaxy and Brightline are Texas-based entities organized under the laws of the State of Texas with their principal place of business in Texas. Compl. ¶¶ 10, 22, 24. The Galaxy Operation, allegedly orchestrated by Texas companies, took place exclusively within Texas and, unlike the DrugPlace Operation, does not reach Florida at all. Compl. ¶¶ 22-25, 147 (Galaxy Operation allegedly associated with drug cost share program operated by the "Texas Chapter of the National Hispanic Christian Leadership Conference"). Ms. Giscombe's only contact with Florida was related to personal vacations which had absolutely no connexity to Ms. Giscombe's employment or role at Galaxy or Brightline. Giscombe Decl. ¶¶ 7-8. Accordingly, Plaintiff failed to allege Ms. Giscombe had any constitutionally sufficient "minimum contacts" with Florida.

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**               7

### ii. *Plaintiff's claims against Ms. Giscombe do not "arise out of" or "relate to" Ms. Giscombe's forum contacts.*

Evaluation of a nonresident defendant's "minimum contacts" with a state is only half of the calculus. Even if a defendant has *extensive* in-forum contacts (which Ms. Giscombe does not), specific jurisdiction exists only when the suit arises out of or relates to those significant forum contacts. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017); *see also SANDP Sols.*, 2022 WL 7049243, at *6 ("[A]lthough Pineo has had certain aggregate contacts with Florida in the past few years, TSL has failed to demonstrate that the counterclaims at issue relate to or arise out of those specific contacts during the relevant time period.").

Plaintiffs assert that this Court may exercise personal jurisdiction over Ms. Giscombe, and indeed over all Defendants collectively,[7] because "[all nonresident defendants] personally participate in and conspire in the fraudulent activities at issue in Florida and through businesses operating in Florida." Compl. ¶ 42. But, even as pled, Plaintiff's claims against Ms. Giscombe do not in fact "arise from" or "relate to" her contacts with Florida as required by Constitutional Due Process. The phrase "'relate[s] to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Ford Motor*, 592 U.S. at 362. And indeed, Plaintiff has not identified any conduct by Ms. Giscombe, let alone *unlawful* conduct, that took place in Florida. Ms. Giscombe—as described in the Complaint—is a Texas resident who worked for Texas-based companies, Galaxy and Brightline, who were allegedly part of a Texas-based conspiracy. Compl. ¶¶ 37, 153, 154.

---

[7] As a threshold matter, and as described above, this type of indiscriminate group pleading is insufficient to establish personal jurisdiction over Ms. Giscombe. Plaintiff's Complaint contains *no* specific facts to support the exercise of personal jurisdiction over Ms. Giscombe and must be dismissed on this basis alone. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (holding "the requirements of *International Shoe*, … must be met [separately] as to each defendant"); *see also Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**          8

There is no allegation in the Complaint regarding the supposed ways in which Ms. Giscombe "personally participate[d]" in the alleged fraud with respect to any "businesses operating in Florida." Indeed, Ms. Giscombe's name appears in only seven paragraphs of the Complaint, the majority of which are overbroad, group-pleading allegations and none of which connect her specifically to allegedly tortious activities in Florida. For example, Paragraph 179 of the Complaint alleges that "The DrugPlace Officers—Leight, Singer, Smith, Enriquez, Jerry Maynard Sr., Jerry Maynard Jr., Misha Maynard, Mazei, and Giscombe—as the owners and officers of DrugPlace, Nakorn, and Community Health, direct and control the DrugPlace Entities." This allegation highlights the broad and indiscriminate brush with which Plaintiff is attempting to paint all Defendants together— Ms. Giscombe is not (and is not alleged to be) an "owner or officer" of DrugPlace, Nakorn, or Community Health. Plaintiff merely lumps her in with all other individual defendants in an attempt to obscure the fact that there is no basis for her to be party to this suit.

