# Exhibit
# A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ELI LILLY AND COMPANY,

      Plaintiff,

v.

DRUGPLACE, INC. (FL) et al.,

      Defendants.

Civil Action No. 1:26-CV-23516-FAM

## DECLARATION OF J. NICHOLAS BUNCH

I, J. Nicholas Bunch, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge, information, and belief:

1.     I am an attorney duly licensed to practice law in the State of Texas. I was admitted *pro hac vice* to appear in this Case in the United States District Court for the Southern District of Florida. I serve as counsel of record for Defendant Danielle Giscombe (among other defendants) in the above-captioned matter. I am over the age of eighteen and am competent to make this declaration. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2.     I make this declaration in support of Defendant Danielle Giscombe's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2), and for the purpose of authenticating certain evidence attached hereto and incorporated herein by reference.

Declaration of J. Nicholas Bunch         1

3.     Attached hereto as Exhibit A-1 is a true and correct copy of Plaintiff Eli Lilly and Company's First Set of Interrogatories for Defendant Danielle Giscombe, dated June 26, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2026, in Dallas, Texas.

J. Nicholas Bunch
Texas State Bar No. 24050352
Nick.Bunch@haynesboone.com

**Declaration of J. Nicholas Bunch**                    2

# Exhibit
# A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ELI LILLY AND COMPANY,                    **CASE NO.: 1:26-CV-23516-FAM (EFD)**

        Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC.
(TN); COMMUNITY HEALTH INITIATIVE,
INC.; NAKORN WHOLESALERS LLC;
GALAXY MED, LLC d/b/a GALAXY
PHARMACY; BRIGHTLINE WHOLESALE
LLC; KEVIN SINGER; PAUL LEIGHT;
READUS SMITH; JERRY MAYNARD SR.;
JERRY MAYNARD JR.; MISHA MAYNARD;
EDGAR ENRIQUEZ; LANE MAZEI;
DANIELLE GISCOMBE,

        Defendants.

_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**<u>FOR DEFENDANT DANIELLE GISCOMBE</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Southern District

of Florida Local Rules 26.1, Plaintiff Eli Lilly and Company hereby requests that Defendant

Danielle Giscombe answer the following interrogatories under oath in accordance with those rules

and the definitions and instructions set forth herein on or before July 27, 2026.

DATED: June 26, 2026

        **STEARNS WEAVER MILLER WEISSLER**
        **ALHADEFF & SITTERSON, P.A.**

        */s/ Jay B. Shapiro*
        Jay B. Shapiro, Esq. (FBN 776361)
        Email:  jshapiro@stearnsweaver.com
        Veronica L. de Zayas, Esq. (FBN 91284)
        Email:  vdezayas@stearnsweaver.com
        Ryan M. Wolis, Esq. (FBN 1019034)
        Email:  rwolis@stearnsweaver.com
        150 W. Flagler St., Suite 2200, Miami, FL 33130
        Telephone: 305-789-3200

**PATTERSON BELKNAP WEBB & TYLER LLP**

*/s/ Geoffrey Potter*
Geoffrey Potter, Esq. (Admitted *pro hac vice*)
Email:  gpotter@pbwt.com
Aron Fischer, Esq. (Admitted *pro hac vice*)
Email:  afischer@pbwt.com
Joshua Kipnees, Esq. (Admitted *pro hac vice*)
Email:  jkipnees@pbwt.com
1133 Avenue of the Americas, New York, NY 10036
Telephone: 212-336-2000

*Attorneys for Plaintiff Eli Lilly and Company*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2026, a true and correct copy of the foregoing was served via electronic mail on all counsel of record and additional counsel listed below:

**POLSINELLI PC**

Henry H. Bolz, IV, Esq.
Primary:  hbolz@polsinelli.com
Secondary: FLdocketing@polsinelli.com
Adrienne Frazior, Esq.
Primary:  afrazior@polsinelli.com
Andrew Ennis, Esq.
Primary:  aennis@polsinelli.com

*Attorneys for Defendants DrugPlace, Inc. (FL); DrugPlace, Inc. (TN); Community Health Initiative, Inc.; Nakorn Wholesalers, LLC; Galaxy Med, LLC d/b/a Galaxy Pharmacy; Brightline Wholesale LLC; Paul Leight; Kevin Singer; Readus Smith; Jerry Maynard Sr.; Jerry Maynard Jr.; Edgar Enriquez; Lane Mazei; and Danielle Giscombe*

**HOLLAND & KNIGHT LLP**

Wifredo Antonio Ferrer, Esq.
Primary: wifredo.ferrer@hklaw.com
Henry Leventis, Esq. (*pro hac vice* pending)
Primary: henry.leventis@hklaw.com
Ross Hildabrand, Esq. (*pro hac vice* pending)
Primary: ross.hildabrand@hklaw.com

*Attorneys for Defendant Jerry Maynard Jr.*

**HOLLEMAN LAW GROUP**

Jason Holleman, Esq.
Primary: Jason@hollemangroup.com

*Attorney for Defendant Misha Maynard*

*/s/ Jay B. Shapiro*
Jay B. Shapiro, Esq.

