**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ELI LILLY AND COMPANY,

Plaintiff,

v. CASE NO.: 1:26-cv-23516-FAM

DRUGPLACE, INC. (FL); DRUGPLACE, INC.(TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS LLC; GALAXY MED, LLC d/b/a GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; KEVIN SINGER; PAUL LEIGHT; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; DANIELLE GISCOMBE

Defendants.

_____________________________/

**DEFENDANTS GALAXY MED, LLC, BRIGHTLINE WHOLESALE LLC, READUS SMITH, LANE MAZEI AND DANIELLE GISCOMBE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

INTRODUCTION AND SUMMARY OF ARGUMENTS ........ 1

BACKGROUND ........ 2

LEGAL STANDARDS ........ 4

I. Rule 12(b)(6) ........ 4

II. Rule 9(b) ........ 4

ARGUMENTS AND AUTHORITIES ........ 5

I. Plaintiff fails to adequately plead its common law fraud claim against Galaxy, Smith, and Mazei. ........ 5

A. Plaintiff fails to make specific allegations regarding any false statement made by Galaxy, Smith, or Mazei, their knowledge of any such falsity, or adduce facts evidencing the requisite scienter. ........ 7

B. Plaintiff fails to allege pecuniary loss caused by its reliance on any misstatement by Moving Defendants. ........ 12

II. Plaintiff fails to adequately plead its conspiracy claim against Moving Defendants. ........ 13

A. Plaintiff fails to plead an underlying tort. ........ 13

B. Plaintiff does not establish that Moving Defendants had knowledge of or assisted in the DrugPlace Operation or Galaxy Operation. ........ 13

III. Plaintiff fails to adequately plead its negligent misrepresentation claim against Galaxy, Smith, and Mazei. ........ 16

IV. Plaintiff fails to adequately plead its unjust enrichment or money had and received claims against Moving Defendants. ........ 18

REQUEST FOR HEARING ........ 19

CONCLUSION ........ 19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADT LLC v. Vision Sec., LLC*,
2014 WL 11512215 (S.D. Fla. Jan. 15, 2014) .......... 5

*Alhassid v. Bank of Am., N.A.*,
60 F. Supp. 3d 1302 (S.D. Fla. 2014) .......... 13

*Am. Dental Ass'n v. Cigna Corp.*,
605 F.3d 1283 (11th Cir. 2010) .......... 4, 5, 18

*Am. United Life Ins. Co. v. Martinez*,
480 F.3d 1043 (11th Cir. 2007) .......... 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4

*Behrman v. Allstate Life Ins. Co.*,
178 F. App'x 862 (11th Cir. 2006) .......... 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4

*Brooks v. Blue Cross & Blue Shield of Fla., Inc*,
116 F.3d 1364 (11th Cir. 1997) .......... 6

*Corbett v. Transp. Sec. Admin.*,
968 F. Supp. 2d 1171 (S.D. Fla. 2012), *aff'd*, 568 F. App'x 690 (11th Cir. 2014) .......... 14

*Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbott*,
561 F. App'x 882 (11th Cir. 2014) .......... 14

*Dickerson v. Alachua Cnty. Comm'n*,
200 F.3d 761 (11th Cir. 2000) .......... 16

*Dixon v. Countrywide Home Loans, Inc.*,
710 F. Supp. 2d 1325 (S.D. Fla. 2010) .......... 7

*Donofrio v. Matassini*,
503 So. 2d 1278 (Fla. 2d DCA 1987) .......... 14

*Durham v. Bus. Mgmt. Assocs.*,
847 F.2d 1505 (11th Cir. 1988) .......... 10

*Falsetto v. Liss*,
275 So. 3d 693 (Fla. 3d DCA 2019), *review denied*, 2019 WL 6248475 (Fla. Nov. 22, 2019) .......... 8

*FindWhat Investor Group v. FindWhat.com*,
658 F.3d 1282 (11th Cir. 2011) .......... 17

*Fullman v. Graddick*,
739 F.2d 553 (11th Cir. 1984) .......... 15

*Garfield v. NDC Health Corp.*,
466 F.3d 1255 (11th Cir. 2006) .......... 5, 11

*Hepp v. Paul Revere Life Ins. Co.*,
120 F. Supp. 3d 1328 (M.D. Fla. 2015) .......... 12

*Honig v. Kornfeld*,
339 F. Supp. 3d 1323 (S.D. Fla. 2018) .......... 17

*Jacobs v. Bank of Am. Corp.*,
2017 WL 2361943 (S.D. Fla. Mar. 21, 2017) .......... 8

*Johnson v. Catamaran Health Sols., LLC*,
687 F. App'x 825 (11th Cir. 2017) .......... 18

*Kelly v. Palmer, Reifler, & Assocs., P.A.*,
681 F. Supp. 2d 1356 (S.D. Fla. 2010) .......... 18

*Lipsig v. Ramlawi*,
760 So.2d 170 (Fla. 3rd DCA 2000) .......... 16

*Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*,
932 F.3d 1303 (11th Cir. 2019) .......... 11

*McAndrew v. Lockheed Martin Corp.*,
206 F.3d 1031 (11th Cir. 2000) .......... 16

*McGee v. JP Morgan Chase Bank, NA*,
520 F. App'x 829 (11th Cir. 2013) .......... 17

*N.A.S. v. Morada-Haute Furniture Boutique LLC*,
2021 WL 5547626 (S.D. Fla. Aug. 24, 2021)........................................................... 6

*Omnipol, A.S. v. Multinational Def. Servs., LLC*,
32 F.4th 1298 (11th Cir. 2022) .................................................................. 5, 18, 19

*In re Palm Beach Fin. Partners, L.P.*,
488 B.R. 758 (Bankr. S.D. Fla. 2013)........................................................................ 19

*Panteleakis v. Waypoint Residential, LLC*,
2026 WL 881212 (S.D. Fla. Feb. 24, 2026) ........................................................ 11, 12

*Pincus v. Am. Traffic Sols., Inc*,
986 F.3d 1305 (11th Cir. 2021), *certified question answered & remanded*, 333 So. 3d 1095 (Fla. 2022)................................................................ 18

