# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ELI LILLY AND COMPANY,

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; PAUL LEIGHT; KEVIN SINGER; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; and DANIELLE GISCOMBE,

Defendants.

Case No. 1:26-CV-23516-FAM

**DECLARATION OF DEFENDANT JERRY MAYNARD, SR.**

Defendant Jerry Maynard, Sr. hereby submits this Declaration in support of his *Motion to Dismiss Plaintiff's Complaint* for lack of personal jurisdiction, dated August 7, 2026.

I, Jerry Maynard, Sr., under penalty of perjury, declare as follows:

1. The statements made in this Declaration are based upon my personal knowledge.

2. I am a United States citizen and a resident of the State of Tennessee.

3. I reside in Ashland City, Tennessee, U.S.A. I have permanently resided in Tennessee for over 30 years. My home in Ashland City is my true, fixed, permanent home to which I have the intention of returning when I am absent from it. I do not have plans to move or otherwise change my permanent residence to a location outside of the State of Tennessee.

4. I am licensed to drive in the State of Tennessee. I pay applicable taxes to the State of Tennessee and to no other state.

5. I have never resided in the State of Florida. My personal, professional, and ministry

activities are located in Tennessee.

6. I have never been an owner, director, or officer for any DrugPlace Entities, as described in the Complaint, D.E. 1 ¶ 26.

7. From 2020 through 2025, the time period relevant to the allegations in Eli Lilly's Complaint, D.E. 1 ¶ 109 (the "Relevant Time Period"), my visits to Florida were limited and entirely unrelated to the allegations in or subject matters of this case.

8. During the Relevant Time Period, I traveled to Florida approximately seven times for church and ministry-related activities, including church conferences, a church funeral, and speaking engagements. These visits were wholly unrelated to the subject matter of the Complaint.

9. During the Relevant Time Period, I met with Defendants Paul Leight and/or Kevin Singer at their office in Florida approximately ten times regarding matters wholly unrelated to the allegations in or subject matters of this case. During those visits I provided spiritual guidance, counsel, prayer, and encouragement to Paul and Kevin. We also spoke generally about potential community initiatives, including the possibility of establishing substance use disorder recovery clinics and improving access to healthcare coverage and other resources for senior citizens. Those discussions never materialized into any actual program and were wholly unrelated to the allegations in the Complaint.

10. Requiring me to defend this action in Florida would impose a substantial burden. My personal, professional, and ministry responsibilities are centered in Tennessee, where I have served my church and congregation for decades. Requiring me to regularly travel to Florida for litigation would interfere with those obligations and impose significant travel-related burdens and expenses.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States that the foregoing is true and correct.

Executed on August 7, 2026.

Signed: ______________________
Jerry Maynard, Sr.