# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ELI LILLY AND COMPANY,

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; PAUL LEIGHT; KEVIN SINGER; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; and DANIELLE GISCOMBE,

Defendants.

Case No. 1:26-CV-23516-FAM

**DECLARATION OF DEFENDANT JERRY MAYNARD II**

Defendant Jerry Maynard II[1] hereby submits this Declaration in support of his *Motion to Dismiss Plaintiff's Complaint* for lack of personal jurisdiction, dated August 7, 2026.

I, Jerry Maynard II, under penalty of perjury, declare as follows:

1. The statements made in this Declaration are based upon my personal knowledge.

2. I am a United States citizen and a resident of the State of Tennessee.

3. I reside in Nashville, Tennessee, U.S.A. I have permanently resided in the greater Nashville, Tennessee area since 1996, approximately 30 years. My home in Nashville is my true, fixed, permanent home to which I have the intention of returning when I am absent from it. I do not have plans to move or otherwise change my permanent residence to a location outside of the State of Tennessee.

---

[1] The Complaint incorrectly refers to Mr. Maynard II as Jerry Maynard, Jr.

4. I am licensed to drive in the State of Tennessee. I pay applicable taxes to the State of Tennessee and to no other state.

5. I have never resided in the state of Florida. My personal, professional, and ministry activities are centered in Tennessee.

6. I have never traveled to Florida in any capacity for Community Health or DrugPlace. I have never traveled to Florida to promote, administer, participate in, or further any scheme or conduct alleged in Plaintiff's Complaint.

7. From 2020 through 2025, the time period alleged in Eli Lilly's Complaint, D.E. 1 at ¶ 109, my visits to Florida were limited and unrelated to the allegations in this case or any other Defendant. My travel to Florida was solely for personal vacation purposes in Miami Beach, Florida.

8. I would be greatly inconvenienced if required to attend trial or proceedings in Florida. I neither live nor work in Florida, and my personal, professional, and ministry responsibilities are centered in Tennessee. Having to travel from Tennessee to Florida to attend proceedings would significantly burden my personal life by interfering with my ministry and business, and it would create an undue burden on my finances due to substantial travel-related expenses.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 7th, 2026.

Signed: Jerry L. Maynard II

Jerry Maynard II