**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ELI LILLY AND COMPANY,

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; PAUL LEIGHT; KEVIN SINGER; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; and DANIELLE GISCOMBE,

Defendants.

Case No. 1:26-CV-23516-FAM

**MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 7.1(a), Defendants Jerry Maynard Sr., Jerry Maynard II, and Edgar Enriquez (collectively, the "Movants") respectfully move this Court to stay Movant's discovery obligations and discovery-related matters – including any conferences held pursuant to Rules 16(b) or 26(f) – until the Court's ruling on the Movants' motions to dismiss (ECF Nos. 114, 116) (the "Motions"). The Motions seek dismissal on multiple grounds. First, Plaintiff Eli Lilly and Company's ("Lilly") fraud allegations are fatally deficient because they rest on non-actionable third-party misrepresentations that cannot, as a matter of law, support a conspiracy claim. This pleading defect warrants dismissal with prejudice. Second, Lilly has failed to establish this Court's personal jurisdiction over the Movants, given the conclusory allegations in Lilly's Complaint (ECF No. 1).

The resolution of the Motions should obviate the need for any discovery. Additionally, if the Movants were to participate in discovery, the Movants fear Lilly would rely on such conduct to argue the Movants waived their personal jurisdiction challenges. As such, Movants seek an order from this Court staying discovery until the resolution of the dispositive Motions. If the Court is not inclined to stay discovery, Movants respectfully request an order stating Movants may respond to Lilly's discovery requests without a risk of waiving personal jurisdiction. *See JPMCC 2006-CIBC15 FPG-STIP Portfolio, LLC v. ProEquity Asset Management Corp.*, No. 23-21779-CIV, 2023 WL 11885490, at *2 (S.D. Fla. Nov. 9, 2023) (ordering defendants to respond to merits discovery and "by doing so, [defendants] will not forfeit its jurisdictional defense."). In support of the relief sought herein, the instant motion is supported by the incorporated memorandum of law set forth below.

## MEMORANDUM OF LAW

### I. BACKGROUND

Lilly alleges a sprawling, multi-year commercial fraud conspiracy between fifteen named defendants, which purportedly occurred in Tennessee and had no discernible impact or resulting harm in Florida. Lilly's poorly pled Complaint alleges a convoluted scheme between 2020 and 2025 wherein some unspecified representation was made by some unidentified defendant to an unidentified "third-party aggregator" who then made its own representations to an unidentified "third-party PBM" *who only then* made a representation to Lilly. ECF No. 1 at ¶ 216. As to the Movants, Lilly only advances claims for Civil Conspiracy to Commit Fraud (Count II), Unjust Enrichment (Count IV), and Money Had and Received (Count V). ECF No. 1 at pp. 60-63.

Because Lilly cannot cure its failure to plead direct misrepresentations in its underlying fraud claim, Lilly's conspiracy claim requires dismissal with prejudice as a matter of law. *See Feng*

*v. Walsh*, No. 19-24138-CIV, 2021 WL 8055449, at *10 (S.D. Fla. Dec. 21, 2021) ("[F]irst-party reliance is an element of a common-law fraud claim."); *Sevi v. Israel Disc. Bank of New York*, No. 13-21922-CIV, 2014 WL 12861833, at *12 (S.D. Fla. Nov. 24, 2014) ("Plaintiff cites no authority for the proposition that a Florida common law fraud claim can rest on (1) a defendant's alleged misrepresentation to a third party and/or (2) a third party's reliance on a defendant's alleged misrepresentation. Accordingly, [the common law fraud count] is dismissed with prejudice."); *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1219 (11th Cir. 1999) ("Under Florida law, an actionable conspiracy requires an actionable underlying tort or wrong."). Lilly's fraud and related conspiracy allegations likewise fail to meet the heightened pleading standard of Rule 9(b). *See Am. United Life Ins. Co. v. Martinez*, 480 F. 3d 1043, 1067 (11th Cir. 2007) ("[W]here a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiffs must plead this act with specificity.").

Similarly, Lilly fails to allege any direct benefit to the Movants in support of its unjust enrichment claim, requiring dismissal of Count IV with prejudice as a matter of law. *See Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir. 2021) ("Marrache failed to allege that he and the other class members conferred a direct benefit to Bacardi…At most, Marrache has alleged that he and the other class members conferred an indirect benefit to Bacardi [through purchases from Winn-Dixie] and, as such, cannot satisfy the first element of an unjust enrichment claim against Bacardi."). For this same reason, Lilly's duplicative money had and received claim must be dismissed with prejudice. *See Kelly v. Palmer, Reifler, & Assoc., P.A.*, 681 F. Supp. 2d 1356, 1384 (S.D. Fla. 2010) (J. Moreno) (holding under Florida law that unjust enrichment and money had and received claims require the same elements).

Additionally, Lilly fails to establish this Court's personal jurisdiction over the Movants—another threshold matter requiring dismissal of Lilly's Complaint and which is at risk of waiver if Movants participate in discovery. *Am. Airlines Inc. v. Spada*, No. 23-21844-CIV, 2024 WL 2797379, at *4 (S.D. Fla. May 1, 2024) ("[T]he more active a defendant has been in litigating a case, the more likely it is that the defendant will be deemed to have waived defects in personal jurisdiction.").

