# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 26-cv-23516-FAM (EFD)

ELI LILLY AND COMPANY,

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; KEVIN SINGER; PAUL LEIGHT; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; DANIELLE GISCOMBE,

Defendants.

**FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANTS DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; KEVIN SINGER; PAUL LEIGHT; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; EDGAR ENRIQUEZ; LANE MAZEI; DANIELLE GISCOMBE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Southern District of Florida Local Rules 26.1, Plaintiff Eli Lilly and Company (herein after, "Lilly") hereby requests that Defendants electronically produce for inspection and copying to sattadgie@pbwt.com all non-privileged documents designated below that are in Defendants' possession, custody, or control in accordance with those rules and the definitions and instructions set forth therein on or before August 12, 2026.

DATED: July 13, 2026

**PATTERSON BELKNAP WEBB & TYLER LLP**

*/s/ Geoffrey Potter*

Geoffrey Potter, Esq. (Admitted *pro hac vice*)
Email: gpotter@pbwt.com
Aron Fischer, Esq. (Admitted *pro hac vice*)
Email: afischer@pbwt.com
Joshua Kipnees, Esq. (Admitted *pro hac vice*)
Email: jkipnees@pbwt.com
1133 Avenue of the Americas, New York, NY 10036
Telephone: 212-336-2000

*Attorneys for Plaintiff Eli Lilly and Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2026, a true and correct copy of the foregoing was served via electronic mail on all counsel of record and additional counsel listed below:

**POLSINELLI PC**

Henry H. Bolz, IV, Esq.
Primary: hbolz@polsinelli.com
Secondary: FLdocketing@polsinelli.com
Adrienne Frazior, Esq.
Primary: afrazior@polsinelli.com
Andrew Ennis, Esq.
Primary: aennis@polsinelli.com
*Attorneys for Defendants DrugPlace, Inc. (FL); DrugPlace, Inc. (TN); Community Health Initiative, Inc.; Nakorn Wholesalers, LLC; Galaxy Med, LLC d/b/a Galaxy Pharmacy; Brightline Wholesale LLC; Paul Leight; Kevin Singer; Readus Smith; Jerry Maynard Sr.; Jerry Maynard Jr.; Edgar Enriquez; Lane Mazei; and Danielle Giscombe*

**HAYNES AND BOONE, LLP**
J. Nicholas Bunch, Esq.
Primary: nick.bunch@haynesboone.com
Carrington M. Giammittorio, Esq.
Primary: carrington.giammittorio@haynesboone.com
Samara Taper, Esq.
Primary: samara.taper@haynesboone.com

*Attorneys for Defendants Galaxy Med, LLC d/b/a Galaxy Pharmacy; Brightline Wholesale LLC; Readus Smith; Lane Mazei; and Danielle Giscombe*

**DINSMORE & SHOHL**
David S. Shankman, Esq.
Primary: david.shankman@dinsmore.com

*Attorneys for Defendants Galaxy Med, LLC d/b/a Galaxy Pharmacy; Brightline Wholesale LLC; Readus Smith; Lane Mazei; and Danielle Giscombe*

**HOLLAND & KNIGHT LLP**

Wifredo Antonio Ferrer, Esq.
Primary: wifredo.ferrer@hklaw.com
Henry Leventis, Esq.
Primary: henry.leventis@hklaw.com

Ross Hildabrand, Esq.
Primary: ross.hildabrand@hklaw.com
Andrew Sollinger, Esq.
Primary: Andrew.solinger@hklaw.com

*Attorneys for Defendants Jerry Maynard Sr. and Jerry Maynard Jr.*

**HOLLEMAN LAW GROUP**

Jason Holleman, Esq.
Primary: Jason@hollemangroup.com
*Attorney for Defendant Misha Maynard*

*/s/ Geoffrey Potter*
Geoffrey Potter, Esq.

## DEFINITIONS

1. "You" or "Your" means all Defendants named in Eli Lilly and Company v. DrugPlace, Inc. (FL) et al., Case No. 26-CV-23516 (S.D. Fla.), unless addressed to a particular Defendant or group of Defendants, and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of such Defendant or Defendants or in concert with them.

2. "Individual Defendant(s)" means Kevin Singer; Paul Leight; Readus Smith; Jerry Maynard Sr.; Jerry Maynard Jr.; Misha Maynard; Edgar Enriquez; Lane Mazei; Danielle Giscombe.

