**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **ELI LILLY AND COMPANY,**<br><br>**Lilly,**<br><br>**v.**<br><br>**DRUGPLACE, INC. (FL); et al.**<br><br>**Defendants.** | **Case No. 1:26-CV-23516-FAM** |

**DEFENDANTS' MOTION FOR CLARIFICATION OF STAY ORDER OR, ALTERNATIVELY, MOTION TO STAY**

Under Federal Rule of Civil Procedure 26 and Local Rule 7.1(a), Defendants DrugPlace, Inc. (FL), DrugPlace, Inc. (TN), Community Health Initiative, Inc., Nakorn Wholesalers, LLC, Brightline Wholesale, LLC, Galaxy Med, LLC, Kevin Singer, Paul Leight, Readus Smith, Lane Mazei, and Danielle Giscombe (collectively, "Movants") respectfully seek clarification of the intended scope of the Court's August 10, 2026 Order staying "all discovery and discovery-related matters" (D.E. 119) (the "Order").

Movants interpret the Order as staying all party and non-party discovery until the Court's hearing on all pending motions to dismiss. This interpretation is the only practical reading of the Order as it would be impossible for discovery to continue as to some parties, but not all parties. Plaintiff Eli Lilly and Company ("Lilly") takes the position that the stay only applies to three individual defendants – Edgar Enriquez, Jerry Mayndard, Sr., and Jerry Mayndard, Jr. – and that discovery must somehow continue as to all other parties—essentially requiring three defendants to sit idly while discovery otherwise proceeds during the ordered stay. This makes no logical sense

and necessitates this filing. Alternatively, Movants here seek a stay for essentially the same reasons asserted in the underlying motion for stay (D.E. 117).[1]

**MEMORANDUM OF LAW**

## I. BACKGROUND

As this Court is aware, on August 7, 2026, Movants filed Motions to Dismiss Lilly's complaint based on multiple fatal defects with Lilly's complaint. (DE 111, 112, and 115). Because Movants' motion to dismiss, if granted, will dispose of each count of Lilly's complaint, Movants should not be required to participate in discovery until after the Court has ruled and the actual scope of any remaining claims is confirmed.

As detailed in Movants' Motions to Dismiss, Lilly's complaint is defective and must be dismissed for multiple reasons. First, Lilly's claims for Fraud (Count I), Conspiracy to Commit Fraud (Count II), and Negligent Misrepresentation (Count III) are deficient under Fed. R. Civ. P. 12(b)(6) and 9(b) because they rely exclusively on third-party representations that cannot, under governing Florida law, support claims sounding in fraud. *See*, *e.g.*, *Feng v. Walsh*, No. 19-24138-CIV, 2021 WL 8055449, at *10 (S.D. Fla. Dec. 21, 2021) (holding that first-party reliance is an element of a common law fraud claim); *Sevi v. Israel Disc. Bank of New York*, No. 13-21922-CIV, 2014 WL 12861833, at *12 (S.D. Fla. Nov. 24, 2014) (dismissing common law fraud claim with prejudice where the plaintiff alleged reliance on third-party representations).[2]

---

[1] To avoid substantial duplication, Movants here adopt and incorporate the arguments in support of granting a stay of discovery advanced in the underlying motion to stay (D.E. 117). Movants, other than individual defendant Danielle Giscombe, do not advance the portion of that motion focused on personal jurisdiction as those Movants here have not asserted that argument in their motion to dismiss. Defendant Danielle Giscombe has, filed a motion to dismiss the Complaint for lack of personal jurisdiction. *See* ECF 111. Ms. Giscombe joins this motion subject to and without waiving her objection to jurisdiction in this forum and individually adopts the personal jurisdiction arguments in the underlying motion to stay (DE 117).

[2] This flaw not only requires dismissal of Count I (Common Law Fraud), but also correspondingly requires dismissal of Counts II (Conspiracy to Commit Fraud) and Count III (negligent misrepresentation). *See*, *e.g.*, *Posner v. Essex Ins. Co. Ltd.*, 178 F.3d 1209, 1219 (11th Cir. 1999)

Lilly's claim for Conspiracy to Commit Fraud (Count II) is separately deficient because Lilly's claim runs afoul of the prohibition against intra-corporate conspiracies, fails to allege an actual agreement among Movants or other defendants, and fails to adequately allege knowing participation by individual defendants, including Singer, Leight, Smith, Mazei, and Giscombe. As outlined in Movants' Motions to Dismiss, each of these deficiencies independently warrants dismissal of Lilly's conspiracy count. *See*, *e.g*., *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1213 (11th Cir. 2018) (under the intra-corporate conspiracy doctrine, acts of agents acting for the corporation are attributed to the corporation itself and, thus, a single legal entity and its agents cannot conspire with itself); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067–68 (11th Cir. 2007) (upholding dismissal of civil conspiracy claim where plaintiff did not plead an agreement to commit fraud with specificity); *Tippens v. Round island Plantation, LLC*, No. 09-CV-14036, 2009 WL 2365347, at *5 (S.D. Fla. July 31, 2009) (dismissing conspiracy claim where plaintiff failed to plead facts that the defendants joined the conspiracy and knew of and assisted the alleged conspiracy).

