**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ELI LILLY AND COMPANY,

**CASE NO.: 1:26-CV-23516-FAM (EFD)**

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS LLC; GALAXY MED, LLC d/b/a GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; KEVIN SINGER; PAUL LEIGHT; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; DANIELLE GISCOMBE,

Defendants.

---

**PLAINTIFF'S CROSS-MOTION FOR CLARIFICATION, NOTICE OF INTENT TO OPPOSE MOTION FOR STAY, AND CROSS-MOTION TO PERMIT LIMITED JURISDICTIONAL DISCOVERY**

In response to Defendants' Motion for Clarification of Stay Order filed yesterday evening, (August 12, 2026), ECF 122, Plaintiff Eli Lilly and Company ("Lilly") respectfully files the following: (1) Lilly cross-moves for clarification of this Court's August 10, 2026 order (the "Order") to confirm that the Order stays discovery only as to the three Defendants that filed the motion granted by the Order (Jerry Maynard Sr., Jerry Maynard Jr., and Edgar Enriquez—collectively, the "Maynard/Enriquez Defendants"). (2) Lilly respectfully provides notice to the Court of its intent to file an opposition to Defendants' new motion (styled as a motion "in the alternative") to stay all discovery until the pending motions to dismiss are heard. (3) Lilly respectfully cross-moves for partial reconsideration of the Order, for the limited purpose of permitting Lilly to conduct limited jurisdictional discovery as to the Maynard/Enriquez Defendants.

## I. Clarification that this Court's August 10 Order Did Not Stay Discovery as to Defendants Who Consented to the Commencement of Discovery and Did Not Move to Stay Discovery

On August 7, the three Maynard/Enriquez Defendants filed a motion to stay discovery ***only*** as to themselves pending the Court's decision on their motions to dismiss. *See* ECF 117 at 1, 8. Unlike all other Defendants (except one), the Maynard/Enriquez Defendants sought to dismiss the complaint for lack of personal jurisdiction. In their motion to stay, the Maynard/Enriquez Defendants expressed concern that their personal jurisdiction arguments could be impaired if they "were to participate in discovery" (even though Lilly specifically advised the Maynard/Enriquez Defendants that Lilly would not so argue). *Id.* at 2. ***No other Defendants moved for a stay of discovery while their motions to dismiss are pending.*** To the contrary, they expressly stipulated to the commencement of discovery (ECF 72) and, despite filing multiple motions to modify that stipulation, never (prior to the Order) moved to modify their stipulation that discovery may commence.

On August 10, the Court entered its Order on the Maynard/Enriquez Defendants' "Motion to Stay Discovery Pending Resolution of Motions to Dismiss (D.E. 117)." In relevant part, the Order granted the motion "in part" by entering the requested stay through the September 23 motion-to-dismiss hearing. ECF 119. Even though the Order explicitly references and grants only the Maynard/Enriquez Defendants' motion to stay, Defendants now assert that the Order stays all party and third-party discovery in the case, as to all Defendants, until the September 23 hearing. *See* ECF 122 at 1. Accordingly, although responses to numerous outstanding discovery requests are due this week and next, the other Defendants have informed Lilly that they will not serve responses to the pending requests for production, will not meet and confer regarding interrogatory

responses, and intend to notify third parties that have not yet responded to Lilly's subpoenas to refrain from taking further action to comply until after the September 23 hearing.

Lilly respectfully submits that Defendants' interpretation is incorrect. On its face, the Court's Order was addressed to a particular motion (ECF 117) that asked to stay discovery only as to the three Maynard/Enriquez Defendants, who asserted that their participation in discovery could compromise their jurisdictional defenses. Although the Order states that "all discovery and discovery matters shall be stayed until" the September 23 hearing, it does so specifically in the context of granting the Maynard/Enriquez Defendants' motion to stay. The stay "granted in part" therefore appears to be tied squarely to the relief sought in that motion—a temporary stay of discovery as to those three Defendants, not of all discovery in the case. Again, no other Defendants moved for the full stay of discovery that Defendants now contend the Order effectuated.

Critically, Defendants' interpretation is flatly at odds with the parties' stipulated expedited discovery order, whereby Defendants – represented by the same counsel as now—expressly agreed that all "***discovery may commence immediately***" and that Lilly could pursue third-party discovery on an expedited basis. ECF 72. Defendants agreed to that relief weeks after receiving the same complaint they now challenge as defective, and at the same time they stipulated to a preliminary injunction and obtained, at their request, 60 days to file anticipated motions to dismiss. Defendants' construction of the Order as having imposed a wholesale stay of discovery effectively reads that stipulated expedited discovery order out of existence, or otherwise, reads the August 10 Order as dramatically reversing the Stipulated Order without even having referenced it, and in the absence of a motion to modify it by these Defendants.

