# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; KEVIN SINGER; PAUL LEIGHT; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; DANIELLE GISCOMBE,<br><br>Defendants. | Case No. 26-cv-23516-FAM (EFD) |

**DEFENDANT DRUGPLACE, INC. (TN)'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Southern District of Florida Local Rule 26.1, Defendant DrugPlace, Inc. (TN) ("DrugPlace"), by and through undersigned counsel, hereby answers Plaintiff Eli Lilly and Company's ("Plaintiff" or "Lilly") First Set of Interrogatories as follows (the "Answer"):

## I. OBJECTIONS THAT APPLY TO MORE THAN ONE INTERROGATORY

1. DrugPlace objects to this set of Interrogatories as a whole because Lilly addressed the Interrogatories to all corporate defendants without any attempt to distinguish among the separate entities based on the nature of their business, their involvement in any alleged scheme, or the information they may possess. These Interrogatories are therefore overly broad and ambiguous because Lilly requests them collectively from a group of defendants but fails to specify whether

the requested information is sought from any specific defendant or some combination thereof. DrugPlace specifically asserts this objection for Interrogatories 1 through 6.

2. DrugPlace objects to the Interrogatories as exceeding the limitation of "25 written interrogatories, including all discrete subparts" dictated by Federal Rule of Civil Procedure 33. DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

3. DrugPlace objects to the Interrogatories, including all definitions and instructions therein, to the extent they impose any requirement or obligation on DrugPlace in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

4. DrugPlace objects to each Interrogatory on the grounds and to the extent it calls for information or documents that are protected from disclosure by the attorney-client privilege, common-interest privilege, joint-interest privilege, attorney work product doctrine, and/or any other applicable privilege or exemption from discovery. At the time of submitting this Answer, DrugPlace specifically asserts this objection for Interrogatory No. 6 but reserves the right to further assert this objection for other interrogatories. Additionally, DrugPlace objects to Instruction No. 4 as an obligation on DrugPlace to identify privileged communications or documents in a manner that violates privilege and exceeds the requirements imposed under the Federal Rules of Civil Procedure and the Local Rules of this Court. Local Rule 26.1 (e)(2) does not require an objecting party to divulge information that would cause disclosure of the allegedly privileged information, yet Instruction No. 4 requires "*detailed* grounds for claiming such privilege or immunity" (emphasis added). By responding to any of the Interrogatories, DrugPlace does not waive, and instead intends to preserve all applicable privileges. Accordingly, if DrugPlace provides or agrees to provide information responsive to any Interrogatory, DrugPlace has provided or will provide

only information that is non-privileged. In the event that DrugPlace discloses any privileged information in response to any Interrogatory, its disclosure is inadvertent and shall not constitute waiver of any privilege.

5. DrugPlace objects to each Interrogatory to the extent that it calls for information that is protected under Federal Rule of Civil Procedure 26(b)(4) and/or seeks information that is properly the subject of expert testimony. At the time of submitting this Answer, it is premature for DrugPlace to identify specific Interrogatories for which this objection may apply but DrugPlace reserves this objection.

6. DrugPlace objects to any Interrogatory that seeks confidential, proprietary, and/or trade secret information of a third party that DrugPlace is obligated to maintain as confidential information, which includes information subject to confidentiality provisions of its contract with Health Delegates. At the time of submitting this Answer, DrugPlace specifically asserts this objection for Interrogatory Nos. 4 and 6 but reserves the right to further assert this objection for other interrogatories.

7. DrugPlace objects to each Interrogatory if its response is premature under the Court's schedule to be set or any future agreement of the parties.

8. DrugPlace objects to each Interrogatory that is designed to impose a duty on DrugPlace to create analyses, compilations, or summaries that DrugPlace does not create or maintain in the ordinary course of business. Such information is not reasonably available to DrugPlace. DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

9. DrugPlace further objects to each Interrogatory for (i) seeking information not within DrugPlace's possession, custody, or control, which is exacerbated by Lilly's expansive definition of "You" and "Your," or (ii) imposing an obligation to identify or search for information

or documents at any location other than where they would be expected to be stored in the ordinary course of business of which DrugPlace does not have control. *See* F.R.C.P. 33(b)(1); *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2014 WL 6473232, at *4 (S.D. Fla. Nov. 18, 2014) (concluding a court "cannot compel a party to provide information or produce documents that it does not have in its possession"). DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

10. DrugPlace objects to each Interrogatory to the extent it seeks information that is in Lilly's possession, custody, or control that is publicly available, or to which Lilly has equal access. F.R.C.P. 26(b)(2)(C)(i).

