**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ELI LILLY AND COMPANY,

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; PAUL LEIGHT; KEVIN SINGER; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; and DANIELLE GISCOMBE,

Defendants.

Case No. 1:26-CV-23516-FAM

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR PROTECTIVE ORDER AND STAY OF THIRD-PARTY DISCOVERY**

Lilly's[1] opposition does not defend its subpoena campaign on the merits.[2] It argues instead that Defendants may not challenge the campaign at all. Lilly issued more than 1,000 bank subpoenas in a six-week period to institutions selected, by its own admission, without first even attempting to assess whether Defendants held accounts there. Lilly now contends that a scheduling stipulation extinguished Defendants' rights under Rule 26(c), that Defendants have no cognizable interest in their own financial information, and that designating whatever is produced as Attorneys' Eyes Only resolves any remaining concern. Each of those arguments fails.

The Stipulated Injunction (ECF No. 72) addressed only when and how discovery could begin. It waived Rule 45(a)(4)'s pre-service notice requirement and authorized discovery to proceed immediately. It did not address relevance, scope, or proportionality, much less waive the independent protections of Rules 26(b)(1) and 26(c)(1). Defendants seek to enforce those limits, not undo the Stipulated Injunction.

[1] All capitalized terms used herein are defined in Defendants' Motion for Protective Order and Stay of Third-Party Discovery (ECF No. 103).

[2] Lilly's opposition devotes twenty pages to substantive argument despite Local Rule 26.1(g)(3)'s ten-page limit. This is yet another example of Lilly ignoring the Court's requirements. Defendants, in contrast, complied with the Court's limitations and object to the opposition's excessive length.

## ARGUMENT

### A. The Stipulated Injunction Did Not Waive Rule 26's Scope, Relevance, and Proportionality Limits.

Lilly's central argument is that the Stipulated Injunction's authorization for discovery to "commence immediately" precludes any Rule 26(c) challenge to the scope of that discovery. That argument confuses permission to begin discovery with permission to conduct discovery free of Rule 26's limits. Lilly cites no authority for the latter proposition.

The Stipulated Injunction waived Rule 45(a)(4)'s pre-service notice requirement. That procedural waiver addressed timing and pre-service notice; it did not expand the permissible scope of discovery. Rule 26(b)(1) still limits discovery to nonprivileged matter that is relevant and proportional, while Rule 26(c)(1) authorizes protection from annoyance, embarrassment, oppression, or undue burden and expense. Nothing in the Stipulated Injunction expressly waived those protections, and no such waiver could be inferred from language addressing only timing and notice. These rights flow from the Federal Rules and are not conditioned on, limited by, or waivable through any stipulation.

Lilly responds that Defendants must show "good cause to modify a scheduling order." But Defendants do not seek to modify a scheduling order; they seek protection from subpoenas under Rule 26(c). Rule 16's standard for modifying case-management deadlines does not displace Rule 26's standard governing the scope of discovery. Lilly's theory would mean that any party who agreed to expedited discovery forfeits the right to challenge disproportionate discovery for the life of the case. Defendants are not aware of any court that has adopted such an untenable rule.

Even accepting Lilly's assertions that records from identified accounts and counterparties are relevant, purportedly useful information derived from some recipients does not retroactively establish that every institution, every account, every transaction, every access-log category, and every account linked by a shared device or IP address is relevant and proportional within the scope of Rule 26(b)(1).[3]

---

[3] In its opposition, Lilly also introduces new and irrelevant evidence with the Waldie Declaration. Dkt. No. 126. Defendants have had no opportunity to depose Mr. Waldie, test his methodology, or respond through competing expert analysis. More fundamentally, even accepting the Declaration's conclusions at face value, the relevance of records produced from banks where Defendants do hold accounts does not retroactively justify more than 1,000 subpoenas, the vast majority to institutions with no identified Defendant connection. An allegedly useful production from a small portion of the subpoenas cannot validate the scope of the massive campaign as a whole.

Defendants agreed that discovery could begin immediately. They did not agree that discovery could proceed without limit.

**B. Defendants Have a Protectible Privacy Interest in Their Own Financial Records and Standing Under Rule 26(c)(1) to Pursue Protection.**

Lilly's standing argument is self-defeating. The opposition spends pages arguing that Defendants' bank records document Defendants' fraud, trace the proceeds of Defendants' fraudulent scheme, and reveal Defendants' efforts to conceal that fraud. ECF No. 124 at 6–10, 14–16. If the records are about Defendants, expose Defendants' protected financial information, and reveal Defendants' activities, then Defendants have a personal interest in those records. Lilly cannot claim that the records document Defendants' fraud and simultaneously argue that Defendants have no stake in them.

