**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ELI LILLY AND COMPANY,

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; PAUL LEIGHT; KEVIN SINGER; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; and DANIELLE GISCOMBE,

Defendants.

Case No. 1:26-CV-23516-FAM

**DEFENDANTS', JERRY MAYNARD SR., JERRY MAYNARD II, AND EDGAR ENRIQUEZ, RESPONSE IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S STAY ORDER**

Pursuant to Local Rule 7.1(c)(1), Defendants Jerry Maynard Sr., Jerry Maynard II,[1] and Edgar Enriquez (collectively, the "Defendants") file this response in opposition to Plaintiff's, Eli Lilly ("Lilly"), *Cross-Motion for Clarification, Notice of Intent to Oppose Motion for Stay, and Cross-Motion to Permit Limited Jurisdictional Discovery* (the "Motion") and respectfully request this Court deny Lilly's unsupported request for "partial reconsideration" of the Court's *Order Granting in part Defendants' Motion to Stay Discovery and Order Setting Hearing on Defendants' Motion to Dismiss* (the "Stay Order"), and, in support thereof, Defendants state:

On August 7, 2026, Defendants filed their motions to dismiss Lilly's complaint alleging a multi-year commercial fraud conspiracy between fifteen named defendants, which had no discernible impact or alleged resulting harm in Florida. (ECF Nos. 114, 116). Contemporaneously,

[1] The Complaint and Lilly's Motion incorrectly refer to Jerry Mayanrd II as Jerry Maynard Jr.

Defendants filed their *Motion to Stay Discovery Pending Resolution of Motions to Dismiss* (ECF No. 117) (the "Motion to Stay"). The Motion to Stay underscored the fatal deficiencies in Lilly's Complaint (ECF No. 1), consisting of Lilly's non-actionable fraud and conspiracy claims (under both Rule 12(b)(6) and Rule 9(b)), Lilly's failure to allege personal jurisdiction as to the Defendants, and Lilly's failure to adequately allege its equitable claims. *See generally* Motion to Stay. This Court granted the Motion to Stay in part, staying all discovery and discovery-related matters until the Court's hearing on the Defendants' motions to dismiss. *See* Stay Order.

As relevant here, Lilly moved this court for a "partial reconsideration" of the Stay Order "for the limited purpose of permitting Lilly to conduct jurisdictional discovery as to the Maynard/Enriquez Defendants." *See* Motion at 1. However, Lilly failed to even address the standard for reconsideration, much less overcome the heavy burden the standard imposes. Moreover, Lilly seeks to do exactly what this Court prohibited, engage in merit discovery based on legally insufficient allegations in its Complaint against the Defendants—despite already engaging in substantial discovery on this issue vis-à-vis other defendants and third parties. Lilly cannot have it both ways. Lilly cannot obfuscate its merit discovery (in support of its conspiracy claim) under the cloak of jurisdictional discovery (in support of its co-conspirator jurisdiction theory). Indeed, Lilly's Motion is self-defeating as Lilly vaguely admits it has conducted other discovery that support its personal jurisdiction theory.

## ARGUMENT

### I. Lilly Seeks an Extraordinary Remedy Without Addressing the Legal Standard

Reconsideration is an "extraordinary remedy" available only upon a showing of: (i) an intervening change in controlling law; (ii) newly discovered evidence; or (iii) manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002) ("In

order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."). Lilly identifies none of these grounds much less meets the standard for obtaining the "extraordinary remedy" sought. *Id.* ("reconsideration of a previous order is an extraordinary remedy to be employed sparingly.") This failure to even address the standard for reconsidering a prior order is fatal and should put Lilly's Motion to bed once and for all.

## II. <u>Lilly Really Seeks Merit Discovery from Defendants</u>

Even if Lilly can overcome this facial deficiency of its Motion, it fails for an independent reason as well. Lilly really seeks merit discovery, cloaked as jurisdictional discovery, to support its conspiracy claims against Defendants. *See* Motion at 9. As Lilly admits, Defendants' motions to dismiss were supported by affidavits establishing the lack of any Florida-based contacts related to Lilly's Complaint. *See* ECF No. 114-1, 116-4, 116-5; *see also* Motion at 7. Notably, the affidavits effectively answer Lilly's previously-served interrogatories related to personal jurisdiction.[2] Lilly admits it now carries the burden of introducing evidence that supports personal jurisdiction. Motion at 7. Lilly's burden on this issue can be met by "substantia[ting] the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterat[ing] the factual allegations in the complaint." *Oviedo v. Ramriez*, No. 21-cv-23750, 2022 WL 1641865, at *3 (S.D. Fla. May 24, 2022).

