**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ELI LILLY AND COMPANY,

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; PAUL LEIGHT; KEVIN SINGER; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; and DANIELLE GISCOMBE,

Defendants.

Case No. 1:26-CV-23516-FAM

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**CROSS-MOTION FOR CLARIFICATION**

On August 10, 2026, this Court ordered that "[a]ll discovery and discovery-related matters shall be stayed until the Court's hearing on the Motions to Dismiss." ECF No. 119 (the "Order"). Movants interpret the Order under its plain reading—all discovery and discovery-related matters, which would include discovery for *all* parties and non-parties, are currently stayed. Lilly takes the position that the Order is intended to apply only to three individual defendants—Jerry Mayndard, Sr., and Jerry Mayndard, Jr., and Edgar Enriquez. To resolve this dispute, Movants sought brief clarification from the Court regarding the intended scope of the Order and, alternatively, moved for a stay of discovery for all Movants if the Court's Order was not intended to apply to Movants. ECF No. 122. Lilly filed a Cross-Motion for "Clarification" of its own (ECF No. 123), spending more than four pages asking this Court merely to make clear what it meant when it stayed all discovery, and just yesterday filed an opposition to Movants' Alternative Motion to Stay. ECF No.

135. Because the scope of the Order necessarily impacts any alternative Motion to Stay, this brief response addresses only the parties' cross-motions for clarification regarding the Order.

Lilly's Cross-Motion for Clarification completely ignores the plain language of the Order and imposes obligations for modifying discovery that do not exist under federal law. The Order does not say, as Lilly suggests, that only discovery for Defendants Maynard, Sr., Maynard, Jr., and Enriquez is stayed. Rather, it stays "all discovery and discovery-related matters" without limitation. ECF 119. And the broader stay of discovery makes even more sense when reviewed in conjunction with the other portion of the Order, which set a hearing date for all motions to dismiss. *See* ECF 119. There is nothing in the Order indicating that the Court intended to set hearing dates for every defendant's motion to dismiss but to stay discovery for only three of the defendants. Such an interpretation makes no logical sense and would lead to an impractical outcome where all other discovery continues while three defendants sit idly by.

Moreover, the Order is entirely consistent with the Court's inherent and broad authority to control discovery. *See* Fed. R. Civ. P. 26(c), (d); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (A judge has "broad discretion to stay discovery pending decision on a dispositive motion."); *Griffin v. Calderon*, No. 6:24-CV-1432-PGB-LHP, 2024 WL 4979460, at *1 (M.D. Fla. Dec. 4, 2024) (affirming a *sua sponte* stay of discovery ordering that "a temporary stay of discovery is warranted until the motions to dismiss are resolved"); *see also Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins."). Indeed, this Court has frequently stayed discovery where resolution of a preliminary motion may dispose of the entire action. *See e.g.*, *Tradex Global v. Palm Beach Capital Mgmt., LLC,* No. 09-21622, 2009 WL 10664410, at *1 (S.D.

Fla. Nov. 24, 2009) (Moreno, J.) (staying discovery on threshold legal issue of venue and sufficiency of fraud-based allegations); *see also Solar Star Sys., LLC v. BellSouth Telcommc'ns., Inc.*, No. 10-21105, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 20, 2011) (Moreno, J.) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.").

Therefore, an order staying all discovery is warranted and consistent with this Court's authority, and Movants ask this Court to clarify that its stay of "all discovery and discovery-related matters" applies to all party and non-party discovery.

Dated: August 27, 2026

Respectfully submitted,

**POLSINELLI PC**

By: */s/ Michelle Bernstein*

**Michelle Bernstein**
Florida Bar No. 1030736
315 S. Biscayne Blvd., Suite 400
Miami, Florida 33131
Telephone: (305) 921-1811
Mbernstein@polsinelli.com

**Henry H. Bolz, IV**
Florida Bar No. 43350
315 S. Biscayne Blvd., Suite 400
Miami, Florida 33131
Telephone: (305) 921-1811
hbolz@polsinelli.com
FLdocketing@polsinelli.com

**Adrienne Frazior** (*pro hac vice*)
Texas Bar No. 24059546
4020 Maple Ave., Suite 300
Dallas, Texas 75219
Telephone: (214) 661-5596
afrazior@polsinelli.com

**Andrew J. Ennis** (*pro hac vice*)
Kansas Bar No. 22445, MO Bar No. 57713
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 374-0567
aennis@polsinelli.com

**Dayna Staron** (*pro hac vice*)
Illinois Bar No. 6317971
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-6348
dstaron@polsinelli.com

*Attorneys for Movants DrugPlace, Inc. (FL); DrugPlace, Inc. (TN); Community Health Initiative, Inc.; Nakorn Wholesalers, LLC; Paul Leight; and Kevin Singer*

-and-

**HAYNES AND BOONE, LLP**

**J. Nicholas Bunch**
**Carrington Giammittorio**
**Samara Taper**
2801 N. Harwood St., Ste. 2300
Dallas, TX 75201
Tel: (214) 651-5000
Nick.bunch@haynesboone.com
Carrington.Giammittorio@haynesboone.com
Samara.Taper@haynesboone.com

**DINSMORE SHOHL, LLP**

**David S. Shankman**
201 N. Franklin Street, Suite 3050
Tampa, FL 33602
Tel: 813-543-9848
David.Shankman@dinsmore.com

**Attorneys for Galaxy Med, LLC d/b/a Galaxy Pharmacy, Brightline Wholesale LLC, Lane Mazei, Danielle Giscombe, and Readus Smith**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed with the clerk of court and has been served upon all counsel of record on August 27, 2026 via the Court's CM/ECF system.

*/s/ Michelle Bernstein*
Michelle Bernstein