# EXHIBIT 4

**From:** Dayna Staron <dstaron@polsinelli.com>
**Sent:** Thursday, July 30, 2026 12:32 PM
**To:** Kipnees, Joshua (x2838) <jkipnees@pbwt.com>; Hoon, Megha (x2342) <mhoon@pbwt.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; Fischer, Aron (x2363) <afischer@pbwt.com>; Meyers, Hilarie (x2324) <hmeyers@pbwt.com>; JShapiro_stearnsweaver.com <JShapiro@stearnsweaver.com>; Veronica de Zayas <vdezayas@stearnsweaver.com>; Ryan Wolis <rwolis@stearnsweaver.com>; Marilyn Figueras <mfigueras@stearnsweaver.com>
**Cc:** Henry Bolz <hbolz@polsinelli.com>; Adrienne Frazior <afrazior@polsinelli.com>; Andrew Ennis <AEnnis@Polsinelli.com>
**Subject:** Lilly/DrugPlace - Pre-Filing Conference - Motion for Protective Order

**External: Think before you click.**

Counsel,

All Defendants besides Misha Maynard are filing a motion for a protective order today. Pursuant to Local Rule 7.1(a)(3), please advise by no later than 5pm ET whether Lilly agrees to an entry of a protective order that:

1. For all subpoenas that Lilly has served or for which service is pending that seek financial information of Movants and any other third party: (a) stays compliance with such subpoenas; (b) requires Lilly, within 24 hours of the Court's entry of the protective order, to notify each subpoena recipient that compliance is stayed pending further order of this Court; (c) requires Lilly to identify every subpoena and submit a list of the subpoenas to Movants within two business days of the Court's order that includes the subpoena recipient, date of service, return date, place of compliance, whether the recipient has produced documents, and the date Lilly provided a copy of the subpoena to Movants; and (d) requires Lilly to provide complete, unredacted copies of every subpoena including all attachments to the subpoena that were sent to each recipient within one business day of the Court's order;
2. Stays further discovery of financial information of Movants and any other third party, including counsel for Movants that does not relate to Lilly, Trulicity, rebate claims for Trulicity, Health Delegates, the unnamed PBMs' alleged rebate proceeds for Trulicity, or alleged resale proceeds of Trulicity;
3. Requires Lilly to petition the Court with a showing of good cause, prior to seeking financial records of attorneys for Movants;
4. Amends Section 1(b) of the HIPAA Protective and Confidentiality Order (ECF No. 70) to add that: "Financial information obtained from any third parties is presumed to be designated 'Highly Confidential – Attorneys' Eyes Only,' until the person or entity whose financial information is contained in the document rescinds or changes this designation. Whichever party that directly received such documents from a third party must apply the required markings under Section 2 before or when producing the documents to other parties or otherwise disclosing those documents as permitted by the Order;"

5. Requires Lilly to disclose to Movants whether any use or disclosure of the presumptively "Highly Confidential – Attorneys' Eyes Only" financial records that is not allowed under the HIPPA Protective and Confidentiality Order, as amended, occurred prior to the Court's issuance of this protective order, within two business days of the Court's order. If such use or disclosure has occurred, Lilly must identify the documents at issue, who accessed or received the documents, whether that individual further disclosed the documents, and whether that individual has signed Attachment A of the HIPAA Protective and Confidentiality Order. Lilly must present any recipients of such documents with Attachment A within one business day of the Court's entry of this protective order;
6. Requires Lilly to apply "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" markings on all financial documents received to date and hereinafter from third parties in accordance with the amended Section 1(b) of the HIPAA Protective and Confidentiality Order. Lilly must reproduce such documents to Defendants with this designation;
7. Amends Section 7 of the Stipulation Order (ECF No. 72) to require pre-service notice of any third-party subpoenas in accordance with Rule 45(a)(4).
8. Requires Lilly to sequester all financial records received in response to any subpoena that involve Paul Leight, Kevin Singer, Readus Smith, Jerry Maynard Sr., Jerry Maynard Jr., Edgar Enriquez, Lane Mazei, and Danielle Giscombe and prohibits Lilly from reviewing, using, summarizing, analyzing, disseminating, or relying on those materials pending further order, regardless of the permitted uses and disclosures provided by the HIPAA Protective and Confidentiality Order, as amended; and,
9. Grants such other relief in favor of Movants as the Court deems just and proper.

**Dayna Staron**
*Shareholder*

dstaron@polsinelli.com
312.463.6348
150 N. Riverside Plaza
Suite 3000
Chicago, IL 60606

POLSINELLI. | What a law firm *should* be.™

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.