**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ELI LILLY AND COMPANY,

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC D/B/A GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; PAUL LEIGHT; KEVIN SINGER; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD II; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; DANIELLE GISCOMBE; DANIEL HOFFNER; and TEXAS PHARMACY ENTERPRISE, LLC,

Defendants, and

CHRISTOPHER DEMARCO; DEMARCO LANDSCAPE DESIGN GROUP, LLC; GLOBUS INDUSTRIES, LLC; ROCKAWAY INVESTMENTS INC.; U.S. HEALTHCARE DISTRIBUTORS LLC,

Relief Defendants.

Case No. 1:26-CV-23516-FAM

**RENEWED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT JERRY MAYNARD II'S**
**<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant Jerry Maynard II ("Mr. Maynard II"), pursuant to Federal Rules of Evidence 201(b), respectfully requests that this Court take judicial notice of the below documents on which Mr. Maynard II intends to rely in support of his Motion to Dismiss ("Motion").

## I. REQUEST FOR JUDICIAL NOTICE

For the reasons described below, Mr. Maynard II respectfully requests that this Court take judicial notice of the following documents in support of his Motion:

**Exhibit 1:** DRUGPLACE, Serial No. 77235468, USPTO (filed July 21, 2007), https://tmsearch.uspto.gov/search/search-results/77235468.

**Exhibit 2:** READYHEALTHCARE SERVICES, Serial No. 7235471, USPTO (filed July 21, 2007), https://tmsearch.uspto.gov/search/search-results/77235471.

**Exhibit 3:** COGIC DEPARTMENT OF HEALTH, Serial No. 77234434, USPTO (filed July 20, 2007), https://tmsearch.uspto.gov/search/search-results/77234434.

True and correct copies of the above-identified documents are attached hereto and filed in support of Mr. Maynard II's forthcoming Motion.

**a. Legal Standard**

"[A] court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[A] court may take judicial notice at any stage of the proceeding." *Ellison v. Postmaster Gen., U.S. Postal Serv.*, No. 20-13112, 2022 WL 4726121, at *6 (11th Cir. Oct. 3, 2022) (quoting Fed. R. Evid. 201(d)) (finding no abuse of discretion when district court considered judicially noticed administrative record at the motion to dismiss stage); *see also Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1113 (S.D. Fla. 2019) (Moreno, J.) (granting judicial notice of a public record that was not subject to reasonable dispute).

Judicial notice of Exhibits 1–3 is appropriate because Mr. Maynard II intends to introduce the information within the exhibits to demonstrate the existence and full contents of the documents. *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999) (court may take judicial notice of public document to determine content); *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 642 n.1 (11th Cir. 2010) (Tjoflat, J., concurring) (same).

**b. Exhibits 1–3: Government Records and Websites Are Subject to Judicial Notice**

Exhibits 1–3 are judicially noticeable because they are United States Patent and Trademark Office ("USPTO") government records, reports, publications, materials, or websites "whose

accuracy cannot reasonably be questioned." Fed R. Evid. 201(b); *Coastal Wellness Centers, Inc. v. Progressive Am. Ins.*, 309 F. Supp. 3d 1216, 1220 n.4 (S.D. Fla. 2018) ("Courts may take judicial notice of government publications and website materials." (citations omitted)).

Judicial notice may be taken of Exhibits 1–3 because government records and government websites are judicially noticeable. *See Hope v. Pelzer*, 240 F.3d 975, 979 n.8 (11th Cir. 2001) (taking judicial notice of a governmental report), *overruled on other grounds* 536 U.S. 730, 737 n.7 (2002) (noting that the appellate court relied on the report); *Piscatelli v. Brand*, No. 14-cv-80058, 2014 WL 1479168, at *1 n.2 (S.D. Fla. Apr. 14, 2014) (citation omitted) ("The Court is permitted to judicial notice of documents made publicly available by a government entity."); *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296-CIV, 2017 WL 3503371, at *7 (S.D. Fla. Aug. 15, 2017) ("the Court takes judicial notice of the USPTO file history" because the information is "available from an official government website.").

## II. CONCLUSION

For the foregoing reasons, Mr. Maynard II respectfully requests that the Court grant his Request for Judicial Notice of Exhibits 1–3 as described above and attached herein.

## CERTIFICATE OF CONFERRAL

On August 6, 2026, counsel for Mr. Maynard II conferred via phone with Plaintiff's counsel regarding the requested relief. Plaintiff's counsel stated that Plaintiff does not currently consent to the requested relief, but stated they may reconsider their position after reviewing Mr. Maynard II's forthcoming Motion to Dismiss.

Dated: September 14, 2026

Respectfully submitted,

By: */s/ Wifredo Ferrer*
Wifredo A. Ferrer, FL Bar # 887005
701 Brickell Ave.
Suite 3000

Miami, Florida 33131
Tel: (305) 789-7780
Fax: (305) 789-7799
Email: Wifredo.Ferrer@hklaw.com

Henry C. Leventis, TN BPR # 038306
(Admitted *Pro Hac Vice*)
Symphony Place
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201
Tel: (615) 850-6110
Fax: (615) 244-6804
Email: henry.leventis@hklaw.com

Ross C. Hildabrand, TN BPR # 040269
(Admitted *Pro Hac Vice*)
Symphony Place
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201
Tel: (615) 850-6069
Fax: (615) 244-6804
Email: ross.hildabrand@hklaw.com

*Attorneys for Defendant Jerry Maynard II*