Indeed, the only *specific* allegations related to Ms. Giscombe highlight that her work for the alleged conspiracy took place entirely in Texas and evidences *no connection to Florida* at all. *See* Compl. ¶¶ 25 (Ms. Giscombe is "listed as a contact on Galaxy's ***Texas*** pharmacy license" (emphasis added)); 37 (Ms. Giscombe is "a ***Texas*** citizen residing in Humble, Texas" (emphasis added)); and 10 (describing Galaxy, Ms. Giscombe's place of employment as "a ***Texas***-based pharmacy" (emphasis added)). This is insufficient to satisfy the due process requirement that Plaintiff's claims *arise from or relate to* Ms. Giscombe's in forum conduct. *See Ware v. Citrix Sys., Inc.*, 258 So. 3d 478, 482 (Fla. 4th DCA 2018) ("[A] nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee.") (quoting *Kitroser*, 85 So. 3d at 1088).

Plaintiff fails to plead facts sufficient to establish either general or specific personal jurisdiction over Ms. Giscombe in Texas. The Court should therefore dismiss the Complaint against Ms. Giscombe because it fails to even make a *prima facie* showing of

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**                    9

this Court's jurisdiction over her. Moreover, the competent evidence appended to this motion establishes that there is no personal jurisdiction over Ms. Giscombe in this forum.

## REQUEST FOR HEARING

Ms. Giscombe respectfully requests oral argument on this Motion to Dismiss. Fails entirely to plead any basis for jurisdiction over Ms. Giscombe and the competent evidence attached to this Motion establishes that (i) Ms. Giscombe is not subject to personal jurisdiction in Florida and (ii) Plaintiff is attempting to use the discovery process to paper over its pleading deficiencies. Accordingly, Ms. Giscombe seeks oral argument to answer the Court's questions on any of the parties' briefing and comprehensively address any attempt by Plaintiff to amend its pleadings through argument or discovery. Ms. Giscombe estimates the total time for oral argument, including their opening argument, Lilly's response, and Moving Defendants' reply to be roughly thirty minutes.

## CONCLUSION

This Court lacks personal jurisdiction over Ms. Giscombe. And Plaintiff's allegations contain fatal pleading deficiencies that warrant dismissal. Ms. Giscombe therefore respectfully requests that the Court dismiss Plaintiff's Complaint as it relates to Ms. Giscombe in its entirety under Federal Rule of Civil Procedure 12(b)(2).

Dated: August 7, 2026            Respectfully submitted,

                             /s/ *David S. Shankman*

                             **David S. Shankman, Esq.**
                             Florida Bar No. 940186
                             DINSMORE SHOHL, LLP
                             David.Shankman@dinsmore.com
                             201 N. Franklin Street, Suite 3050
                             Tampa, Florida 33602
                             Telephone (813) 543-9848
                             Facsimile (813) 543-9849

                             **J. Nicholas Bunch**
                             (Admitted *Pro Hac Vice*)
                             Texas Bar No. 24050352

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**         10

Nick.Bunch@haynesboone.com
**Carrington M. Giammittorio**
(Admitted *Pro Hac Vice*)
Texas Bar No. 24101803
Carrington.Giammittorio@haynesboone.com
**Samara Taper**
(Admitted *Pro Hac Vice*)
Texas Bar No. 24137224
Samara.Taper@haynesboone.com
HAYNES AND BOONE, LLP
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone (214) 651-5000
Facsimile (214) 651-5940
*Attorneys for Defendants, Galaxy Med, LLC*
*d/b/a Galaxy Pharmacy, Brightline Wholesale LLC, Readus Smith, Lane Mazei and Danielle Giscombe*

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**          11

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, the foregoing document was served on all counsel of record via email and a corresponding certificate of service was filed using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

/s/ David S. Shankman
David S. Shankman

**DEFENDANT GISCOMBE'S**
**12(b)(2) MOTION TO DISMISS**          12