3

## DEFINITIONS

1.      "You" or "Your" means Danielle Giscombe.

2.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.      "Concerning" means relating to, referring to, describing, evidencing, or constituting

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; the use of the singular form of any word includes the plural and vice versa.

5.      "Community Health Initiative" or "Community Health" means Community Health Initiative, Inc. in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to its owners, officers, directors, employees and partners, its subsidiaries and affiliates, and all persons and entities acting on its behalf or as its representative or agent.

6.      "Lilly" means Eli Lilly and Company in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to its officers, directors, employees and partners, its subsidiaries and affiliates, and all persons and entities acting on its behalf or as its representative or agent.

7.      "Lilly Medicine" means any medicine manufactured, marketed, or sold by Lilly, including but not limited to TRULICITY®, HUMALOG®, HUMULIN®, AND CIALIS®.

4

8.      "Rebate Claim" or "Rebate Claims" means any request, submission, or claim submitted to Lilly or any intermediary (including any PBM, rebate aggregator, or other third party) seeking payment, reimbursement, credit, or any other form of remuneration based on the purported dispensing of a Lilly medication to a patient, including any data, documentation, or information submitted in connection with such request.

9.      "Prescription Cost Share Program" or "Prescription Cost Share Programs" means any program purporting to provide prescription drug benefits to members, as so referenced in the Community Health and NHCLC formulary and eligibility documents obtained from Defendants by Lilly.

## INSTRUCTIONS

1.      These definitions and instructions, and the interrogatories set forth above, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

2.      These interrogatories are deemed to include any and all relevant information and documents within Your possession, custody or control, including, without limitation, documents located in the files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of or retained by You.

3.      If You have a good-faith objection to any interrogatory or any part thereof, the specific nature of the objection and whether it applies to the entire interrogatory or to a part of the interrogatory must be stated.  If there is an objection to any part of an interrogatory, then the part objected to must be identified and a response to the remaining unobjectionable part must be provided.

4.      If You have a good-faith objection to any interrogatory or any part thereof based upon the attorney-client privilege, work product doctrine, or any other privilege or immunity, You

must provide an explanation of the basis therefor, including the specific nature of the privilege or immunity claimed and the detailed grounds for claiming such privilege or immunity.

5.     Each interrogatory must be answered on the basis of Your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

6.     If documents are being produced in lieu of answers pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, identify, by document production number or similar means, the specific documents wherein the answer is located and, unless apparent on the face of the document, state where within the document the answer can be found.

7.     These interrogatories should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State the dates You have resided in, traveled to, and/or visited the State of Florida since January 1, 2020, and, if not a permanent resident, state the purpose for Your travel and the length of Your stay.

**INTERROGATORY NO. 2:**

Identify each position, title, office, ownership interest, employment role, contractor role, consulting role, agency relationship, or other affiliation You have held with any Defendant entity, including the dates of each role, Your duties and responsibilities, Your supervisor(s), the person(s) You supervised, and the physical location(s) from which You performed those duties.

**INTERROGATORY NO. 3:**

Describe Your role in any agreement, arrangement, understanding, or course of conduct among Defendants relating to Rebate Claims for Lilly Medicine and any Prescription Cost-Share Program affiliated with any Defendants, including, but not limited to, Community Health, or

relating to the distribution or re-distribution of Lilly Medicine.

**INTERROGATORY NO. 4:**

Describe all authority You had, formally or informally, to direct, approve, supervise, control, or influence any of the Defendants' operations relating to: (a) Lilly Medicine; (b) prescription intake or dispensing; (c) patient eligibility; (d) prescriber relationships; (e) Rebate Claims or rebate data; (f) purchases from wholesalers or distributors; (g) transfers or sales to other pharmacies, wholesalers, or distributors; (h) formularies or Prescription Cost Share Program documents; and (i) bank accounts, payments, or distributions.

**<u>VERIFICATION</u>**

I have read the foregoing answers to Plaintiff's First Set of Interrogatories for Defendant Danielle Giscombe and verify that they are true and correct.

**DANIELLE GISCOMBE**

Signature: _____

Date: _____

STATE OF _____ )

COUNTY OF _____ )

BEFORE ME, the undersigned authority, personally appeared DANIELLE GISCOMBE on _____ 2026, who executed the foregoing answers to Plaintiff's First Set of Interrogatories for Defendant Danielle Giscombe and stated under penalties of perjury that such answers are true and correct.

_____
Notary Public, State of _____
Name Printed: _____
My Commission Expires: _____