*Prentice v. R.J. Reynolds Tobacco Co.*,
338 So. 3d 831 (Fla. 2022)........................................................................................ 12

*Rana Fin., LLC v. City Nat'l Bank of N.J.*,
347 F. Supp. 3d 1147 (S.D. Fla. 2018) ....................................................................... 5

*Rousseff v. E.F. Hutton Co.*,
843 F.2d 1326 (11th Cir. 1988) ................................................................................ 13

*Schultz v. Applica Inc.*,
488 F. Supp. 2d 1219 (S.D. Fla. 2007) ....................................................................... 9

*Sevi v. Israel Disc. Bank of N.Y.*,
2014 WL 12861833 (S.D. Fla. Nov. 24, 2014) .......................................................... 12

*Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
295 F.R.D. 540 (S.D. Fla. 2013)................................................................................. 5

*State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*,
278 F. Supp. 3d 1307 (S.D. Fla. 2017) ............................................................. 4, 7, 14

*Symphony, LLC v. Romeu*,
2019 WL 2107288 (S.D. Fla. Mar. 13, 2019)........................................................... 4, 5

*Whittaker v. Auto-Owners Ins. Co.*,
2021 WL 3630098 (M.D. Ga., 2021)......................................................................... 14

*Wilding v. DNC Servs. Corp.*,
941 F.3d 1116 (11th Cir. 2019) .......... 4

*Ziemba v. Cascade Int'l, Inc.*,
256 F.3d 1194 (11th Cir. 2001) .......... 19

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......... 4

Fed. R. Civ. P. 9(b) .......... 4

Defendants Galaxy Med, LLC d/b/a Galaxy Pharmacy ("Galaxy"), Brightline Wholesale LLC ("Brightline"), Readus Smith, Lane Mazei, and Danielle Giscombe[1] (collectively, the "Moving Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint (Doc. 1, the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION AND SUMMARY OF ARGUMENTS

Plaintiff's sprawling sixty-six-page Complaint indiscriminately accuses more than a dozen individuals and entities of participating in, orchestrating, and carrying out an alleged rebate fraud scheme related to Eli Lilly and Company's ("Lilly") prescription medication, TRULICITY® ("Trulicity"). Plaintiff relies heavily on vague, impermissible group pleading to attempt to make its case against the *fifteen* defendants it has sued. Plaintiff makes *no* specific allegations about the role that any of the Moving Defendants supposedly played in the alleged fraud. Instead, Plaintiff just outlines the supposed scheme and makes conclusory allegations about each Moving Defendant's role based on seemingly nothing more than job title or decade-old conduct. But the Federal Rules require more: Plaintiff must plead fraud (and the ancillary claims sounding in fraud) against each individual defendant with particularity—not simply lean on the alleged overall illegality of the scheme. Plaintiff tries to assert a wide-ranging rebate fraud scheme perpetuated by Galaxy and Brightline but does not explain who carried it out or how they did so. Nor do they plead any particular facts establishing that any of the Individual Moving Defendants knew of a single rebate claim that was improperly submitted. And, for Mr. Smith, all of Plaintiff's substantive allegations relate to decade-old conduct that does not form the basis of any live claim.

Presumably aware of the major defects in its Complaint, Lilly has embarked on a veritable blitzkrieg of discovery—serving upwards of 1,000 discovery requests on parties

[1] Defendant Danielle Giscombe has, contemporaneously with this brief, filed a separate motion to dismiss the Complaint for lack of personal jurisdiction. Ms. Giscombe files this motion subject to and without waiving her arguments in that motion.

and non-parties alike and insisting on immediate depositions of third-party witnesses. While it is well-established that a party cannot amend pleadings through documents attached to motions practice, it seems clear Lilly acknowledges the weaknesses of its live complaint and is already preparing to replead its case. But the allegations against Moving Defendants are so slim and lacking in legal foundation that amendment would be futile. Therefore, Moving Defendants ask the Court to grant their Motion and dismiss the Complaint against them with prejudice.[2]

## BACKGROUND

Plaintiff alleges that it was defrauded by six different entities and nine different individuals, including the Moving Defendants, in two purported multi-year "rebate fraud scheme[s]." Compl. ¶¶ 1, 13-38.[3] Despite Plaintiff's attempt to treat all these actors as a single entity, the claims at issue in the Complaint are premised on *two different* alleged schemes: the DrugPlace Operation, taking place from 2020-2025 in Florida and Tennessee, and the Galaxy Operation, taking place beginning July 2024 in Texas. Compl. ¶¶ 91, 102, 147, 149, 200. Plaintiff repeatedly attempts to blur the lines between these two schemes, hoping to hide the weaknesses in its pleading by repeated use of overly broad defined terms like "DrugPlace Entities," "DrugPlace Officers," and "DrugPlace Conspiracy." But although lumped into those definitions, the Moving Defendants have no demonstrable connection to the described DrugPlace Operation and Plaintiff does not actually allege otherwise.

---

[2] The DrugPlace Defendants have raised similar arguments at length in their own motion to dismiss Plaintiff's Complaint. *See Defendants DrugPlace, Inc. (FL), DrugPlace, Inc. (TN), Community Health Initiative, Inc., Nakorn Wholesalers, LLC, Kevin Singer, and Paul Leight's Motion to Dismiss Plaintiff's Complaint* at Section IV.A-E ("DrugPlace Motion"). These arguments regarding the applicable pleading standards and facial deficiencies in Plaintiff's Complaint apply with similar force to the Moving Defendants and the Moving Defendants hereby adopt and incorporate them by reference. The following section focuses instead on pleading deficiencies unique to each of the Moving Defendants.

[3] The citations to the Complaint are not an admission of the accuracy of those allegations, and simply reflect Moving Defendants' recognition that, for the purpose of this Motion, all well-pleaded factual allegations are taken as true.