Because Plaintiff lacks a single colorable claim against Movants, no discovery is necessary. Serving discovery and meeting and conferring on potential discovery issues will needlessly subject Movants to increased costs and burdens of litigation. Despite its fatal pleading defects at every level, Lilly has already begun a dragnet fishing expedition for discovery. For example, Lilly has engaged in a national campaign of issuing over 1,000 subpoenas to financial institutions nationwide, which necessitated a motion for protective order and request to stay third-party discovery. *See* (ECF No. 103).

Lilly has also issued a First Set of Interrogatories, dated June 26, 2026, and First Set of Requests for Production, dated July 13, 2026, to Movants. *See* **Exhibit 1** (the "Interrogatories"); **Exhibit 2** (the "Requests for Production").[1] Lilly's discovery seeks a trove of information wholly disconnected from allegations in the Complaint and constitutes an impermissible fishing expedition. For example, Lilly's Requests for Production include *forty* requests, some of which seek irrelevant and premature discovery reaching back *years* before the alleged 2020-2025 conduct. *See* Exhibit 2 at Request No. 38 ("All documents evidencing, referring to or relating to

[1] Unlike Lilly's individual interrogatories to Movants, Lilly's Requests for Production are directed at all named defendants, which compounds the vagueness and undue burden on Movants to determine what, if any, requests Lilly seeks from them individually.

any asset protection, creditor protection, tax avoidance or similar asset strategy implemented by you, or at your direction **since 2015**.") (emphasis added).

Federal Courts, including this Court, have all denounced this exact type of premature and needless discovery. Accordingly, Movants respectfully move for an Order staying discovery until their dispositive Motions are resolved or alternatively, an Order stating Movants may respond to Lilly's discovery requests without the risk of waiving their personal jurisdiction challenges.

## II. ARGUMENT

There is no question that the Federal Rules of Civil Procedure vest district courts with broad discretion to limit discovery and control its timing to protect parties—or the court itself—from undue burden and expense. *See* Fed. R. Civ. P. 26(c), (d); *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998) (explaining that "Rule 26 vests the trial judge with broad discretion to tailor discovery . . . and to dictate the sequence of discovery"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."). And it is appropriate for a court to wield its power and issue a stay of discovery where a party shows "good cause and reasonableness." *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398, 2010 WL 8510622, at *1 (S.D. Fla. Sep. 2, 2010) (Moreno, J.).

"[G]ood cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Tradex Global v. Palm Beach Capital Mgmt., LLC*, No. 09-21622, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (Moreno, J.) (staying discovery on threshold legal issue of venue and sufficiency of fraud-based allegations); *see also Solar Star Sys., LLC v. BellSouth Telcommc'ns., Inc.*, No. 10-21105, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 20, 2011) (Moreno, J.) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of

issuing a stay."); *Varga*, 2010 WL 8510622, at *1 (Moreno, J.). It is indisputable that a motion to dismiss with prejudice, filed pursuant to Rule 12(b)(6), can be such a "preliminary motion." *See, e.g.*, *Chudasama*, 123 F.3d at 1367 ("Facial challenges to the legal sufficiency of a claim . . . such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *Solar Star*, 2011 WL 1226119 at *1 (Moreno, J.); *Varga*, 2010 WL 8510622, at *1 (Moreno, J.); *In re Managed Care Litig.*, No. 00-1334, 2001 WL 664391, at *2-3 (S.D. Fla. Jun. 12, 2001) (Moreno, J.).

Courts take a "preliminary peek" to determine the likelihood that a motion to dismiss will dispose of the action in its entirety as to the moving party. *See Bienaime v. Fla. Dept. of Children and Families*, No. 24-CV-23018, 2024 WL 4665253, at *2 (S.D. Fla. Nov. 4, 2024) ("Accordingly, a preliminary peek warrants a stay of discovery…[h]owever, DCF does not set forth arguments warranting a stay as to other defendants, nor do the defendants seek a stay…the Court grants DCF's Motion to Stay All Deadlines and Discovery as to DCF only.") (cleaned up); *see also Padilla v. Porsche Cars N.A., Inc.*, No. 18-24988-CIV, 2019 WL 1281484, at *1 (S.D. Fla. Jan. 13, 2020) (Moreno, J.) ("Based upon a cursory review of Plaintiffs' Complaint and Defendant's bases for dismissal with prejudice, the Court finds that a stay of discovery is appropriate until the Court rules on the case dispositive issues raised…").

This conclusion is warranted because a stay allows the parties, as well as the Court, to avoid expending resources that will prove unnecessary if a dispositive motion is granted. *See Chudasama*, 123 F.3d at 1367; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (noting that an implausible claim must "not unlock the doors of discovery"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (explaining that a Rule 12(b)(6) motion serves to check discovery abuse

and expense); *Ray v. Spirit Airlines, Inc.*, No. 12-61528, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) ("[A] defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit."), *vacated on other grounds*, 767 F.3d 1220 (11th Cir. 2014).