3. "Defendant Entity/Entities" means Drugplace, Inc. (FL); Drugplace, Inc. (TN); Community Health Initiative, Inc.; Nakorn Wholesalers, LLC; Galaxy Med, LLC D/B/A Galaxy Pharmacy; Brightline Wholesale LLC.

4. "Defendant" refers to all other Defendants named in Eli Lilly and Company v. DrugPlace, Inc. (FL) et al., Case No. 26-CV-23516 (S.D. Fla.), including but not limited to their officers, directors, employees and partners, their direct or indirect predecessors and successors in interest, parents, subsidiaries, and affiliates, and all persons and entities acting on their behalf or as their representative or agent or in concert with them.

5. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes but is not limited to letters, emails (and all attachments thereto), faxes, text messages, audio or video messages or voice notes, voicemails, WhatsApp messages, and other application-based messages.

6. “Document” is defined to be synonymous in meaning and equal in scope to the usage of the term “documents or electronically stored information” in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7. “Concerning” means relating to, referring to, describing, evidencing, or constituting.

8. The terms “all,” “any,” and “each” shall each be construed as encompassing any and all; the connectives “and” and “or” shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; the use of the singular form of any word includes the plural and vice versa.

9. “DrugPlace” means DrugPlace, Inc. (FL) and DrugPlace, Inc. (TN), individually and collectively, operating in any sense and in broadly, as consistent with the Federal Rules of Civil Procedure, including but not limited to their owners, officers, directors, employees and partners, their subsidiaries and affiliates, and all persons and entities acting on their behalf or as their representative or agent.

10. “Community Health Initiative” or “Community Health” means Community Health Initiative, Inc. in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to its owners, officers, directors, employees and partners, its subsidiaries and affiliates, and all persons and entities acting on its behalf or as its representative or agent.

11. “Nakorn” means Nakorn Wholesalers, LLC in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to its owners, officers, directors,

employees and partners, its subsidiaries and affiliates, and all persons and entities acting on its behalf or as its representative or agent.

12. "Galaxy" means Galaxy Med, LLC d/b/a Galaxy Pharmacy in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to its owners, officers, directors, employees and partners, its subsidiaries and affiliates, and all persons and entities acting on its behalf or as its representative or agent.

13. "Brightline" means Brightline Wholesale LLC in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to its owners, officers, directors, employees and partners, its subsidiaries and affiliates, and all persons and entities acting on its behalf or as its representative or agent.

14. "Lilly" means Eli Lilly and Company in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to Eli Lilly and Company's officers, directors, employees and partners, its subsidiaries and affiliates, and all persons and entities acting on its behalf or as its representative or agent.

15. "Trulicity" means TRULICITY® (dulaglutide), a Lilly prescription medication.

16. "Lilly Medicine" means any medicine manufactured, marketed, or sold by Lilly, including but not limited to TRULICITY®, HUMALOG®, HUMULIN®, AND CIALIS®.

17. "Church of God in Christ" or "Church" means the Church of God in Christ denomination and any affiliate thereof, including the COGIC Department of Health, and any local COGIC-affiliated churches.

18. "Cathedral of Praise" means Cathedral of Praise, Inc, located in Nashville, Tennessee and any affiliate thereof.

19. "NHCLC" means the National Hispanic Christian Leadership Conference, National Hispanic Chrisitan Leadership Coalition, National Hispanic Christian Leadership Council, or any other variations or uses of the acronym, and any affiliate thereof.

20. "Community Health Initiative Prescription Cost Share Program" means the prescription cost share program purportedly affiliated with and/or operated by Community Health Initiative.

21. "NHCLC Prescription Cost Share Program" means the prescription cost share program purportedly affiliated with and/or operated by NHCLC.

22. "PBM" or "pharmacy benefit manager" means any entity that manages pharmacy benefits, including administering formularies, processing Rebate Claims, and contracting with pharmacies and manufacturers.

23. "Rebate Claim" or "Rebate Claims" means any request, submission, or claim submitted to Lilly or any intermediary (including any PBM, rebate aggregator, or other third party) seeking payment, reimbursement, credit, or any other form of remuneration from Lilly based on the purported dispensing of a Lilly Medicine to a patient, including any data, documentation, or information submitted in connection with such request.

24. "Prescription Cost Share Program(s)" means any program purporting to provide prescription drug benefits to members.