Lilly's claims for Unjust Enrichment (Count IV) and Money Had and Received (Count V) must likewise be dismissed because Lilly has failed to allege that it conferred a direct benefit on Movants. More specifically, Lilly fails to allege that it paid any funds directly to any Movant (or any defendant more generally). As outlined in more detail in Movants' Motions to Dismiss, this failure is fatal to Counts IV and V. *City of Miami v. Eli Lilly & Co.*, No. 21-22636-CIV, 2022 WL

(Under Florida law, an actionable conspiracy requires an actionable underlying tort or wrong); *In re Lichtman*, 388 B.R. 396, 409 (Bankr. M.D. Fla. 2008) ("Common law fraud and negligent misrepresentation involve more or less the same elements of proof.").

198028, at *9 (S.D. Fla. Jan. 21, 2022) (dismissing complaint for failure to allege plaintiff "directly conferred a benefit" on Defendant Eli Lilly and Company).[3]

In the face of the defects in its complaint, Lilly is pushing forward with onerous discovery requests in the form of voluminous requests for production of documents, served uniformly on all defendants, and similar form interrogatories seeking broad and disproportionate categories of documents or information. In addition, Lilly has taken at least two non-party depositions and is actively seeking to schedule more. And all of this is occurring in the face of Movants' motions to dismiss that may dispose of the entire case. This is precisely the reason this Court is given broad discretion to limit or stay discovery.

## II. ARGUMENT

The Federal Rules of Civil Procedure vest district courts with broad discretion to limit discovery and to protect parties from undue burden and expense. *See* Fed. R. Civ. P. 26(c), (d), *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). District courts frequently use this discretion to stay discovery where a party shows "good cause and reasonableness." *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398, 2010 WL 8510622 (S.D. Fla. Sep. 2, 2010) (Moreno, J.).

"[G]ood cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Tradex Global v. Palm Beach Capital Mgmt., LLC*, No. 09-21622, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (Moreno, J.) (staying discovery on threshold legal issue of venue and sufficiency of fraud-based allegations); *see also Solar Star Sys., LLC v. BellSouth Telcommc'ns., Inc.*, No. 10-21105, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 20, 2011)

[3] Under Florida law, money had and received claims and unjust enrichment claims are "virtually interchangeable" *Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262, 1270 (S.D. Fla. 2021).

(Moreno, J.) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."); *Varga*, 2010 WL 8510622, at *1 (Moreno, J.); *see also Chudasama*, 123 F.3d at 1367 ("Facial challenges to the legal sufficiency of a claim . . . such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *Solar Star*, 2011 WL 1226119 at *1 (Moreno, J.); *Varga*, 2010 WL 8510622, at *1 (Moreno, J.); *In re Managed Care Litig.*, No. 00-1334, 2001 WL 664391, at *2-3 (S.D. Fla. Jun. 12, 2001) (Moreno, J.).

Courts conduct a cursory review to determine the likelihood that a motion to dismiss will dispose of the action in its entirety as to the moving party. *See Padilla v. Porsche Cars N.A., Inc.*, No. 18-24988-CIV, 2019 WL 1281484, at *1 (S.D. Fla. Jan. 13, 2020) (Moreno, J.) ("Based upon a cursory review of Plaintiffs' Complaint and Defendant's bases for dismissal with prejudice, the Court finds that a stay of discovery is appropriate until the Court rules on the case dispositive issues raised..."). This is logical because a stay allows the parties, as well as the Court, to avoid expending resources that will prove unnecessary if a dispositive motion is granted. *See Chudasama*, 123 F.3d at 1367; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (noting that an implausible claim must "not unlock the doors of discovery"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (explaining that a Rule 12(b)(6) motion serves to check discovery abuse and expense); *Ray v. Spirit Airlines, Inc.*, No. 12-61528, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) ("[A] defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit."), *vacated on other grounds*, 767 F.3d 1220 (11th Cir. 2014).