Lilly submits that this reinterpretation of the Order is unsupported, particularly where Defendants have not even tried to come forward with "conclusive evidence" of a "significant

change in circumstances" that would justify modifying the terms of their so-ordered stipulation. *United States v. FastTrain II Corp.*, No. 12-21431-CIV, 2019 WL 3426107, at *4 (S.D. Fla. June 7, 2019), *R. & R. adopted*, No. 12-21431-CIV, 2019 WL 3429127 (S.D. Fla. July 2, 2019).

Moreover, the Court notably has not ruled on Defendants' separate motion for a protective order, which seeks to stay certain third-party financial discovery. ECF 103 at 9. Lilly has provided notice that it intends to oppose that motion by August 14, the deadline for doing so under the Local Rules (ECF 104), and Lilly is accordingly in the process of preparing, and intends to file, a substantial opposition to that motion on August 14 (i.e., tomorrow). It would be incongruous to construe the Order to grant relief that not only far surpasses that sought by the Maynard/Enriquez Defendants, but also vastly exceeds the stay of third-party financial discovery that Defendants seek in their pending protective order motion.

The putative six-week stay that Defendants have read into the Order would also limit Lilly's ability to uncover the evidence of Defendants' sprawling fraudulent rebate scheme. Defendants have interpreted the Order not just to stay new discovery, but also to halt all parties' and nonparties' obligations to respond to previously issued and long-pending discovery requests—including responses to discovery requests due this week and next, a deposition noticed for a DrugPlace officer, and numerous outstanding third-party subpoenas to entities and individuals other than financial institutions. Defendants have offered no principled reason to freeze all discovery, but their motive to do so is plain: Lilly's discovery efforts have been fruitful, and the additional discovery sought will reveal additional facets of their scheme or additional corroborating evidence.

As will be set forth in Lilly's forthcoming opposition to Defendants' motion for a protective order, Lilly has uncovered powerful evidence that Defendants' healthcare sharing

program was a complete sham, each of the patients in that program were made up, each of the hundreds of thousands of Trulicity prescriptions purportedly dispensed to them were fictional, and that Defendants' fraud was even more brazen than imagined—involving more than ***four billion dollars' worth of prescription medication***. Defendants then attempted to hide the proceeds of their fraud by cycling them through a complicated series of transactions and layering them across a web of bank accounts to obscure their source.

While discovery thus far has helped to illuminate the fraud, Defendants' yearslong scheme was complex and sophisticated. Lilly expects responses to the outstanding discovery will substantially inform its understanding of the scheme and ensure the case moves swiftly. Subpoena responses and productions are pending from several third parties who have close business ties to Defendants, including rebate aggregators, PBMs, Defendants' affiliates, wholesalers, and Defendants' former employees or contractors, and Lilly expects these responses to yield highly relevant and material information to its case. Lilly has also noticed the deposition of the former DrugPlace operations manager, who worked for Defendants for over a decade and was intimately involved in Defendants' rebate and wholesale operations. Meanwhile, Defendants themselves still have not produced a single document in this case, nor have they provided any substantive responses to Lilly's long-pending requests for documents and interrogatories. There is no good cause for Defendants to deny this discovery to Lilly for another six weeks.

Finally, while Defendants argue that staying discovery as to the Maynard/Enriquez Defendants but not the other Defendants would be "impossible," ECF 122 at 1, it is anything but. If the Maynard/Enriquez Defendants are temporarily relieved of responding to pending discovery requests, it has no impact on the other Defendants' ability to respond to the pending discovery

requests Lilly served on them. And certainly, it has no impact on the progression of third-party discovery, which Defendants also construe the Order to have stayed.

## II. Notice of Intent to Oppose Defendants' New Motion for a Stay of Discovery

Defendants seek in the alternative for the Court to stay all discovery until the motions to dismiss are heard, if the Court clarifies that the August 10 order stayed discovery only as to the Maynard/Enriquez Defendants. Defendants seek this relief despite having stipulated months ago that discovery may proceed, based on the same pleading they now challenge and despite their expectation they would move to dismiss. The motion is baseless for many of the reasons discussed above with respect to Defendants' motion to clarify.

However, as Defendants' "alternative" motion is a new motion to stay that purports to present additional grounds for staying discovery beyond their interpretation of the Court's prior Order, Lilly respectfully notifies the Court that it intends to file an opposition to that motion within the default 14-day timeline prescribed by the Local Rules (i.e., by August 26), or alternatively, pursuant to any other briefing schedule that the Court deems appropriate. Lilly respectfully requests that the Court defer ruling on Defendants' "alternative" motion to stay until after receiving Lilly's opposition.