11. DrugPlace objects to the Interrogatories as seeking protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). If DrugPlace produces information or documents containing PHI protected under HIPAA, such production is subject to the HIPAA Protective and Confidentiality Order entered in this action on June 9, 2026 (ECF No. 70) and will occur only if the PHI is (i) limited to "the minimum necessary to accomplish the intended purpose of the use, disclosure, or request," (ii) specific and limited in scope in light of the purpose for which the information is sought, and (iii) is de-identified if de-identified information could reasonably be used. 45 C.F.R. § 164.502(b). DrugPlace specifically asserts this objection for Interrogatory Nos. 2, 4, 5, and 6.

12. All responses that DrugPlace provides to the Interrogatories are (i) subject to, without waiving, and instead expressly reserving, the right at any time to revise, correct, supplement, and/or clarify any of the responses, all of which are given subject to correction of any omissions or errors, (ii) do not concede the relevance, materiality, or admissibility of the information sought by the Interrogatory nor concede the right to object to the use of the response

on any of those grounds for any purpose in any subject filing, hearing, or proceeding in this action or any other action, and (iii) do not waive the right to object on any grounds to other discovery requests involving or relating to the subject matter of the interrogatories. DrugPlace reserves the right to amend any objection herein or assert different, additional objections including but not limited to if, through any subsequent clarification provided by Lilly, DrugPlace's understanding or interpretation of the Interrogatories change.

13. Each of these Objections are incorporated into the respective interrogatory that the objection identifies.

## II. OBJECTIONS TO DEFINITIONS THAT APPLY TO MORE THAN ONE INTERROGATORY

1. DrugPlace objects to the definition of "You" as overly broad, vague, ambiguous, and unduly burdensome because it collectively includes five other distinct corporate defendants from DrugPlace, which have different legal identities, business functions, records, personnel, alleged involvement in any alleged scheme, and which, in some instances, are defending against different claims brought by Lilly, along with DrugPlace's and these entities' predecessors, successors, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting on their behalf. Further, by using the term "You" or "Your" in every interrogatory that establishes a timeframe from January 1, 2020 to present, Plaintiff seeks information from former agents, representatives, directors, officers, employees, committees, attorneys, accounts, and all persons or entities acting on their behalf in the past across a more than a six year timespan. DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

2. DrugPlace objects to Lilly's definition of "DrugPlace" as overly broad, ambiguous, and unduly burdensome, because it also includes DrugPlace, Inc. (FL), which has a different legal

identity, business functions, records, personnel, and alleged involved in any alleged scheme, along with all of the other entities and individuals specified in the definition of "DrugPlace." DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

3. DrugPlace objects to the definitions of "Community Health Initiative," "Nakorn," "Galaxy," and "Brightline" as overly broad, ambiguous, and unduly burdensome, because these definitions also includes those entities' owners, officers, directors, employees, and partners, their subsidiaries and affiliates, and all persons and entities acting on their behalf or as their representative or agent. DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

4. DrugPlace also further objects to the inclusion of: (i) attorneys in the definition of "You," (ii) agents in the definition of "You," "DrugPlace," "Community Health Initiative," "Nakorn," "Galaxy," and "Brightline," which encompasses attorneys, and (iii) "all persons or entities acting on their behalf" in the definition of "You" "DrugPlace," "Community Health Initiative," "Nakorn," "Galaxy," and "Brightline," which encompasses attorneys. It attempts to elicit testimony from DrugPlace's counsel. DrugPlace's counsel cannot waive attorney client privilege or work product privilege that DrugPlace holds. DrugPlace expressly does not waive these privileges. DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

5. DrugPlace objects to the definition of "Lilly" as overly broad, ambiguous, and unduly burdensome, because it includes Lilly's officers, directors, employees, and partners, and its subsidiaries and affiliates, and all persons and entities acting on Lilly's behalf or as its representative or agent. DrugPlace specifically asserts this objection for Interrogatory Nos. 2 and 4.

6. DrugPlace objects to the use of the term "Identify" as ambiguous by seeking information on the undefined phrases "present position" and "business affiliation," which are subject to multiple different interpretations. DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 3.