Lilly invokes *Hernandez v. Burrows*, which permits a challenge to a third-party subpoena where the movant has "a personal right or privilege concerning the subject matter of the documents or information sought." No. 20-22721-CIV, 2021 WL 5999431, at *3 (S.D. Fla. Dec. 20, 2021). The subpoenas seek Defendants' own account records, transaction histories, and financial information. Defendants retain a privacy interest in that material regardless of which institution stores it. *See Peninsula Petroleum Ltd. v. CI International Fuels LLC*, No. 22-CV-20712, 2023 WL 8476409, at *2 (S.D. Fla. Sept. 12, 2023) (parties "have a sufficient personal interest in their financial records to confer standing to challenge a subpoena issued to a third-party").

Rule 26(c)(1) independently confirms Defendants' standing: it grants the right to seek a protective order to "*[a] party* or person from whom discovery is sought." (emphasis added). Discovery is being sought of Defendants' financial records. Defendants are the parties whose information is at stake. The text of Rule 26(c)(1) authorizes this motion on its face. *See Zaki Kulaibee Estab. v. McFlicker*, No. 08-60296-CIV-COOKE/GARBER, ECF No. 405, at 1-2, 6 (granting defendants' motion for protective order as to third-party subpoena).

At a minimum, Lilly's position is untenable as to institutions where Defendants held no accounts at all. Those subpoenas yielded no Defendant records but disseminated Defendants' personal identifying information to institutions with which they had no known relationship. Withdrawal of those subpoenas is precisely the relief Defendants requested.

**C. An AEO Designation Does Not Cure the Proportionality Defect.**

Lilly's proposal to simply designate the productions for Attorneys' Eyes Only ("AEO") is a non-answer to the question Defendants raised. An AEO designation governs who may review

produced material. Rule 26(b)(1) governs whether the material should be obtained at all. A confidentiality label cannot retroactively make more than 1,000 subpoenas relevant or proportional.

Rule 26(b)(1) measures the permissibility of discovery against six factors: the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). An AEO designation addresses none of these factors. It restricts which individuals within Lilly's legal team may review produced documents. It does not narrow what Lilly requested or obtained, reduce the number of institutions subpoenaed, justify subpoenas to institutions where no Defendant held an account, or remedy Lilly's dissemination of Defendants' identifying information.

An AEO label does not make irrelevant material relevant or disproportionate discovery proportionate. The defect is the egregiously overbroad, indiscriminate scope of Lilly's nationwide subpoena campaign which disseminated personal identifying information, not the absence of a confidentiality label. Lilly's offer to designate the documents as AEO does not solve that problem.

Even accepting Lilly's agreement to treat Defendants' financial records as AEO, its own filing practice shows that protection to be illusory. The Waldie Declaration repeatedly describes information drawn from those records and, although it redacts dollar amounts, leaves other confidential details—including portions of account numbers—unredacted. *See, e.g.*, Waldie Decl. ¶ 17. Lilly's failure to protect the records in its own supporting materials confirms that an AEO label neither prevents disclosure nor cures the underlying proportionality defect.

Courts in this district recognize that confidentiality protections and discovery-scope limitations serve distinct purposes and are not interchangeable. *See Tuna Fam. Mgmt. v. All Tr. Mgmt. Inc.*, No. 20-14017-CIV-SMM, ECF No. 121, at 6-7, 9 (S.D. Fla. Oct. 19, 2021) (explaining that confidential information could be handled through a protective order, but nonetheless finding third-party document requests overbroad and requiring narrowing by timeframe and subject matter). The same principles apply here with far greater force.

### D. The Court Can Still Grant Concrete Relief with This Motion.

Lilly's mootness argument fails because the Court can still grant concrete, effectual relief. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12–13 (1992) (holding that production of subpoenaed materials did not moot review where a court could order their return or

destruction). Defendants acknowledge only that a stay cannot undo compliance already completed. The timing and breadth of Lilly's campaign, conducted without any notice whatsoever, deprived Defendants of a meaningful opportunity to seek relief before the subpoenas were served nationwide and before many institutions produced records. Forty-eight of the fifty-six banks identified in Lilly's Appendix A as possessing Defendants' financial records have made responsive productions. Staying those completed productions would serve no practical purpose. But that is where mootness ends. Eight of the banks identified in Lilly's Appendix A have not yet responded to the subpoenas. Defendants remain in the dark about how many additional subpoenas remain outstanding, whether those banks have been identified by Lilly as possessing Defendants' financial records or not, or whether any banks objected to the subpoenas and what those objections are. Lilly admitted to "inadvertently" failing to provide copies of subpoenas to institutions that do have responsive material, and Defendants do not know what else Lilly may have "inadvertently" withheld. A stay would provide immediate, concrete relief by staying the subpoenas that remain pending and foreclosing Lilly's fishing expedition as to banks that do not have any information related to Defendants.

The motion's other Requests also remain live. Request No. 5, for example, seeks sequestration of financial records relating to the individual Defendants and a prohibition on Lilly's use of those records pending further order. Lilly's opposition makes clear, in considerable detail, that its forensic accountant is actively working through the produced records to trace transactions, identify participants in the alleged scheme, and build the evidentiary case. Dkt. No. 124 at 6–10; Waldie Decl. ¶¶ 8, 15, 21. The challenged use is ongoing while this motion is pending before the Court. Continued harm strengthens, rather than moots, the need for prospective relief.