Significantly, where Lilly's Complaint and supporting evidence conflict with the Defendants' affidavits, the Court must construe all reasonable inferences *in favor of Lilly*. *See Meier ex rel. Mejer v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1275 (11th Cir. 2002) ("Because the court must, for the purposes of jurisdiction, construe all reasonable evidentiary conflicts in favor

[2] *See* **Exhibit 1-3** (Plaintiff's First Set of Interrogatories to Defendant, Nos. 1-2).

of the Plaintiffs, the Court concludes that Plaintiffs submitted sufficient evidence to contradict Defendants' affidavits.") (internal citation omitted); *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021) ("To the extent that the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Whether the plaintiff satisfies the prima facie requirement is a purely legal question; the district court does not weigh evidence or make credibility determinations.") (internal citation omitted) (cleaned up); *Headley v. Rosenblatt*, No. 24-24613-CIV, 2025 WL 2623834, at *1 (S.D. Fla. Sept. 10, 2025) (Moreno, J.) ("The court should accept as true all unchallenged facts in the complaint and consider the parties' affidavit evidence. To the extent that the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.") (internal citation omitted) (cleaned up).

Lilly represented to the Court that it already has evidence related to jurisdictional discovery. *See* Motion at 9. For example, Lilly represented that "other witnesses have reported that [Edgar Enriquez] worked with Kevin Singer in Florida before moving out of state. Moreover, Enriquez is listed as a contact for Community Health and other entities that operated in Florida." *Id.* Although Lilly does not identify its "other witnesses" or evidence listing Enriquez as a "contact" for "other entities that operated in Florida," Lilly admits it has evidence it can advance in response to the affidavits and in support of a favorable inference. *Id; see also Headley*, 2025 WL 2623834, at *1 (denying motion to dismiss where plaintiff's sworn statement detailing single audio call was credited over defendant's contradictory affidavit in support of personal jurisdiction).

Lilly made similar representations in its *Opposition to Defendants' Motion for Clarification, or Alternatively, Motion to Stay* (ECF No. 135). For example, Lilly represented that:

> **Lilly has already uncovered further proof** of Defendants' fraudulent scheme and the role each Defendant played. Discovery in this case has revealed powerful

> evidence that Defendants' healthcare sharing program was a complete sham: the purported patients did not exist; the plan did not exist; the hundreds of thousands of Trulicity prescriptions Defendants claimed to dispense were fictional; and Defendants' fraud was even more extensive than initially alleged, involving more than four billion dollars' worth of proceeds from prescription medication, which Defendants attempted to conceal through a series of layered transactions. **Suffice it to say that even if additional factual allegations were needed, Lilly could easily provide them**.

*See* ECF No. 135 at 9 (emphasis added). Indeed, Lilly has already taken several depositions in this case, but the problem for Lilly is that it implicitly admits it has not been able to establish any facts to support its conspiracy claims. *See* Motion at 9 ("Jurisdictional discovery is also necessary so that Lilly may add to the facts supporting its co-conspirator theory of jurisdiction...").

Lilly's assertion that it needs jurisdictional discovery directly from Defendants fail for two reasons. First, Lilly admits that "where ***any co-conspirator*** commits a tortious act in Florida", Florida's long-arm statute confers personal jurisdiction. *Id.* (emphasis added). This means that Lilly—through the substantial discovery it has already conducted vis-à-vis other defendants and third parties—could "easily" establish Defendants' personal jurisdiction here without requiring Defendants to engage in premature discovery (as this Court has already ruled). *See* Stay Order; ECF No. 135 at 9.

Second, and most fatal, is that Florida's long-arm statute requires Lilly to establish it suffered injury *within Florida* as a result of Defendants' acts. *See Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1239 (S.D. Fla. 2015); *Hinkle v. Continental Motors, Inc.*, 268 F. Supp. 3d 1312, 1322-1323 (M.D. Fla. 2017) ("It is a well-established principle that [under Section 48.193(1)(a), Florida Statute] the phrase 'arising from' **requires that the place of injury be within Florida**.") (emphasis added) (citation omitted). Lilly cannot overcome this burden regardless of how much discovery it obtains because Lilly is admittedly incorporated, and principally operates, in Indiana—the location where it suffered the alleged harm by paying rebate

claims. Compl. ¶ 12; *DeRossett v. Southeast Toyota Dist. Inc., No*. 17-CV-60415, 2017 WL 7344406, at *3 n. 5 (S.D. Fla. Aug. 18, 2017) (noting the "committing tortious act" subsection did not apply because "Plaintiff was a resident of Georgia at all relevant times, and therefore, any injury to Plaintiff occurred in Georgia.").