In brief, Plaintiff claims indiscriminately that "DrugPlace Defendants" submitted fraudulent rebate claims to Lilly for its diabetes medication, Trulicity. Compl. ¶ 3. Defendants submitted these claims not to Lilly directly but to multiple layers of independent third-party intermediaries who submitted the claims to Lilly. *Id.*[4]. In doing so, the unspecified "DrugPlace Defendants" represented that the medication had been dispensed to patients enrolled in church-affiliated "prescription cost share program[s]." Compl. ¶ 2. Instead, the medication was allegedly resold on the secondary pharmaceutical market. Compl. ¶ 95.

Moving Defendants are two entities, and three individuals: (i) Galaxy, a Texas-based pharmacy, Compl. ¶¶ 22-23; (ii) Brightline, a Texas-based pharmaceutical wholesaler, Compl. ¶¶ 24-25; (iii) Mr. Lane Mazei, a Florida citizen and the Manager and registered agent of both Galaxy and Brightline, Compl. ¶ 36; (iv) Mr. Readus Smith, a Florida citizen and the Secretary General of Health and Business for the Church of God in Christ ("COGIC") and the CEO and registered agent of Community Health, Compl. ¶ 30; and (v) Ms. Danielle Giscombe, a Texas citizen who was Brightline's Pharmaceutical Wholesale Manager and a registered pharmacy technician at Galaxy, Compl. ¶ 37. By Plaintiff's own account, none of the Moving Defendants ever submitted a rebate claim, a formulary, or any other representation directly to Lilly; all such information passed through independent third parties. Compl. ¶¶ 60-61, 147. Moreover, Plaintiff cannot identify (i) a single improper rebate claim that any of the Individual Moving Defendants submitted or (ii) any individual person who submitted an improper rebate claim on behalf of Galaxy or Brightline. This is the very crux of Plaintiff's lawsuit. And Plaintiff's failure to identify the "the who, what, when, where, and how" of the alleged Galaxy Operation is fatal to its claims.

---

[4] Notably, Plaintiff did not sue the third-party intermediaries. Neither of the parties responsible for actually submitting the rebates to Plaintiffs (*i.e.* two major pharmacy benefits managers ("PBMs")) or Health Delegates, the rebate aggregator that serves as a middleman between Brightline and the PBMs, are named defendants. Compl. ¶ 147.

## LEGAL STANDARDS

### I. RULE 12(B)(6)

The pleading standards in the Federal Rules of Civil Procedure "appl[y] to state-law claims litigated in federal court." *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1130 (11th Cir. 2019). Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss any cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To properly state a claim, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "plausible" allegation requires more than "labels and conclusions," or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* As a *baseline*, then, to survive a motion to dismiss Lilly must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (second alteration in original).

### II. RULE 9(B)

Claims sounding in fraud "must comply not only with the plausibility criteria set forth by *Iqbal*, but also the heightened pleading standard under Fed. R. Civ. P. 9(b)." *Symphony, LLC v. Romeu*, 2019 WL 2107288, at *2 (S.D. Fla. Mar. 13, 2019) (internal quotations omitted); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1328 (S.D. Fla. 2017) ("[W]here the gravamen of the claim sounds in fraud ... the heightened pleading standard of Rule 9(b) applies."); Fed. R. Civ. P. 9(b) (a party alleging fraud or mistake must "state with particularity the circumstances

constituting" such wrongdoing). Generally, "[a] claim sounds in fraud when a plaintiff alleges that a defendant has either conspired or engaged in a scheme to make fraudulent statements." *ADT LLC v. Vision Sec., LLC*, 2014 WL 11512215, at *1 (S.D. Fla. Jan. 15, 2014).

All of Plaintiff's claims are subject to these heightened pleading requirements. "[A]ll claims within a complaint are subject to Rule 9(b) particularity when those claims are based upon the same alleged fraudulent statements or omissions." *Symphony,* 2019 WL 2107288, at *3 (citing *Rana Fin., LLC v. City Nat'l Bank of N.J.*, 347 F. Supp. 3d 1147, 1155 (S.D. Fla. 2018)). Here, all of Plaintiff's claims—common law fraud, civil conspiracy, negligent misrepresentation, unjust enrichment, and money had and received—are based on the same set of facts and alleged "Galaxy Operation" related to the submission of fraudulent rebate claims for Trulicity. Thus, the heightened pleading standard of Rule 9(b) applies to each of Plaintiff's claims. *See Rana*, 347 F. Supp. 3d at 1155 (holding the Rule 9(b) standard applied to plaintiff's negligent misrepresentation and unjust enrichment claims because the "claims all sound in fraud" and "the fraud [was] the source of the alleged inequity"); *see also Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 n.11 (11th Cir. 2022) ("Because [the plaintiffs'] claims of civil theft and unjust enrichment 'sound in fraud,' they are subject to Rule 9(b)'s requirements.")

## ARGUMENTS AND AUTHORITIES

### I. Plaintiff fails to adequately plead its common law fraud claim against Galaxy, Smith, and Mazei.[5]

Under Rule 9(b), "a party must state with particularity circumstances constituting the fraud or mistake." *Am. Dental*, 605 F.3d at 1291. This requires a plaintiff to establish "the who, what, when[,] where, and how" of the fraudulent conduct. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). "[W]hen a plaintiff claims fraud by several defendants, the complaint should contain specific allegations with respect to each

[5] Plaintiff does not include Ms. Giscombe or Brightline in its definition of "Fraud Defendants" against whom Count I is brought.

defendant; generalized allegations lumping multiple defendants together are insufficient." *Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 295 F.R.D. 540, 544 (S.D. Fla. 2013) (cleaned up); *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (finding the amended complaint was "devoid of specific allegations with respect to the separate Defendants" and thus, was subject to dismissal for "failure to plead fraud with the requisite specificity as to each of the Defendants under Rule 9(b)."); *N.A.S. v. Morada-Haute Furniture Boutique LLC*, 2021 WL 5547626 (S.D. Fla. Aug. 24, 2021) (granting the defendant's motion to dismiss because the plaintiff did not identify "who specifically made the different representations and lumped all of [the defendants] together," making it impossible for the defendants to know who made which specific representation and be able to defend themselves appropriately).