Here, good cause exists to stay all discovery and discovery-related matters. Movants have moved to dismiss all of Lilly's claims against them pursuant to Rule 12(b)(6) for failure to state a claim. *See Bienaime*, 2024 WL 4665253, at *2. If successful, Movants will be dismissed from the action entirely. Lilly cannot cure its third-party misrepresentation and reliance defects under its fraud claim because the very nature of the scheme Lilly has alleged prevents it from doing so. *See Feng*, 2021 WL 8055449 at *10; *Posner*, 178 F.3d at 1219. Additionally, Lilly only advances conclusory allegations against the Movants that fail to meet the Rule 9(b) pleading standard. *See Am. United Life Ins. Co.*, 480 F. 3d at 1067.

Lilly's unjust enrichment and money had and received claims against the Movants fail as a matter of law because Lilly has not, and cannot, allege a direct benefit to Movants. *See Marrache*, 17 F.4th at 1102; *Kelly*, 681 F. Supp. 2d at 1384. Additionally, Lilly fails to allege any conduct that subjects the Movants to Florida's long-arm statute for purposes of personal jurisdiction because Lilly has failed to allege any Florida-based injury. *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1239 (S.D. Fla. 2015). Movants should not be forced into the choice of waiving their personal jurisdiction defenses or waiving legitimate objections to Lilly's irrelevant and overbroad discovery. *Am. Airlines Inc.*, 2024 WL 2797379, at *4.

Accordingly, Movants possess good cause for a stay of discovery. The motions to dismiss raise "threshold legal issues" that should be addressed before merits discovery. *Varga*, 2010 WL 8510622 at *1 (Moreno, J.). Moreover, entry of a stay would be reasonable because "the plaintiff's

claims clearly lack merit," and Movants "should not be forced to expend substantial resources answering discovery" before their motion to dismiss is resolved at the risk of waiving their personal jurisdiction defenses. *Ray*, 2012 WL 5471793, at *1; *Am. Airlines Inc.*, 2024 WL 2797379 at *4.

**CONCLUSION**

For all of the foregoing reasons, Movants respectfully request that this Court exercise its authority to stay all discovery and discovery-related matters as to the Movants, including conferences to be held pursuant to Federal Rules of Civil Procedure 16(b) or 26(f), pending the resolution of Movants' motions to dismiss. If the Court is not inclined to do so, Movants respectfully request an order stating Movants may respond to Plaintiff's discovery requests without the risk of waiver on the personal jurisdiction defect. *ProEquity Asset Mgmt. Corp.*, 2023 WL 11885490, at *2.

Dated: August 7, 2026.

Respectfully submitted,

By: /s/ *Andrew Solinger*
Andrew F. Solinger, TN BPR # 036943
Holland & Knight LLP
Symphony Place
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201
Tel: (615) 850-8062
Fax: (615) 244-6804
Email: andrew.solinger@hklaw.com

Wifredo A. Ferrer, FL Bar # 887005
Holland & Knight LLP
701 Brickell Ave., Suite 3000
Miami, Florida 33131
Tel: (305) 789-7780
Fax: (305) 789-7799
Email: Wifredo.Ferrer@hklaw.com
*Attorneys for Defendant Jerry Maynard Sr.*

By: /s/ *Henry Leventis*
Henry C. Leventis, TN BPR # 038306
Holland & Knight LLP
Symphony Place
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201
Tel: (615) 850-6110
Fax: (615) 244-6804
Email: henry.leventis@hklaw.com

Ross C. Hildabrand, TN BPR # 040269
Holland & Knight LLP
Symphony Place
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201
Tel: (615) 850-6069
Fax: (615) 244-6804
Email: ross.hildabrand@hklaw.com

Wifredo A. Ferrer, FL Bar # 887005
Holland & Knight LLP
701 Brickell Ave., Suite 3000
Miami, Florida 33131
Tel: (305) 789-7780
Fax: (305) 789-7799
Email: Wifredo.Ferrer@hklaw.com
*Attorneys for Defendant Jerry Maynard II*

By: /s/ *Jessica R. Sievert*
Jessica R. Sievert (Fla. Bar No. 55839)
Jessica.Sievert@hklaw.com
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: 904-353-2000

By: /s/ *Henry A. Moreno*
Henry A. Moreno (Fla. Bar No. 1031432)
Henry.Moreno@hklaw.com
Holland & Knight LLP
777 South Flagler Drive
Suite 1900—West Tower
West Palm Beach, FL 33401
Telephone: 561-650-8332
*Attorneys for Defendant Edgar Enriquez*

**LOCAL RULE 7.1 CERTIFICATION**

The undersigned counsel certifies that Movants' counsel has conferred with Plaintiff's counsel and is advised that Plaintiff objects to the relief sought herein.

Date: August 7, 2026.

*/s/ Jessica R. Sievert*
Jessica R. Sievert, Esq.