25. "Pedigree" or "T3" means the documentation required by the Drug Supply Chain Security Act, which includes a drug's Transaction information, Transaction history, and Transaction statement.

## INSTRUCTIONS

1. Each request covers documents in Your possession, custody or control, which extends to documents in the possession, custody or control of any of Your employees, agents, attorneys, representatives, and all others acting on its behalf, and which includes documents that are not in Your custody but which are owned, in whole or in part, by You or that You have an understanding, express or implied, that You may use, inspect, examine or copy.

2. Unless otherwise specified, each request concerns the time period from January 1, 2008, to the present.

3. If You cannot comply in full with any specific discovery request, You must comply to the extent possible and explain (a) what information You refuse to produce, and (b) why full compliance is not possible.

4. If You object to any request (or portion thereof), You must state in detail the reason for the objection.

5. Your attention is directed to Rule 26(b)(5) of the Federal Rules of Civil Procedure for the information to be provided when a claim of privilege is asserted. When only a portion of a document is believed to be privileged, the non-privileged portion shall be produced with the allegedly privileged portion redacted and indicated as such. Any attachment to an allegedly privileged document shall be produced unless You also contend that the attachment is privileged, in which case the information required herein shall be provided separately for each such attachment.

6. You must ensure all steps have been taken to preserve all documents and communications relating to the action and these requests, including electronic data that may exist on backup and/or other archived electronic computerized data compilations. These measures

must include, but are not limited to, discontinuation of all data destruction and backup tape recycling policies applicable to such documents.

7. Where a claim of privilege is asserted with respect to any document request either in whole or in part, You shall comply with the requirements of Federal Rule of Civil Procedure 26.

8. These requests shall be deemed to be continuing and You will be under a duty to supplement or correct Your responses hereto, in accordance with Federal Rule of Civil Procedure 26(e). If You acquire possession, custody, or control of any additional documents responsive to these requests after the service of responses hereto, You shall promptly furnish such documents to Lilly's attorneys.

9. Pursuant to Federal Rule of Civil Procedure 34(b), You shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this demand. If You have no documents responsive to a particular category, You shall so state in writing.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents related to Rebate Claims.

**REQUEST FOR PRODUCTION NO. 2:**

A spreadsheet or other document sufficient to show all Trulicity prescribed, dispensed, or otherwise provided to purported members of or participants in the Community Health Initiative Prescription Cost Share Program or the NHCLC Prescription Cost Share Program, including, for each such unit of Trulicity, (a) patient name and identification information; (b) prescription and fill number; (c) prescriber name and NPI; (d) date of dispense; (e) quantity dispensed; (f) days of supply dispensed; (g) method of delivery, including proof of mailing or shipment and documentation from patient confirming receipt; (h) evidence of patient utilization; and (i) any co-pay or co-share collected from the patient.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning any audit, investigation, or review conducted by any third party, including but not limited to any PBM, rebate aggregator, manufacturer, health plan, or government authority, relating to any (i) Rebate Claims; (ii) rebate claims for any non-Lilly medication; or (iii) any Prescription Cost Share Program or health care sharing ministry that You or any Other Defendant has owned, supervised, operated, or have otherwise been involved in administering.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show any payment or remuneration exchanged between You and any Other Defendant,[1] including the amount exchanged, the source of payment or

[1] For the avoidance of doubt, "You" means Defendants, unless otherwise limited to a particular Defendant, as fully defined in the Paragraph 1 of the Definitions.

remuneration, the date of the payment or transfer of funds, and the reason for the payment or transfer of funds.

**REQUEST FOR PRODUCTION NO. 5:**

For Defendants Singer, Leight, Smith, Maynard Sr., Maynard Jr., Enriquez, Mazei, and Giscombe, a Document or Documents sufficient to show the total amount of money or other compensation that each earned or received in connection with his or her work or employment with, ownership of, or investment in any of the Defendant Entities.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to Your policies, procedures, and practices relating to (a) dispensing medication; (b) adjudicating pharmacy claims; (c) submitting Rebate Claims; (d) maintaining prescription records; (e) recording, tracking, and reconciling prescription fill and refill information; and (f) selling, distributing, or transferring medication.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications with Lilly or any PBM or rebate aggregator, including but not limited to Emisar, Ascent, and Health Delegates, concerning (i) Rebate Claims; (ii) audits of Rebate Claims; (iii) any health care sharing ministry or Prescription Cost Share Program, including but not limited to the Community Health Initiative Prescription Cost Share Program and the NHCLC Prescription Cost Share Program; (v) formulary documents; (vi) eligibility criteria for the Community Health Initiative Prescription Cost Share Program and the NHCLC Prescription Cost Share Program; or (vii) any inquiries into the legitimacy of rebate submissions.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications reflecting DrugPlace's or Galaxy's relationship with any PBM or rebate aggregator, including (i) contracts or other agreements