Good cause exists here to stay discovery and discovery-related matters as to Movants and all defendants. This Court has already determined that a stay is appropriate based on at least certain defendants' motions to dismiss. Given that all defendants filed similar motions to dismiss

addressing the same defects plaguing Lilly's complaint, *compare* DE 116, *with* DE 111, 112, *and* 115, the same rationale that informed this Court's August 10, 2026 order (D.E. 118) supports entering a stay as to Movants here. Movants have moved to dismiss all of Lilly's claims against them under Fed. R. Civ. P. 12(b)(6) and (7) and 9(b)[4] *See Padilla*, 2019 WL 1281484, at *1. If successful, Movants will be dismissed from the case entirely. And Lilly cannot cure its pleading defects with amendment, particularly those claims sounding in fraud, because Lilly's own presentation of the alleged fraud scheme prevents amendment to cure, for example, Lilly's extensive admission of exclusive reliance on third-party representations. And as outlined above, Lilly's claims not sounding in fraud, to the extent any fit that description, must separately be dismissed.

Movants therefore meet the good cause and reasonableness standards for staying discovery until resolution of the pending dispositive motions. Entry of a stay is reasonable here because "the plaintiff's claims clearly lack merit," and Movants "should not be forced to expend substantial resources answering discovery" before their motions to dismiss are resolved. *Ray*, 2012 WL 5471793, at *1. This is particularly true as to individual defendant Danielle Giscombe, who participates in discovery at the risk of waiving her personal jurisdiction defenses. *Am. Airlines Inc. v. Spada*, No. 23-21844-CIV, 2024 WL 2797379, at *4 (S.D. Fla. May 1, 2024) ("[T]he more active a defendant has been in litigating a case, the more likely it is that the defendant will be deemed to have waived defects in personal jurisdiction.").

## III. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court exercise its discretion and either (a) clarify that its prior order entering a stay of "discovery and all discovery-

[4] Defendant Danielle Giscombe has individually moved to dismiss under Fed. R. Civ. P. 12(b)(2).

related matters" was intended to apply to all defendants; or (b) enter an order staying discovery as to the remaining defendants, pending resolution of the defendants' motions to dismiss. Movants further request that any stay or clarification order confirm that any outstanding deadlines tied to previously-issued discovery requests or third-party subpoenas are suspended throughout the pendency of the stay.

**LOCAL RULE 7.1 CERTIFICATION**

The undersigned counsel certifies that Movants' counsel has conferred with Plaintiff's counsel and is advised that Plaintiff objects to the relief sought herein.

Date: August 12, 2026

*/s/ Andrew J. Ennis*
*Andrew J. Ennis, Esq.*

Respectfully submitted,

**POLSINELLI PC**

By: */s/ Henry H. Bolz, IV*
**Henry H. Bolz, IV (**FL Bar No. 43350)
315 S. Biscayne Blvd., Suite 400
Miami, Florida 33131
Telephone: (305) 921-1811
hbolz@polsinelli.com

**Adrienne Frazior** (*pro hac vice*)
4020 Maple Ave., Suite 300
Dallas, Texas 75219
Telephone: (214) 661-5596
afrazior@polsinelli.com

**Andrew J. Ennis** (*pro hac vice*)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 374-0567
aennis@polsinelli.com

**Dayna Staron** (*pro hac vice*)
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
(312) 463-6348
dstaron@polsinelli.com

**Counsel for Defendants DrugPlace, Inc. (FL), DrugPlace, Inc. (TN), Community Health Initiative, Nakorn Wholesalers LLC, Kevin Singer, and Paul Leight**

-and-

**HAYNES AND BOONE, LLP**

**J. Nicholas Bunch**
**Carrington Giammittorio**
**Samara Taper**
2801 N. Harwood St., Ste. 2300
Dallas, TX 75201
Tel: (214) 651-5000
Nick.bunch@haynesboone.com
Carrington.Giammittorio@haynesboone.com
Samara.Taper@haynesboone.com

**DINSMORE SHOHL, LLP**

**David S. Shankman**
201 N. Franklin Street, Suite 3050
Tampa, FL 33602
Tel: 813-543-9848
David.Shankman@dinsmore.com

**Attorneys for Galaxy Med, LLC d/b/a Galaxy Pharmacy, Brightline Wholesale LLC, Lane Mazei, Danielle Giscombe, and Readus Smith**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 12th day of August, 2026, a true and correct copy of the above and foregoing document was filed by the Court's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Henry H. Bolz, IV*
POLSINELLI PC