## III. Lilly Seeks Partial Reconsideration of the August 10 Order to Permit Limited Jurisdictional Discovery of the Maynard/Enriquez Defendants

Lilly recognizes that the Court's August 10 Order stayed discovery against the Maynard/Enriquez Defendants. However, because the Maynard/Enriquez Defendants have moved to dismiss on personal jurisdiction grounds, Lilly respectfully requests that the Court reconsider this aspect of the Order and allow Lilly to proceed with limited jurisdictional discovery as to these Defendants.

Courts in this Circuit routinely grant jurisdictional discovery where—as here—the defendant has put jurisdiction at issue. *See Bernardele v. Bonorino*, 608 F. Supp. 2d 1313 (S.D. Fla. 2009) (jurisdictional discovery "favored" where there is genuine dispute concerning jurisdictional facts); *Funez v. CMI Leisure Mgmt., Inc.*, 482 F. Supp. 3d 1252, 1255 (S.D. Fla. 2020) ("[T]he rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction." (quoting *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980))); *Aldana v. Fresh Del Monte Produce, Inc.*, No. 01-3399-CIV, 2003 WL 25914862, at *3 (S.D. Fla. June 6, 2003) (Moreno, J.) (limited jurisdictional discovery appropriate where other discovery had been stayed). This Court has granted jurisdictional discovery in similar cases when defendants have moved for lack of personal jurisdiction. *See Chimene v. Royal Caribbean Cruises Ltd.*, No. 16-23775-CIV, ECF 44 (S.D. Fla.) (Moreno, J.); *Seapower, Inc. v. Tonbo Imaging PTE LTD*, No. 20-61342-CIV, ECF 37 (S.D. Fla.) (Moreno, J.) (allowing jurisdictional discovery in the form of four depositions limited to 45 minutes each).

Jurisdictional discovery is particularly appropriate here. The Maynard/Enriquez Defendants have squarely contested that they are subject to personal jurisdiction in this Court. They each submitted a declaration asserting facts that they claim demonstrate a lack of personal jurisdiction. ECF Nos. 116-4, 116-5, 114-1.

Under Eleventh Circuit law, when a defendant challenges personal jurisdiction by submitting affidavit evidence, the burden shifts to the plaintiff to come forward with evidence supporting jurisdiction. *See Headley v. Rosenblatt*, No. 24-cv-24613, 2025 WL 2623834, at *1 (S.D. Fla. Sept. 11, 2025) (Moreno, J.). Here, to ensure that burden is met, Lilly is entitled to conduct discovery probing the factual basis for Defendants' self-serving declarations. These declarations are precisely the type of one-sided submission that jurisdictional discovery is designed

to test. *See Peach.com, LLC v. Peachly, LLC*, No. 21-20636-CIV, 2021 WL 7542983, at *3 (S.D. Fla. June 16, 2021) (where defendant's declaration seeks to create dispute over jurisdiction, plaintiff "should be afforded discovery").

Indeed, the Maynards' and Enriquez's declarations raise more questions than they answer. For example, Maynard Sr. admits in the declaration that he met with Defendants Paul Leight and/or Kevin Singer—the owners of Defendants DrugPlace and Nakorn, and the individuals at the fulcrum of the scheme—at their office in Florida an estimated ***ten times*** in the last six years. ECF 116-4 ¶ 9. Although Maynard Sr. vaguely insists that they discussed matters "wholly unrelated to the allegations in or subject matters of this case," *id.*, Lilly is entitled to test that assertion through cross-examination and document discovery. Similarly, Maynard Sr. carefully denies being an "owner, director, or officer" of any DrugPlace entity, *see* ECF 116-4 ¶ 6, but is noticeably silent about his other involvement in the scheme, including Lilly's allegations that he created and perpetuated a sham healthcare program to which the fraudulent rebate claims at issue could be attributed, *see* ECF 1 ¶ 215.

Similarly, Maynard Jr. vaguely denies "travel[ing] to Florida to promote, participate in, or further" the alleged scheme, ECF 116-4 ¶ 6, but does not contest that he was Chairman of the Board of Community Health Initiative—the fictional church-aligned health program Defendants used to legitimize their fake rebate claims—and registered trademarks for DrugPlace entities, *see* ECF Nos. 113, -1, -2, -3. Maynard Jr.'s role in operating Community Health to facilitate the fraud is highly relevant to his jurisdictional challenge, given that Florida's long-arm statute reaches all participants—even out-of-state participants—in a civil conspiracy. *See AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1354 (S.D. Fla. 2009) (citing *Machtinger v. Inertial Airline Servs., Inc.*, 937 So.2d 730, 734–36 (Fla. 3d DCA 2006)).