7. DrugPlace objects to the definition of "Lilly Medicine" and to each Interrogatory which requests information related to "Lilly Medicine" as overly broad and outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1), because it seeks information unrelated to Lilly's allegations of purported rebate fraud for Trulicity, including information for other medications. DrugPlace specifically asserts this objection for Interrogatory Nos. 1 and 5. DrugPlace also asserts this objection for Interrogatory No. 2 if "Lilly medicine" is meant to be "Lilly Medicine." If the definition of "Rebate Claim" is meant to encompass "Lilly Medicine" (as it currently incorporates an undefined term "Lilly medication"), DrugPlace also asserts this objection for Interrogatory Nos. 4 and 6.

8. DrugPlace objects to the definition of "Rebate Claim" or "Rebate Claims" as overly broad and outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1), because it seeks information unrelated to Lilly's allegations of purported rebate fraud for Trulicity, including information for other medications. DrugPlace specifically asserts this objection for Interrogatory Nos. 1, 4, and 6.

9. DrugPlace further objects to the definition of "Rebate Claim" or "Rebate Claims" as unduly burdensome because it also includes "*any* data, documentation, or information submitted in connection with such request" (emphasis) for every single request, submission, or claim to Lilly or an intermediary seeking remuneration based on dispensation of a "Lilly medication." DrugPlace specifically asserts this objection for Interrogatory Nos. 1, 4, and 6.

10. DrugPlace further objects to the definition of "Rebate Claim" or "Rebate Claims" as vague and ambiguous given its use of the undefined phrase "Lilly medication." It is unclear whether Lilly seeks information in accordance with its definition of "Lilly Medicine" or within some other meaning of the phrase "Lilly medication." DrugPlace specifically asserts this objection for Interrogatory Nos. 1, 4, and 6.

11. DrugPlace objects to the definition of "Prescription Cost Share Program" or "Prescription Cost Share Programs" as vague and ambiguous given that it incorporates "documents obtained from Defendants by Lilly" without providing those documents or specifying what they are. DrugPlace does not assert this objection for any specific Interrogatory as none uses this term, despite Lilly including such in the definition section.

12. Each of these Objections to Definitions are incorporated into the respective interrogatory that the objection identifies.

## III. <u>OBJECTIONS TO INSTRUCTIONS THAT APPLY TO MORE THAN ONE INTERROGATORY</u>

1. DrugPlace objects to Instruction No. 2 as deeming the Interrogatories to include "any and all relevant information and documents within Your possession, custody or control, including, without limitation documents located in the files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of or retained by You" as vague, ambiguous, and unduly burdensome. Given that the definition of "You" includes all six corporate defendants and individuals and entities associated with them as listed therein, and also expressly seeks information from past directors, officers, agents, representatives, employees, attorneys and accountants, DrugPlace does not know what each Interrogatory that uses the term "You" is actually requesting. The incorporation of distinct entities and their former and current agents, representatives, etc., along with seeking all relevant information and documents "located

in the files of any and all past and present" agents, representatives, etc. also renders this definition overly broad. Further, it is impossible for DrugPlace to answer an interrogatory on behalf of all of such entities and individuals. *See Thermoset Corp.*, 2014 WL 6473232, at *4. Lilly did not tailor its Interrogatories to each individual recipient. Finally, Instruction No. 2's reference to "any and all relevant information and documents" cannot circumvent the requirement that the interrogatory itself must seek only information relevant to the claims or defenses in this matter under Rule 26(b)(1). *In re: Takata Airbag Prods. Liab. Litig.*, No. 14-24009-CV, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016). ("[A] party is not entitled to receive every piece of relevant information. It is only logical, then, that a party is similarly not entitled to receive every piece of irrelevant information…."). DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

2. DrugPlace also objects to Instruction No. 2 as requiring DrugPlace to answer based on documents located in its attorneys' files, which are the subject of the attorney-client privilege, work product doctrine, and joint defense privilege. DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

3. DrugPlace objects to Instruction No. 5 as vague and ambiguous, given that it seeks answers "on the basis if Your entire knowledge, from all sources," and uses undefined phrases such as "entire knowledge" and "from all sources" that are subject to varying interpretation of what "all sources means" and what constitutes an entity's "entire knowledge." DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

4. DrugPlace also objects to Instruction No. 5 as unduly burdensome and overly broad, given that it seeks answers "on the basis of Your *entire* knowledge, from *all* sources" (emphasis added) across all six corporate defendants and individuals and entities associated with them based on the definition of "Your." It is impossible for DrugPlace to answer an interrogatory

on behalf of all of such. Lilly did not tailor its Interrogatories to each individual recipient. DrugPlace specifically asserts this objection for Interrogatory Nos. 1 through 6.