At most, Lilly's mootness argument eliminates the retroactive component of one of five requested forms of relief. It does not affect the outstanding subpoenas, sequestration, a temporary prohibition on use, or the motion's other prospective relief. The motion's core relief remains live.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their opening brief, Defendants respectfully request that the Court stay the outstanding subpoenas and grant the remaining protective relief requested in Defendants' Motion for Protective Order and Stay of Third-Party Discovery.

Respectfully submitted,

By: /s/ Michelle Bernstein

**Michelle Bernstein**
Florida Bar No. 1030736
315 S. Biscayne Blvd., Suite 400
Miami, Florida 33131
Telephone: (305) 921-1811
Mbernstein@polsinelli.com

**Henry H. Bolz, IV**
Florida Bar No. 43350
315 S. Biscayne Blvd., Suite 400
Miami, Florida 33131
Telephone: (305) 921-1811
hbolz@polsinelli.com
FLdocketing@polsinelli.com

**Adrienne Frazior** (*pro hac vice*)
Texas Bar No. 24059546
4020 Maple Ave., Suite 300
Dallas, Texas 75219
Telephone: (214) 661-5596
afrazior@polsinelli.com

**Andrew J. Ennis** (*pro hac vice*)
Kansas Bar No. 22445, MO Bar No. 57713
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 374-0567
aennis@polsinelli.com

**Dayna Staron** (*pro hac vice*)
Illinois Bar No. 6317971
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-6348
dstaron@polsinelli.com

*Attorneys for Movants DrugPlace, Inc. (FL); DrugPlace, Inc. (TN); Community Health Initiative, Inc.; Nakorn Wholesalers, LLC; Paul Leight; and Kevin Singer*

By: */s/ David S. Shankman*
**David S. Shankman**
Florida Bar No. 940186
Dinsmore & Shohl
201 N. Franklin Street
Suite 3050
Tampa, FL 33602
813-543-9848
Fax: 813-543-9849
Email: david.shankman@dinsmore.com

**Carrington M. Giammittorio** (*pro hac vice)*
Texas Bar No. 24137224
Haynes and Boone, LLP
2801 N. Harwood St., Ste. 2300
Dallas, TX 75201
(214) 651-5256
Email: carrington.giammittorio@haynesboone.com

**J. Nicholas Bunch** (*pro hac vice*)
Texas Bar No. 24050352
Haynes and Boone, LLP
2801 N. Harwood St., Ste. 2300
Dallas, TX 75201
(214) 651-5537
Email: nick.bunch@haynesboone.com

**Samara Taper** (*pro hac vice*)
Texas Bar No. 24137224
Haynes and Boone, LLP
2801 N. Harwood St., Ste. 2300
Dallas, TX 75201
(214) 651-5112
Email: samara.taper@haynesboone.com
*PRO HAC VICE*

*Attorneys for Defendants Galaxy Med, LLC, Brightline Wholesale, LLC Readus Smith, Lane Mazei, Danielle Giscombe*

By: */s/ Wilfredo Antonion Ferrer*

**Wifredo Antonio Ferrer**
Florida Bar No. 0887005
Holland & Knight LLP
701 Brickell Ave Ste 3000
Miami, FL 33131

305-789-7780
Fax: 305-789-7799
Email: wifredo.ferrer@hklaw.com

**Andrew Solinger**
Maryland Bar No. 1412180172, DC Bar No. 036943, TN Bar No. 036943
Holland & Knight, LLC
Symphony Place
150 Third Avenue South, Suite 2800
Nashville, TN 37201
615-850-8062
Email: Andrew.solinger@hklaw.com
*PRO HAC VICE*

**Henry Leventis**
SC Bar No 71618, TN Bar No. 038306, DC Bar No. 9003529
Holland & Knight, LLC
150 Third Avenue S, Ste. 2800
Nashville, TN 37201
615-850-6110
Email: henry.leventis@hklaw.com
*PRO HAC VICE*

**Ross Hildabrand**
TN Bar No. 040269
Holland & Knight, LLC
150 Third Avenue S, Ste. 2800
Nashville, TN 37201
615-850-6069
Email: ross.hildabrand@hklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Attorneys for Defendant Jerry Maynard Sr. and Jerry Maynard Jr.*

By: */s/ Jessica Sievert*
**Jessica Sievert**
Fla. Bar No. 55839
Holland & Knight LLP
50 N Laura Street, Suite 3900
Jacksonville, FL 32202
904-353-2000
Email: jessica.sievert@hklaw.com

**Henry Alexander Moreno**
Fla. Bar No. 1031432
Holland and Knight LLP
777 South Flagler Drive
Suite 1900, West Tower
West Palm Beach, FL 33401
(561) 650-8332
Fax: (561) 650-8399
Email: henry.moreno@hklaw.com

*Attorneys for Defendant Edgar Enriquez*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed with the clerk of court and has been served upon all counsel of record on August 21, 2026 via the Court's CM/ECF system.

*/s/ Michelle Bernstein*
Michelle Bernstein