Thus, the affidavits and counterevidence are "inconsequential because the operative pleading is impermissibly vague and conclusory, and therefore, do[] not sufficiently plead a basis for extending jurisdiction…" *Parisi v. Kingston*, 314 So. 3d 656, 664 (Fla. 3d DCA 2021) ("the parties' competing affidavits become relevant, only when the operative pleading adequately alleges a basis for extending long-arm jurisdiction over a non-resident defendant; a non-reisdent defendant does not have to anticipate the plaintiff, in a responsive declaration, affidavit, or otherwise, asserting entirely new allegations in support of personal jurisdiction."). Lilly effectively admits that the Complaint is deficient in this regard to these Defendants when its Motion contends that discovery is needed to determine if the long-arm statute applies. *See* Motion at 8–9.

Lilly's request for jurisdictional discovery is akin to the request made by plaintiffs in *In re Takata Airbag Products Liability Litigation*, which this Court denied. 396 F. Supp. 3d 1101, 1156-58 (S.D. Fla. 2019) (Moreno, J.). In *Takata*, this Court recognized that a district court should not reserve ruling on a pending motion to dismiss to allow plaintiff to look for what plaintiff should have before filing suit. *Id.* at 1156. Like the plaintiff in *Takata*, Lilly also fails to "specify what information Plaintiffs have sought or how that information would bolster their allegations." *Id.* at 1157 (cleaned up). Denying Lilly's request is even more compelling here where Lilly has represented it has obtained discovery that would now "easily" allow it to plead additional facts in support of its claims. ECF No. 135 at 9; *see also* Motion at 9.

## CONCLUSION

Lilly's attempt to obtain "jurisdictional discovery" directly from Defendants, despite the Court's Stay Order, is a veiled attempt to obtain merit discovery on its insufficiently alleged conspiracy claim. The legal standard, and substantial discovery Lilly has completed to date, does not require Lilly to obtain "jurisdictional discovery" directly from Defendants. In any event, Lilly cannot establish the requisite Florida-based injury, and the Court should reject Lilly's baseless reconsideration request of the Stay Order. However, if the Court is inclined to grant Lilly's limited "jurisdictional discovery" request, Defendants respectfully request an order stating they may respond without the risk of waiver on the personal jurisdiction defect.

Dated: August 27, 2026.

Respectfully submitted,

By: /s/ *Andrew Solinger*
Andrew F. Solinger, TN BPR # 036943
Holland & Knight LLP
Symphony Place
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201
Tel: (615) 850-8062
Fax: (615) 244-6804
Email: andrew.solinger@hklaw.com

By: /s/ *Henry Leventis*
Henry C. Leventis, TN BPR # 038306
Holland & Knight LLP
Symphony Place
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201
Tel: (615) 850-6110
Fax: (615) 244-6804
Email: henry.leventis@hklaw.com

Wifredo A. Ferrer, FL Bar # 887005
Holland & Knight LLP
701 Brickell Ave., Suite 3000
Miami, Florida 33131
Tel: (305) 789-7780
Fax: (305) 789-7799
Email: Wifredo.Ferrer@hklaw.com
*Attorneys for Defendant Jerry Maynard Sr.*

Ross C. Hildabrand, TN BPR # 040269
Holland & Knight LLP
Symphony Place
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201
Tel: (615) 850-6069
Fax: (615) 244-6804
Email: ross.hildabrand@hklaw.com

Wifredo A. Ferrer, FL Bar # 887005
Holland & Knight LLP
701 Brickell Ave., Suite 3000
Miami, Florida 33131
Tel: (305) 789-7780
Fax: (305) 789-7799
Email: Wifredo.Ferrer@hklaw.com
*Attorneys for Defendant Jerry Maynard II*

By: /s/ *Henry A. Moreno*
Henry A. Moreno (Fla. Bar No. 1031432)
Henry.Moreno@hklaw.com
Holland & Knight LLP
777 South Flagler Drive
Suite 1900—West Tower
West Palm Beach, FL 33401
Telephone: 561-650-8332

Jessica R. Sievert (Fla. Bar No. 55839)
Jessica.Sievert@hklaw.com
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: 904-353-2000
*Attorneys for Defendant Edgar Enriquez*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will also send notice of this electronic filing to all counsel of record.

*/s/ Henry A. Moreno*
Henry A. Moreno, Esq.