Here, even though the Complaint describes two distinct schemes—the DrugPlace Operation and the Galaxy Operation—Plaintiff simply lumps together DrugPlace, Galaxy, Community Health, Leight, Singer, Smith, and Mazei as the "Fraud Defendants." Plaintiff makes no attempt to explain each individual defendant's alleged role in the two separate schemes. Indeed, Plaintiff fails to make *any* distinction at all amongst the "Fraud Defendants" as to who submitted the claims, on behalf of what entity they were acting, what information was submitted, when the claims were submitted, or how the claims were submitted. Compl. ¶ 206. This is the exact type of indiscriminate, vague pleading that Rule 9(b) prohibits. And while the Complaint contains myriad allegations about what "DrugPlace" or even "Community Health" allegedly did to support the scheme,[6] that does not substantiate a fraud claim against any *individual* defendant.

*State Farm* is instructive. There, the court dismissed a fraud claim against individual defendants where "there [were] no well-pleaded allegations here that the Individual

[6] Moving Defendants do not admit the sufficiency of these allegations against DrugPlace or Community Health—and, in fact, those entities vigorously contest Plaintiff's claims against them, *see* DrugPlace Motion at Section IV.B. Moving Defendants simply make the point that general

Defendants involved themselves in the scheme in any way other than through their ownership interests in the entity defendants." 278 F. Supp. 3d at 1322. In *State Farm*, the plaintiff alleged that multiple medical practices and associated individuals engaged in two unlawful referral arrangements which caused the insurer to make settlement payments on inflated invoices. *Id.* at 1312-13. Indeed, the complaint in that case identified "specifics pertaining to the discrepancy between the amount claimed and the amount actually paid" on certain invoices and attached exhibits which showed "patients' initials, claim numbers, the dates of settlements, settlement amounts, the corresponding charges from the Medical Practices and the Surgical Facilities, along with example invoices and demand letters." *Id.* at 1318, 1321. The *State Farm* court found this level of detail sufficient to state a claim for fraud against the entity defendants in that case. *Id.*at 1321[7] However, the court dismissed the plaintiff's claims against the individual defendants because plaintiff failed to allege "specific instances of conduct" by each individual defendant and admitted "it [did] not know the specific persons 'employed or utilized by the entity Defendants to make the fraudulent representations"' *Id.* at 1321-22. Lilly's Complaint here suffers from the same defect—it cannot point to any "specific instances of conduct" by the Individual Moving Defendants in furtherance of the alleged fraud.

### A. Plaintiff fails to make specific allegations regarding any false statement made by Galaxy, Smith, or Mazei, their knowledge of any such falsity, or adduce facts evidencing the requisite scienter.

Common law fraud requires a plaintiff to show: (1) a false statement concerning a specific material fact, (2) the maker's knowledge that the representation is false, (3) an intention that the representation induce another's reliance, and (4) consequent injury by the

allegations about what entities may have done are insufficient to state a claim against any given individual.

[7] Lilly's Complaint demonstrably lacks this level of detail even with regard to the entity defendants it has sued. By Lilly's own admission, the data available to it is "limited in scope" and Lilly "allocate[s] responsibility for the review and accuracy of rebate data to the parties that submit and process it, in particular PBMs." Compl. ¶¶ 96, 97. Thus, Lilly has not pled its fraud claim to the standard accepted by the *State Farm* court.

other party acting in reliance upon the representation. *See, e.g.*, *Dixon v. Countrywide Home Loans, Inc.*, 710 F. Supp. 2d 1325, 1331 (S.D. Fla. 2010) (applying Florida law); *Falsetto v. Liss*, 275 So. 3d 693, 697 (Fla. 3d DCA 2019), *review denied*, 2019 WL 6248475 (Fla. Nov. 22, 2019). Although knowledge or scienter may be averred generally, "courts have often required plaintiffs to plead the factual basis which gives rise to reasonable inference of fraudulent intent." *Jacobs v. Bank of Am. Corp.*, 2017 WL 2361943, at *10 (S.D. Fla. Mar. 21, 2017) (cleaned up). Specifically, a plaintiff must state "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive." *Id.* (citing *AAMP of Fla., Inc. v. Auto. Data Sols., Inc.*, 2014 WL 12620847, at *2 (M.D. Fla. Aug. 26, 2014)). Plaintiff has not done so here.

The Complaint focuses heavily on DrugPlace's alleged fraudulent conduct in 2015 that led to the breakup of Lilly's previous contractual relationship with DrugPlace TN. Indeed, where specific allegations *are* included in the Complaint, they almost exclusively relate to this decade-old dispute between DrugPlace and Lilly. *See* Compl. ¶¶ 65-90. A dispute that is not part of any substantive claim in the Complaint and was concluded years before Galaxy ever existed. Despite this, Plaintiff includes Galaxy, Smith, and Mazei in the same common law fraud claim as all other "Fraud Defendants." This lack of precision falls far short of what 9(b) requires. Plaintiff fails to state a common law fraud claim against the Moving Defendants. The allegations against each of the Moving Fraud Defendants are addressed in detail below.

**Readus Smith**. Mr. Smith is the only Moving Defendant with any alleged connection to DrugPlace or the DrugPlace Operation. But even that connection is tenuous and based entirely on decade-old information. Most of the Complaint's allegations about Mr. Smith relate to his brief interactions with Lilly at DrugPlace TN in November 2015. *See* Compl. ¶¶ 77-83. These interactions cannot form the basis of claims related to a separate scheme taking place half a decade later. The court should afford them no weight.

The following are the only unique (*i.e.*, not group-pled) allegations regarding Mr. Smith's conduct and purported role in the DrugPlace Operation:

- Smith is the CEO and registered agent for Defendant Community Health and has been affiliated with Leight and Singer's non-defendant companies, including several associated with the 617 Airpark Center Drive address in Nashville, Tennessee (where DrugPlace TN and Community Health are located). Compl. ¶ 30.
- Smith personally supervised, participated in, conspired to participate in, and benefited from the fraudulent scheme described below. Compl. ¶ 31.
- Defendant Smith created the Community Health program and coordinated with the other defendants to provide the appearance of a legitimate patient base of Church members. Compl. ¶ 180.