reflecting the relationship; (ii) compensation terms, including terms for how rebates are paid; and (iii) any documents or communications reflecting DrugPlace's decision to switch PBM or rebate aggregator, since January 1, 2020.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show DrugPlace, Nakorn, Community Health, Brightline, and Galaxy's revenue, profits, and losses on a monthly, quarterly, and annualized basis.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning any transfer, sale, purchase, or shipment of any medication by any Defendants and/or any entity owned or operated by any Defendant, including (a) the date of the transfer, sale, purchase, or shipment; (b) the medication transferred, including identifiers at the unit and batch-level (i.e., serial numbers, batch numbers); (c) the quantity transferred; (d) the invoice number or transaction identifier; (e) any consideration exchanged; and (f) any Pedigree documentation or transaction statements created or modified in connection with such transfers.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning the Community Health Initiative Prescription Cost Share Program or the NHCLC Prescription Cost Share Program, including (a) program eligibility requirements; (b) program enrollment documents; (c) member lists and dates of enrollment; (d) formulary documents; (e) documents governing coverage terms and benefits; (f) documents reflecting members' co-pay or co-share payment obligations; (g) documents concerning program funding sources; and (h) any prescribers that are part of Community Health or NHCLC's network.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications with purported members of or participants in the Community Health Initiative Prescription Cost Share Program or the NHCLC Prescription Cost Share Program, including about (a) enrollment in the Program, (b) individual eligibility, (c) use of Program benefits, and (d) co-payments.

**REQUEST FOR PRODUCTION NO. 13:**

All contracts or agreements with any rebate aggregator, pharmacy benefit manager (PBM), Group Purchasing Organization (GPO), specialty distributors, or pharmacy services administrative organization governing or relating to (a) the submission of Rebate Claims for any Lilly Medicine or (b) remittance to You or any Other Defendant of payment received, directly or indirectly, based on any Rebate Claim for any Lilly Medicine.

**REQUEST FOR PRODUCTION NO. 14:**

For all bank accounts and associated banking institutions for which any Defendant (i) is or was a holder or owner of the account; (ii) is or was a beneficiary of the account; or (iii) had or has signatory authority on the account, produce a document or documents sufficient to show, from January 1, 2020 to the present, the account opening documents including the list of all individuals that have or have had signature authority over the account; the current balance amount and all transactions to or from the account, including the amount and date of transaction; the recipient's name and address; the payee's name and address; the recipient's account number and the name and address of the recipient's bank; the payee's account number and the name and address of the payee's bank; and copies of all wire or fund transfers and checks deposited into or drawn out of the account.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show DrugPlace and Galaxy's dispensation of Lilly Medicines, including screenshots, data exports, or reports from any pharmacy management software showing (a) prescriptions logged; (b) dispenses recorded; (c) refills tracked; (d) patient information; (e) prescriber information; and (f) the assignment of prescription and patient identification numbers.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning the relationship between Community Health and COGIC or Cathedral of Praise, including any agreements, memoranda of understanding, or communications between Community Health and COGIC or Cathedral of Praise.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning funding sources for the Community Health Initiative Prescription Cost Share Program, including (a) member contributions or premiums; (b) charitable donations; (c) federal or state grants; (d) contributions from the Church of God in Christ; and (e) any other source of funding.

**REQUEST FOR PRODUCTION NO. 18:**

For all Defendant Entities, all Documents and Communications concerning the formation, organization, operation, and licensing (where applicable) of the entity, including formation documents, operating agreements, any documents identifying members, officers, or managers, and any license applications, licenses issued, renewals, surrenders, and correspondence with licensing authorities.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications concerning Defendants' cessation, winding down, and/or shutting down of their businesses, including but not limited to DrugPlace's

decision to close and deactivate its National Provider Identification number in March 2026, DrugPlace's decision to auction its warehouse equipment through McLemore Auction around April 2026, Nakorn's decision to close its facility and surrender its wholesale distributor licenses, and Galaxy's decision to close and surrender its licenses around January or February 2026.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning Nakorn's purchase, acquisition, or receipt of any medication from DrugPlace, including invoices, transfer documents, and Pedigree documentation.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Your sale, transfer, or distribution of Lilly Medicine to any entity, including Dockside Partners, LLC, South Pointe Wholesale, Inc., HealthSource Distributors LLC, or any other wholesaler, distributor, pharmacy, or other purchaser other than a patient.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents reflecting any contracts or other agreements between You and any transportation or shipping companies.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications relating to the transportation and shipment of any medicine, including but not limited to shipping logs, manifests, and invoices for such transport.