Enriquez denies conducting "business on behalf of Nakorn" in Florida, but other witnesses have reported that he worked with Kevin Singer in Florida before moving out of the state. Moreover, Enriquez is listed as a contact for Community Health and other entities that operated in Florida. The inconsistencies between Enriquez's declaration and these facts create genuine issues that warrant jurisdictional discovery. *See Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (parties have a "qualified right" to jurisdictional discovery when facts regarding jurisdiction are "genuinely in dispute"); *see also Funez v. CMI Leisure Mgmt., Inc.*, 482 F. Supp. 3d 1252, 1255 (S.D. Fla. 2020) (recognizing defendant's "conclusory" assertion that it never conducted business in Florida could not be taken at "face value," and ordering limited jurisdictional discovery).

Jurisdictional discovery is also necessary so that Lilly may add to the facts supporting its co-conspirator theory of jurisdiction as to Maynard Sr., Maynard Jr., and Enriquez. As noted above, Florida's long-arm statute confers personal jurisdiction over any alleged conspirator where any co-conspirator commits a tortious act in Florida in furtherance of the conspiracy, even if the defendant personally committed no act in Florida. *N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1339 (11th Cir. 2025); *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 585 (Fla. 2000) (Japanese defendant subject to personal jurisdiction in Florida based on co-conspirators' violations, even though it sold products "only in Japan"); *NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. 4th DCA 2012) (if plaintiff successfully alleges conspiracy and any conspirator committed tortious acts in Florida in furtherance of the conspiracy, all conspirators are subject to Florida jurisdiction). The Maynard/Enriquez Defendants themselves acknowledge this theory of jurisdiction but argue that Lilly's conspiracy allegations are insufficiently specific. That argument proves Lilly's point, and shows why limited discovery

is warranted to help establish that these Defendants subjected themselves to jurisdiction in Florida through their roles in the fraudulent conspiracy.

Courts in this District have granted jurisdictional discovery for precisely this purpose—to develop conspiracy-based personal jurisdiction allegations where the jurisdictional facts are intertwined with the merits. In *In re FTX Cryptocurrency Exchange Collapse Litigation*, the court granted jurisdictional discovery related to a conspiracy-based theory of personal jurisdiction, holding that "[t]he disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the respective cases—thus, Plaintiffs have a qualified right to jurisdictional discovery." 781 F. Supp. 3d 1324, 1355–56 (S.D. Fla. 2025). The same is true here: the facts establishing the Maynard/Enriquez Defendants' participation in the alleged conspiracy support both personal jurisdiction and Lilly's claims on the merits.

Finally, the Maynard/Enriquez Defendants' concerns that participating in any discovery will expose them to personal jurisdiction are easily resolved. Lilly already informed these Defendants that Lilly would not argue their participation in discovery subjects them to personal jurisdiction. Lilly would also stipulate to the order that these Defendants seek in the alternative—namely, a confirmation that they may respond to Plaintiff's discovery requests without waiving any jurisdictional defenses. ECF 117 at 8.

## CONCLUSION

For the foregoing reasons, Lilly respectfully (1) requests that this Court clarify that the August 10 Order stays discovery through the September 23 hearing only as to the Maynard/Enriquez Defendants, and does not stay discovery as to other Defendants or third parties; (2) provides notice to the Court of its intent to oppose Defendants' alternative motion to stay on the timeline prescribed by the Local Rules, or any other schedule the Court deems appropriate;

and (3) requests that the Court authorize limited jurisdictional discovery directed to the Maynard/Enriquez Defendants' contacts with Florida, their roles in the conspiracy, and the factual bases for the statements made in their declarations.

DATED: August 13, 2026

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

*/s/ Jay B. Shapiro*
Jay B. Shapiro, Esq. (FBN 776361)
Email: jshapiro@stearnsweaver.com
Veronica L. de Zayas, Esq. (FBN 91284)
Email: vdezayas@stearnsweaver.com
Ryan M. Wolis, Esq. (FBN 1019034)
Email: rwolis@stearnsweaver.com
150 W. Flagler St., Suite 2200, Miami, FL 33130
Telephone: 305-789-3200

and

**PATTERSON BELKNAP WEBB & TYLER LLP**

*/s/ Geoffrey Potter*
Geoffrey Potter, Esq. (Admitted *PHV*)
Email: gpotter@pbwt.com
Aron Fischer, Esq. (Admitted *PHV*)
Email: afischer@pbwt.com
Joshua Kipnees, Esq. (Admitted *PHV*)
Email: jkipnees@pbwt.com
1133 Avenue of the Americas, New York, NY 10036
Telephone: 212-336-2000

*Attorneys for Plaintiff Eli Lilly and Company*