## IV. <u>ANSWERS TO INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1:</u>**

Identify the name, business address, email address, phone number and National Provider Identifier for each healthcare provider who prescribed the Lilly Medicine for which You submitted Rebate Claims since January 1, 2020.

**OBJECTIONS TO INTERROGATORY NO. 1:**

DrugPlace hereby incorporates all objections that DrugPlace has specified apply to this Interrogatory in Sections I to III above. DrugPlace further objects to this Interrogatory as follows:

A. The Interrogatory is overbroad and ambiguous as it relates to the term "You," as further specified in Section II above, because "You" is defined to mean any of the corporate defendants and their predecessors, successors, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting on their behalf, from January 1, 2020 to present. As applied here, that means Lilly is seeking information from DrugPlace beyond any purported "Rebate Claims" that DrugPlace submitted.

B. The Interrogatory is unduly burdensome, overbroad, and ambiguous given (i) the expansive definitions for "You," all of the corporate Defendants encompassed in the definition of "You," "Lilly Medicine," and "Rebate Claims" (as described in Section II above) and (ii) that the Interrogatory seeks information related to every healthcare provider that prescribed certain medicine over the span of more than six years, which requires an extensive search of DrugPlace's electronic and hard copy records regarding any purported "Rebate Claim" that DrugPlace or any

other corporate Defendant (and the entities and individuals encompasses in the definition of that corporate Defendant) purportedly submitted.

C. The Interrogatory is ambiguous given its use of the term "Identify" and the conflicting information sought through the defined term "Identify" versus the information sought as specified in the Interrogatory. "Identify" seeks the "full name, including any aliases, maiden names, or nicknames, current residence and business addresses, phone numbers for business, home, and cellphone, and present position and business affiliation; whereas, the Interrogatory seeks the name, business address, email address, and phone number.

**RESPONSE TO INTERROGATORY NO. 1:** Considering these objections, DrugPlace requests to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 2:**

Identify the name and date of birth of any patient for whom Lilly medicine was dispensed by You since January 1, 2020.

**OBJECTIONS TO INTERROGATORY NO. 2:**

DrugPlace hereby incorporates all objections that DrugPlace has specified apply to this Interrogatory in Sections I to III above. DrugPlace further objects to this Interrogatory as follows:

A. The Interrogatory is vague and ambiguous given its use of the undefined term "Lilly medicine." It is unclear whether Lilly seeks information in accordance with its definition of "Lilly Medicine" or within some other meaning of the phrase "Lilly medicine."

B. The Interrogatory is overly broad, seeks irrelevant information, and seeks information disproportionate to the needs of the case, which violates Rule 26(b)(1). It requests information unrelated to Lilly's allegations of purported rebate fraud for Trulicity, including information for other medications, and requests information about "Lilly medicine" unrelated to any rebate claim.

C. The Interrogatory is overbroad and ambiguous as it relates to the term "You," as further specified in Section II above, because "You" is defined to mean any of the corporate defendants and their predecessors, successors, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting on their behalf, from January 1, 2020 to present. As applied here, that means Lilly is seeking information from DrugPlace beyond any patients of DrugPlace.

D. The Interrogatory is unduly burdensome because it seeks information related to "any patient" over the span of more than six years, which requires an extensive search of DrugPlace's electronic and hard copy records for information not readily available as maintained by DrugPlace in the ordinary course of business.

**RESPONSE TO INTERROGATORY NO. 2:** Considering these objections, DrugPlace requests to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 3:**

Identify any and all of Your employees, independent contractors, consultants, officers, directors, managers, agents, pharmacists, pharmacy technicians, or accountants since January 1, 2020, and for each such individual, state their role, job title, and length of employment.

**OBJECTIONS TO INTERROGATORY NO. 3:**

DrugPlace hereby incorporates all objections that DrugPlace has specified apply to this Interrogatory in Sections I to III above. DrugPlace further objects to this Interrogatory as follows:

A. The Interrogatory is overbroad and ambiguous, seeks irrelevant information, and seeks information disproportionate to the needs of the case, as it relates to the term "You," which violates Rule 26(b)(1). Because "You" is defined to mean any of the corporate defendants and their predecessors, successors, parents, subsidiaries, affiliates, divisions or departments, agents,

representatives, directors, officers, employees, committees, attorneys, accountants, and "all persons or entities acting on their behalf, from January 1, 2020 to present," this means Lilly is seeking information from DrugPlace regarding employees, independent contractors, consultants, officers, directors, managers, agents, pharmacists, pharmacy technicians, or accountants since January 1, 2020 of other entities, individuals associated with those other entities as listed in the definition of "You," and of individuals associated with DrugPlace as listed in "You." To illustrate the overbreadth, irrelevancy, and disproportionate nature of this request, if a DrugPlace pharmacist hired a contractor to work on his or her home, Lilly is requesting information on that contractor, which is completely unrelated to Lilly's Complaint, which alleges purported rebate fraud related to Trulicity.