Teasing out the specific allegations related to Mr. Smith puts the deficiency of those allegations in stark relief. Plaintiff does not actually allege that Mr. Smith made any statement, knew any statement was false, or acted with the scienter required to support a common law fraud claim related to the DrugPlace Operation. And while Plaintiff alleges that Mr. Smith "created" Community Health, it is silent as to when that occurred and does not allege that he took *any* specific actions in his role as CEO of that entity. Instead, Plaintiff lumps in Mr. Smith in amongst the "Fraud Defendants" based solely on his position with Community Health—an entity that Plaintiff alleges, at most, played a peripheral role and was not responsible for submitting the alleged fraudulent rebate claims. Compl. ¶¶ 206-08. This is insufficient. *See Schultz v. Applica Inc.*, 488 F. Supp. 2d 1219, 1227 (S.D. Fla. 2007) (finding that "Plaintiffs' conclusory allegations that [the] [d]efendants knew or recklessly disregarded the falsity of their statements or omissions based on their positions in the corporation [was] insufficient to meet the heightened pleading requirement for scienter.").

**Lane Mazei**. Plaintiff does not allege that Mr. Mazei had any role with the DrugPlace Operation. Instead, Mr. Mazei is included among the Fraud Defendants because he is the Manager and owner of Galaxy and Brightline. Compl. ¶ 36. Much like Mr. Smith, this management role and ownership interest—and alleged business ties to Defendants

Leight and Singer—seem to be the only basis for Mr. Mazei's inclusion as a defendant. Plaintiff generally alleges that "In these roles, Mazei supervised, participated in, conspired to participate in, and benefited from the fraudulent scheme described below." *Id.* But the Complaint "below" is devoid of any specifics about *how* Mr. Mazei advanced the alleged fraud.

As with Mr. Smith, the scant allegations against Mr. Mazei specifically demonstrate the flaws in Plaintiff's Complaint:

- Mazei is the Manager, director, officer of record, and registered agent of Galaxy as well as the Manager and Organizer and registered agent of Brightline. Compl. ¶¶ 23, 36.
- Galaxy is owned by Defendant Mazei, who has numerous ties to Defendants Leight and Singer. In addition to the shared Hollywood, Florida address for Galaxy, Mazei is also involved in other business ventures with Leight and Singer in Fort Lauderdale. Compl. ¶¶ 36, 150.
- In these roles, Mazei supervised, participated in, conspired to participate in, and benefited from the fraudulent scheme described below. Compl. ¶ 36.
- Galaxy and Brightline are both owned by Mazei. Compl. ¶ 152.
- Beginning in July 2024, the DrugPlace's owners and principals, through their associates that included Defendant Mazei, reconstructed the DrugPlace model through new channels, using different entities comprising the Galaxy Operation to submit fraudulent rebate claims, through intermediaries, to Lilly under a strikingly similar scheme. Compl. ¶ 200.

The generality of these "specific" allegations in combination with the rampant group pleading issues make it impossible for Mr. Mazei to understand the "precise misconduct with which [he is] charged." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988). Plaintiff merely alleges that the "Fraud Defendants" collectively "knowingly and intentionally submitted or caused to be submitted . . . hundreds of thousands of false rebate claims to Lilly" and did so "with the intent to defraud." Compl. ¶¶ 206-07. Plaintiff makes no attempt to differentiate the role of Mr. Mazei from that of any of the other fraud defendants. The Court should afford no weight to these boilerplate allegations.

**<u>Galaxy</u>**. Nowhere in its sixty-six-page Complaint does Plaintiff provide *any* claim-level data, audit findings, or specific transactional information related to Galaxy. This stands in stark contrast to the highly specific information Plaintiff includes about the *2015* audit that led to the end of Lilly's previous relationship with DrugPlace. Compl. ¶¶ 65-90. But even those details say nothing about the two frauds actually at issue in the Complaint, including, crucially, how the DrugPlace and Galaxy Operations were accomplished and by whom. Plaintiff cannot rely on conclusory allegations and speculation to establish fraud.

Plaintiff does not allege any specific false statement made by Galaxy to Plaintiff, or even to an intermediary who then passed it on to Plaintiff. Instead, the Complaint states that "rebates claims were first submitted to Health Delegates" and then "to PBM-2" who then "submitted the rebate claims to Lilly for payment." Compl. ¶ 147. This allegation provides no clarity as to *who* from Galaxy submitted the claims to Health Delegates, who was responsible for creating the claims, or what information was submitted in the allegedly fraudulent claims. Instead, Plaintiff asks the Court to infer that because Galaxy utilized the "same rebate aggregator that DrugPlace used" and "the same PBM," that Galaxy must have necessarily been involved in the same allegedly fraudulent conduct as DrugPlace. Compl. ¶ 147. But this is not enough: Plaintiff is required to plead the "the who, what, when[,] where, and how" of the fraudulent conduct with respect to ***each defendant's participation*** in the fraud. *Garfield*, 466 F.3d at 1262 (emphasis added). And, where an entity is accused of fraud, that means identifying the specific people acting on its behalf in furtherance of the fraud. *See Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1070 (11th Cir. 2007) (affirming dismissal of fraud claims for lack of Rule 9(b) specificity where complaint "did not allege which of the receivership entities' agents or corporate representatives engaged in this fraud"); *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1317 (11th Cir. 2019) (finding that "a corporation may act only through its agents").

Rule 9(b) "requires a plaintiff 'alleging fraud ... [to] state with particularity the circumstances constituting fraud'" *Panteleakis v. Waypoint Residential, LLC*, 2026 WL 881212, at *8 (S.D. Fla. Feb. 24, 2026) (citing Rule 9(b)). At core, however, Plaintiff's

Complaint here alleges nothing more specific regarding the Moving Defendants than that they, along with the other "Fraud Defendants," "were personally involved in and approved of the fraudulent schemes" and "had actual knowledge of, and substantially assisted in, the schemes to submit through intermediaries, and receive payment in connection with, fraudulent rebate claims to Lilly[.]" Compl. ¶ 208. But Plaintiff does not distinguish Mr. Smith's conduct from Mr. Mazei's from Mr. Singer's from Mr. Leight's—or from the entities with which each is associated. This type of indiscriminate, conclusory pleading is not enough to "alert[] defendants to the 'precise misconduct with which they are charged.'" *Panteleakis*, 2026 WL 881212, at *8 (citation omitted).