**REQUEST FOR PRODUCTION NO. 24:**

All Pedigrees created, modified, or transmitted by Nakorn and Brightline for any Lilly Medicine, including Trulicity, and any documents concerning the creation, modification, or transmission of such Pedigrees.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications referenced in and/or relied on in the June 5, 2026 Declaration of Kevin Singer and accompanying Exhibits, ECF No. 64-2.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications referenced in and/or relied on in the June 5, 2026 Declaration of Lane Mazei and accompanying Exhibits, ECF No. 64-3.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications exchanged between Brightline and Galaxy relating to Lilly Medicine.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications exchanged between DrugPlace and Nakorn relating to Lilly Medicine.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning any communications with or inspections or audits conducted by any state or federal regulatory body, including any department of health or pharmacy board, of DrugPlace, Nakorn, Galaxy, or Brightline, including copies of inspection reports.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning the promotion or marketing of the Community Health Initiative or the COGIC Department of Health.

**REQUEST FOR PRODUCTION NO. 31:**

For the Individual Defendants, all Documents concerning Your roles and responsibilities at Defendant Entities, including employment agreements, compensation records, and communications regarding the Defendant Entities' operations.

**REQUEST FOR PRODUCTION NO. 32:**

For the Individual Defendants, all Documents concerning Your ownership interest in the Defendant Entities, including formation documents, operating agreements, and dividends or other payments to the owners of such entities.

**REQUEST FOR PRODUCTION NO. 33:**

For Defendant Jerry Maynard Sr., all Documents concerning Your relationship with Next Health, Meds Direct Rx, Defendant Leight, Defendant Singer, Defendant Smith, or Defendant Mazei, including any communications with any of those entities or individuals.

**REQUEST FOR PRODUCTION NO. 34:**

For Defendant Smith, all Documents concerning Your involvement in any business that Defendants Leight, Singer, or Mazei have owned, operated, or otherwise been involved in.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to show the names, addresses, contact information, and commercial purpose of all pharmacies, pharmaceutical wholesalers, and any other businesses, proprietorships, corporate entities or partnerships that since January 1, 2020, any Defendant has, or had, a direct or indirect ownership interest in, or has directly or indirectly directed or controlled, or which is a direct or indirect predecessor or successor in interest, parent, subsidiary, or affiliate of any Defendant, as well as the names, addresses, and contact information for all

individuals (a) employed by, (b) serving as an officer or director of, or (c) holding a direct or indirect ownership interest in those entities during the same period.

**REQUEST FOR PRODUCTION NO. 36:**

All reimbursements or other remuneration received, either directly or indirectly, since January 1, 2020 by any Defendant, on an entity-by-entity basis, for any Lilly Medicine for which a Rebate Claim was submitted.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications referenced in or relied on in responding to Plaintiff's First Set of Interrogatories to the Defendant Entities and Individual Defendants Kevin Singer, Paul Leight, Readus Smith, Jerry Maynard Sr., Jerry Maynard Jr., Edgar Enriquez, Lane Mazei, Danielle Giscombe.

**REQUEST FOR PRODUCTION NO. 38:**

All documents evidencing, referring to or relating to any asset protection, creditor protection, tax avoidance or similar asset strategy implemented by you, or at your direction, since 2015.

**REQUEST FOR PRODUCTION NO. 39:**

All documents evidencing, referring to or relating to any non-U.S. bank or other depository or financial accounts into which You, or any entity directly or indirectly owned or controlled by You, have deposited or transferred any money or cryptocurrency since 2015.

**REQUEST FOR PRODUCTION NO. 40:**

All documents evidencing, referring to or relating to any non-U.S. corporate entity incorporated by you, formed by you, or directly or indirectly owned or controlled by you since 2015.