B. The Interrogatory is also overly broad, seeks irrelevant information, and seeks information disproportionate to the needs of the case given the types of individuals the Interrogatory asks DrugPlace to identify, which violates Rule 26(b)(1). It requests information unrelated to Lilly's Complaint, which alleges purported rebate fraud related to Trulicity, by seeking information about all employees, independent contractors, consultants, officers, directors, managers, agents, or accountants that have nothing to do with any such alleged scheme.

C. This Interrogatory is vague and ambiguous as it relates to the undefined term "agents" and "consultants" as it is unclear who precisely Lilly is asking DrugPlace to identify.

**RESPONSE TO INTERROGATORY NO. 3:** Considering these objections, DrugPlace requests to meet and confer regarding this Interrogatory.

**<u>INTERROGATORY NO. 4:</u>**

For each Rebate Claim submitted or caused to be submitted by You since January 1, 2020, identify: (a) the date of the claim; (b) the NDC/product identifier; (c) the prescription number; (d) the fill date; (e) quantity dispensed; (f) days' supply; (g) the dispensing pharmacy; (h) the patient

identifier; (i) the prescriber name and NPI; (j) the PBM, rebate aggregator, or intermediary through which the claim was submitted; (k) the amount of any rebate paid to You by Lilly or any PBM or rebate aggregator, including but not limited to Emisar, Ascent, or Health Delegates; and (l) the person(s) most knowledgeable about the claim.

**OBJECTIONS TO INTERROGATORY NO. 4:**

DrugPlace hereby incorporates all objections that DrugPlace has specified apply to this Interrogatory in Sections I to III above. DrugPlace further objects to this Interrogatory as follows:

A. The Interrogatory is overly broad, seeks irrelevant information, and seeks information disproportionate to the needs of the case, which violates Rule 26(b)(1). It requests information unrelated to Lilly's allegations of purported rebate fraud for Trulicity, including information for other "Lilly medications" (given the definition of "Rebate Claim").

B. The Interrogatory is overbroad and ambiguous as it relates to the term "You," as further specified in Section II above, because "You" is defined to mean any of the corporate defendants and their predecessors, successors, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting on their behalf, from January 1, 2020 to present. As applied here, that means Lilly is seeking information from DrugPlace beyond any purported "Rebate Claims" that DrugPlace submitted.

C. The Interrogatory is vague and ambiguous as it relates to the undefined phrase "caused to be submitted" and the application of this phrase with the defined term "Rebate Claim," which contemplates "any request, submission, or claim *submitted* to Lilly or any intermediary" not those which were "caused to be submitted" as well.

D. This Interrogatory is unduly burdensome by seeking information not in DrugPlace's possession, custody, or control, which is the possession, custody, or control of Lilly or "any intermediary" such as the PBMs or Health Delegates.

E. This Interrogatory is unduly burdensome because it asks DrugPlace to search for, compile, and identify several categories of information for "*each* Rebate Claim" submitted over the course of more than six years for information not readily available as maintained by DrugPlace in the ordinary course of business.

**RESPONSE TO INTERROGATORY NO. 4:** Considering these objections, DrugPlace requests to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 5:**

For each box, unit, or package of Lilly Medicine purchased, received, possessed, transferred, sold, or dispensed by You since January 1, 2020, identify: (a) the source; (b) invoice number; (c) acquisition date; (d) quantity; (e) lot number and serial number, if known; (f) storage location; (g) disposition; (h) transfer or sale recipient; (i) transfer or sale date; and (j) amounts paid or received.

**OBJECTIONS TO INTERROGATORY NO. 5:**

DrugPlace hereby incorporates all objections that DrugPlace has specified apply to this Interrogatory in Sections I to III above. DrugPlace further objects to this Interrogatory as follows:

A. The Interrogatory is overly broad, seeks irrelevant information, and seeks information disproportionate to the needs of the case, which violates Rule 26(b)(1). It requests information unrelated to Lilly's allegations of purported rebate fraud for Trulicity, including information for other medications, and requests information about "Lilly Medicine" unrelated to any rebate claim.