### B. Plaintiff fails to allege pecuniary loss caused by its reliance on any misstatement by Moving Defendants.

Plaintiff is required to show pecuniary loss in support of its fraud claim. *See Hepp v. Paul Revere Life Ins. Co.*, 120 F. Supp. 3d 1328, 1347 (M.D. Fla. 2015) (applying Florida law). This loss must be caused by a misrepresentation of the *defendant*. Put another way, "what matters for purposes of reliance is that the plaintiff be able to prove a causal connection running from a[] [Moving] defendant's statement or statements, to the plaintiff's beliefs …, to the plaintiff's injury." *Prentice v. R.J. Reynolds Tobacco Co.*, 338 So. 3d 831, 837 (Fla. 2022). Because Lilly cannot make that showing here with respect to any of the Moving Defendants, the Complaint should be dismissed. *See Hepp*, 120 F. Supp. 3d at 1347 ("Plaintiff must prove pecuniary damages stemming from his detrimental reliance on a material misrepresentation by the Defendants.").

Lilly claims generally that "[b]etween 2020 and 2024, DrugPlace and the Galaxy Operation together caused Lilly to pay **over $200 million** in rebates," Compl. ¶ 191 (emphasis in original). But, as demonstrated above, Lilly cannot point to any specific misrepresentation by any of the Moving Defendants that it actually relied upon in making those payments. Moreover, because rebate claims were submitted "through a series of intermediaries to Lilly," Comp. ¶ 99, Lilly did not directly rely on any representation from Moving Defendants and so cannot show pecuniary loss connected to their alleged

misconduct. *See Sevi v. Israel Disc. Bank of N.Y.*, 2014 WL 12861833, at *12 (S.D. Fla. Nov. 24, 2014) (Florida does not recognize the doctrine of third-party reliance with respect to common law fraud claims).[8]

## II. PLAINTIFF FAILS TO ADEQUATELY PLEAD ITS CONSPIRACY CLAIM AGAINST MOVING DEFENDANTS.

### A. Plaintiff fails to plead an underlying tort.

As a threshold matter, Florida does not recognize an independent cause of action for civil conspiracy; rather, "the plaintiff must allege an underlying illegal act or tort on which conspiracy is based." *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014). Thus, if a court dismisses the predicate claim, here Plaintiff's common law fraud claim, the court must also dismiss the conspiracy claim. *See Behrman v. Allstate Life Ins. Co.*, 178 F. App'x 862, 863 (11th Cir. 2006). Because Plaintiff has failed to adequately allege an underlying illegal act or tort, its civil conspiracy claim must fail as well. *See supra* I at pp. 5-12.

### B. Plaintiff does not establish that Moving Defendants had knowledge of or assisted in the DrugPlace Operation or Galaxy Operation.

Plaintiff's civil conspiracy claim falls victim to the same core defects as its fraud claim, and should be dismissed for the same reason. Civil conspiracy requires "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by

---

[8] There is an additional weakness in Plaintiff's claims—even accepting its resale allegations as true, Lilly does not explain *how* the alleged conduct caused it pecuniary *loss*. Presumably, Plaintiff would have been obligated to pay rebates to whichever party *did* dispense the medication to an end-user. Compl. ¶¶ 3, 4, 53-63. And Plaintiff never alleges that it paid more than one rebate claim for any one Trulicity order as a result of the medicine being resold on the secondary market. Indeed, Plaintiff *concedes* that it may not have suffered *any* pecuniary loss, stating that it cannot "trace a specific rebate claim to the original sale of that product" because the sales and rebate data is "not comprehensive." Compl. ¶ 98. Plaintiff must connect Moving Defendants' conduct to some actual loss, not just an inducement to action. *See, e.g.*, *Rousseff v. E.F. Hutton Co.*, 843 F.2d 1326, 1329 n.2 (11th Cir. 1988) (demonstrating the difference between "transaction causation" and "loss causation" and noting that the latter requires a "link between the defendant's misconduct and the plaintiff's economic loss").

unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbott*, 561 F. App'x 882, 886 (11th Cir. 2014) (quoting *Raimi v. Furlong*, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997)). A civil-conspiracy claim must "set forth clear, positive, and specific allegations of civil conspiracy." *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012), *aff'd*, 568 F. App'x 690 (11th Cir. 2014) (citing *Eagletech Commc'ns, Inc. v. Bryn Mawr Inv. Group, Inc.*, 79 So.3d 855 (Fla. Dist. Ct. App. 2012)). "General allegations of conspiracy are inadequate." *Id.* (citing *World Class Yachts, Inc. v. Murphy*, 731 So.2d 798, 799 (Fla. Dist. Ct. App. 1999)).

While a conspirator does not necessarily have to take part in the planning, inception, or successful conclusion of the conspiracy, he or she must at least (i) know of the scheme and (ii) assist in it in some way. *Donofrio v. Matassini*, 503 So. 2d 1278, 1281 (Fla. 2d DCA 1987). Plaintiff's recitations that "[e]ach Defendant is indispensable to the DrugPlace Conspiracy's fraudulent rebate scheme and engaged in overt acts in pursuit of the conspiracy's objective," *see e.g.*, Compl. ¶ 171, are conclusory. The Southern District of Florida has found these allegations insufficient under Rule 9(b). *See State Farm*, 278 F. Supp. 3d at 1321 (dismissing as conclusory the allegation that "Defendants are jointly liable for the false representations and omissions of material facts contained in the invoices and supporting documentation generated by the Medical Practice because they each played an essential role as the orchestrators of the Unlawful Referral Arrangement.").