B. The Interrogatory is overbroad and ambiguous as it relates to the term "You," as further specified in Section II above, because "You" is defined to mean any of the corporate defendants and their predecessors, successors, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting on their behalf, from January 1, 2020 to present. As applied here, that means Lilly is seeking information from DrugPlace beyond any purported "Lilly Medicine" purchased, received, possessed, transferred, sold, or dispensed by DrugPlace.

C. The Interrogatory is unduly burdensome because it asks DrugPlace to search for, compile, and identify several categories of information for "*each* box, unit, or package of Lilly Medicine purchased, received, possessed, transferred, sold, or dispensed" submitted over the course of more than six years. This requires an extensive search of DrugPlace's electronic and hard copy records, for information not readily available as maintained by DrugPlace in the ordinary course of business.

D. The Interrogatory is vague and ambiguous given its use of the undefined terms "the source" and "disposition," which are subject to multiple different interpretations. It is unclear what Lilly means by "the source" of such "Lilly Medicine" or the "disposition" of such "Lilly Medicine."

**RESPONSE TO INTERROGATORY NO. 5:** Considering these objections, DrugPlace requests to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 6:**

If You deny that any Rebate Claim was false, fraudulent, misleading, ineligible, or unsupported, state all facts supporting Your denial, identify all Documents supporting Your denial, and identify all persons with knowledge of those facts.

**OBJECTION TO INTERROGATORY NO. 6:**

DrugPlace hereby incorporates all objections that DrugPlace has specified apply to this Interrogatory in Sections I to III above. DrugPlace further objects to this Interrogatory as follows:

A. The Interrogatory is overbroad and ambiguous as it relates to the term "You" and "Your" as further specified in Section II above, because such are defined to mean any of the corporate defendants and their predecessors, successors, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting on their behalf, from January 1, 2020 to present. As applied here, that means Lilly is seeking information from DrugPlace of these other entities and individuals' denials and what facts they deem to support their denial.

B. The Interrogatory is overly broad, seeks irrelevant information, and seeks information disproportionate to the needs of the case, which violates Rule 26(b)(1). It requests information unrelated to Lilly's Complaint, which alleges purported rebate fraud related to Trulicity, by seeking information about "Lilly medications" (given the definition of "Rebate Claim") other than Trulicity.

C. The interrogatory is vague and ambiguous given its use of the undefined terms "false, fraudulent, misleading, ineligible, or unsupported," which are subject to multiple different interpretations.

D. The Interrogatory is vague, ambiguous, and unduly burdensome by seeking "*all* facts," identification of "*all* Documents," and identification of "*all* persons" for *each* "Rebate Claim," which also encompasses "*any* data, documentation, or information submitted in connection with" *any* request "for remuneration based on the purported dispensing of a Lilly medication…." It is unclear which information is requested from DrugPlace in response to this request. Further, this Interrogatory is unduly burdensome for the same reasons as specified in the

objections to Interrogatory Nos. 4 and 5, as a predicate to answering this Interrogatory is the identification of all "Rebate Claims."

E. DrugPlace further objects to this Interrogatory as premature because this litigation is at the early stages of discovery and DrugPlace has not yet filed its Answer to Lilly's Complaint denying Lilly's allegations.

**RESPONSE TO INTERROGATORY NO. 6:** Considering these objections, DrugPlace requests to meet and confer regarding this Interrogatory.

Dated: July 27, 2026.

Respectfully submitted,

**POLSINELLI PC**

By: */s/ Henry H. Bolz, IV*
**Henry H. Bolz, IV**
Florida Bar No. 43350
315 S. Biscayne Blvd., Suite 400
Miami, Florida 33131
Telephone: (305) 921-1811
hbolz@polsinelli.com
FLdocketing@polsinelli.com

**Adrienne Frazior** (*pro hac vice*)
4020 Maple Ave., Suite 300
Dallas, Texas 75219
Telephone: (214) 661-5596
afrazior@polsinelli.com

**Andrew J. Ennis** (*pro hac vice*)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 374-0567
aennis@polsinelli.com

**Dayna Staron** (*pro hac vice*)
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-6348
dstaron@polsinelli.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was provided to all counsel of record on July 27, 2026.

*/s/ Dayna Staron*
Dayna Staron