**Lane Mazei and Readus Smith.** Plaintiff fails to assert any specific or individualized facts supporting its claims against either Mr. Mazei or Mr. Smith. *See supra* I.A at pp. 8-10. Indeed, the Complaint includes no specific facts establishing that either Mr. Smith or Mr. Mazei knew of the alleged rebate fraud but simply parrots the elements of conspiracy and props itself on group pleading. Courts have routinely held such conclusory statements and rank speculation to be insufficient. *See Whittaker v. Auto-Owners Ins. Co.*, 2021 WL 3630098, at *4 (M.D. Ga., 2021) (stating "[C]onclusory

allegations that defendants collectively and individually participated in a conspiracy to ... commit fraud [and] misrepresentation ... [are] insufficient to withstand the motion[s] by [Defendants] to dismiss." (citing *Lawrence v. Thornburg Mortg. Home Loans Inc.*, 624 F. App'x 721, 722 (11th Cir. 2015)); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) (holding "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.").[9]

**Danielle Giscombe.** The Complaint contains a *single* allegation regarding Ms. Giscombe's knowledge of any illicit scheme: "Nakorn, Brightline, and individual Defendants Enriquez and Giscombe knowingly divert[ed] Lilly's medications that DrugPlace and Galaxy purported to dispense to patients to the secondary market for re-sale[.]" Compl. ¶ 215. Even if this allegation were not deficient on its face for being conclusory and impermissibly group-pled, it is substantively deficient as well. It says nothing about Ms. Giscombe's knowledge of the impropriety of any *rebate scheme*. The fraud Lilly alleges is not the resale of the medication; it is the submission of rebates associated with resold medication. That is an important distinction. Even reading this single allegation in the light most favorable to Lilly—which the Court must do at this stage—it, at best, establishes that Ms. Giscombe knew medication was being sent to the secondary market. It does not establish (or even suggest) that she knew (1) Galaxy had made any representation that individual patients were receiving that medication or (2) Galaxy intended to submit improper rebate claims to Lilly.[10] Plaintiff has absolutely no basis to

---

[9] As discussed above, the Complaint does contain some limited specific allegations regarding Mr. Smith. But those relate to a decade-old conflict between Lilly and DrugPlace. (One which, at the time, Lilly did not presumably see as fraudulent, but merely a reason to terminate its contractual partnership with DrugPlace). These stale allegations say nothing about Mr. Smith's role in the DrugPlace Operation that allegedly took place from 2020-2025.

[10] Ms. Giscombe's inclusion in Plaintiff's Complaint is particularly egregious. Her name appears only 12 times in the entire Complaint—one instance of which is in the caption and another in the list of Section I(a) defendants attached to the civil cover sheet. The *only* individual allegations against Ms. Giscombe are those stating she is a citizen of Texas and that she worked at Galaxy and Brightline, *see* Compl. ¶¶ 25, 37, and one conclusory statement that because of these roles she "supervised, participated in, conspired to participate in and benefited from the fraudulent scheme,"

include Ms. Giscombe in the Complaint and, as demonstrated in Ms. Giscombe's contemporaneously-filed Motion to Dismiss Pursuant to Rule 12(b)(2), there is no personal jurisdiction over her in Florida.

**Galaxy and Brightline.** Finally, the intracorporate entity doctrine bars any liability for the Galaxy and Brightline actors (Galaxy, Brightline, Mazei, and Giscombe). Because entities can only act through their individual officers, directors, and employees, a corporate entity cannot conspire with itself. *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). Although Plaintiff advances a single "conspiracy" claim, it does so with respect to two separate rebate schemes—the Galaxy Operation and the DrugPlace Operation. There is no allegation that Galaxy or Brightline worked with DrugPlace in furtherance of the DrugPlace Operation. As such, the only participants in the Galaxy Operation conspiracy are Galaxy's own officers and employees (Mazei and Giscombe) and its commonly-owned and controlled affiliate, Brightline. "[N]either an agent nor an employee can conspire with his or her corporate principal or employer," *Lipsig v. Ramlawi*, 760 So.2d 170, 180 (Fla. 3rd DCA 2000), and "employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). Thus, Plaintiff cannot maintain a conspiracy claim against Galaxy or Brightline when the only alleged participants in that scheme are considered a single legal actor under basic agency principles. *See id.; see also* DrugPlace Motion at Section IV.C.1.

## III. PLAINTIFF FAILS TO ADEQUATELY PLEAD ITS NEGLIGENT MISREPRESENTATION CLAIM AGAINST GALAXY, SMITH, AND MAZEI.

Plaintiff's negligent misrepresentation claim is little more than a "lesser-included-offense" of the fraud claim and fails for the same reasons. "To state a cause of action for negligent misrepresentation in Florida, a plaintiff must allege: '(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false;

---

Compl. ¶ 37. The allegation in paragraph 37 is identical to the allegations against each of the other individual defendants.

(2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely ... on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation.'" *McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829, 831 (11th Cir. 2013) (quoting *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. 5th DCA 2004)). To survive a motion to dismiss, a plaintiff must show "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). Plaintiff's Complaint against the Moving Defendants falls woefully short of this bar. *See supra* I at pp. 5-13.

Plaintiff repeatedly groups together all of the Defendants and attempts to infect all Moving Defendants—even ones with no connection to the 2015 DrugPlace dispute—with DrugPlace's alleged history of prior misconduct. As detailed above, Plaintiff makes *no specific allegations* about any of the Moving Defendants' role in the DrugPlace or Galaxy operations. This is as problematic for negligent misrepresentation as it is for fraud. Where "it is apparent that [p]laintiffs have simply lumped together all of the [d]efendants in their allegations of fraud," such allegations will not satisfy Rule 9(b) particularity. *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1342-43 (S.D. Fla. 2018) (dismissing negligent misrepresentation claim for failure to plead "specific facts" against each defendant) (internal quotations omitted). That is the case here. Ms. Giscombe's name appears in only 3 substantive, individual allegations related to the instant schemes (Compl. ¶¶ 25, 37, 152); Mr. Mazei's in 4 (Compl. ¶¶ 36, 150, 152, 200); and Mr. Smith's in 3 (Compl. ¶¶ 30, 31, 180). Plaintiff's negligent misrepresentation claim thus fails for the same reasons as its fraud and conspiracy claims.

## IV. PLAINTIFF FAILS TO ADEQUATELY PLEAD ITS UNJUST ENRICHMENT OR MONEY HAD AND RECEIVED CLAIMS AGAINST MOVING DEFENDANTS.

Plaintiff fails to adequately plead these equitable claims. Under Florida law, the elements of both causes of action are the same. *See Kelly v. Palmer, Reifler, & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1384 (S.D. Fla. 2010).[11] To succeed on either claim, Plaintiff must allege, ***with particularity***, that: (1) Plaintiff conferred a benefit on the defendant, (2) the defendant voluntarily accepted and retained that benefit, and (3) the circumstances make it inequitable for the defendant to retain the benefit without paying its value. *Omnipol, A.S.*, 32 F.4th at 1308; *Am. Dental* , 605 F.3d at 1291 (finding that when an additional claim is based entirely on "predicate acts of [] fraud," the plaintiff must satisfy Rule 9(b)'s heightened pleading standard).

Here, Plaintiff did not confer a benefit directly on the Moving Defendants. *See Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017) (finding that an indirect benefit, precluded an unjust enrichment claim under Florida law). While the Complaint alleges that Plaintiff paid "over $200 million in rebates," Compl. ¶ 191, Lilly admits it paid those rebates to PBMs—not to any Moving Defendant. Compl. ¶ 55. Plaintiff does not identify any specific payment from Plaintiff to the PBMs or from the PBMs to Health Delegates or the Moving Defendants predicated on a fraudulent rebate claim; the amount of any such payment; when any transfer occurred; or the contracts and terms governing those payments. Nor can Plaintiff identify any benefit conferred directly upon any Individual Moving Defendant as a result of their alleged participation in the Galaxy or DrugPlace Operations.

---

[11] As a threshold matter, under Florida law, money had and received is synonymous with unjust enrichment and restitution. *See Pincus v. Am. Traffic Sols., Inc*, 986 F.3d 1305, 1317 n.13 (11th Cir. 2021), *certified question answered & remanded* , 333 So. 3d 1095 (Fla. 2022). Plaintiff cannot thus maintain two separate causes of action for that single grievance. *See Kelly*, 681 F. Supp. 2d at 1384 (noting that restitution, unjust enrichment, and an action for money had and received are different names for the same cause of action).

Moreover, Plaintiff *admits* that it does not know what, if anything, was paid to the Moving Defendants. The Complaint states that, after receiving a rebate, "PBMs may (or may not) share a portion of the[] rebates with their payer or health plan clients," and acknowledges that the "payment terms under these agreements may vary widely." Compl. ¶ 55. Thus, Plaintiff's allegations lack the detail required to support an unjust enrichment claim grounded in fraud. *See Omnipol, A.S.*, 32 F.4th at 1308 (finding "insufficient detail in the complaint to support a claim for unjust enrichment grounded in fraud" where the complaint was "silent" as to when funds were transferred from the original party to the co-conspirators and ultimately to the defendants). Additionally, while Plaintiff alleges generally that each of the Individual Moving Defendants "benefited from the fraudulent scheme," the Complaint does not identify any money actually paid to them as a result of the Galaxy or DrugPlace Operations. Plaintiff's equitable claims should therefore be dismissed.

## REQUEST FOR HEARING

Moving Defendants respectfully request oral argument on their Motion to Dismiss. Lilly's Complaint levies serious allegations against the Moving Defendants but is devoid of legally sufficient substance. Accordingly, Moving Defendants seek oral argument so that they may answer the Court's questions on any of the parties' briefing, including any points raised by Lilly in opposition or any attempt by Plaintiff to amend its pleadings through argument or discovery. Moving Defendants estimate the total time for oral argument, including their opening argument, Lilly's response, and Moving Defendants' reply to be roughly one hour.

## CONCLUSION

Rule 9(b)'s particularity requirement exists to "alert[ ] defendants to the precise misconduct with which they are charged and [to] protect[ ] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quotations and citations omitted). "[W]hen multiple defendants are

accused of misrepresentation, specific allegations are required as to each; a complaint should advise each defendant of the nature of his participation in the fraud." *In re Palm Beach Fin. Partners, L.P.*, 488 B.R. 758, 775 (Bankr. S.D. Fla. 2013) (cleaned up). Despite being sixty-six pages and more than 200 paragraphs long, Plaintiff's Complaint fails to do so here with respect to the Moving Defendants. Because Plaintiff fails to state any claim for relief against the Moving Defendants with the particularity required by Rule 9(b), the Moving Defendants respectfully request that the Court dismiss Plaintiff's Complaint against them in its entirety.

Dated: August 7, 2026

Respectfully submitted,

*/s/ David S. Shankman*

**David S. Shankman, Esq.**
Florida Bar No. 940186
DINSMORE SHOHL, LLP
David.Shankman@dinsmore.com
201 N. Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone (813) 543-9848
Facsimile (813) 543-9849

**J. Nicholas Bunch**
(Admitted *Pro Hac Vice*)
Texas Bar No. 24050352
Nick.Bunch@haynesboone.com
**Carrington M. Giammittorio**
(Admitted *Pro Hac Vice*)
Texas Bar No. 24101803
Carrington.Giammittorio@haynesboone.com
**Samara Taper**
(Admitted *Pro Hac Vice*)
Texas Bar No. 24137224
Samara.Taper@haynesboone.com
HAYNES AND BOONE, LLP
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201

Telephone (214) 651-5000
Facsimile (214) 651-5940
*Attorneys for Defendants, Galaxy Med, LLC*
*d/b/a Galaxy Pharmacy, Brightline Wholesale LLC, Readus Smith, Lane Mazei and Danielle Giscombe*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, the foregoing document was served on all counsel of record via email and a corresponding certificate of service was filed using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

*/s/ David S. Shankman*
David S. Shankman