**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ELI LILLY AND COMPANY,

Plaintiff,

v.

DRUGPLACE, INC. (FL); DRUGPLACE, INC.(TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS LLC; GALAXY MED, LLC d/b/a GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; KEVIN SINGER; PAUL LEIGHT; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD JR.; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; DANIELLE GISCOMBE, DANIEL HOFFNER; and TEXAS PHARMACY ENTERPRISE, LLC,

Defendants, and

CHRISTOPHER DEMARCO; DEMARCO LANDSCAPE DESIGN GROUP, LLC; GLOBUS INDUSTRIES, LLC; ROCKAWAY INVESTMENTS INC.; U.S. HEALTHCARE DISTRIBUTORS LLC,

Relief Defendants.

CASE NO.: 1:26-cv-23516-FAM

**DEFENDANTS DANIELLE GISCOMBE, GALAXY MED, LLC, BRIGHTLINE WHOLESALE LLC, READUS SMITH, AND LANE MAZEI'S**
**<u>LIMITED JOINDER IN MOTIONS TO STAY DISCOVERY</u>**

Defendants Galaxy Med, LLC d/b/a Galaxy Pharmacy, Brightline Wholesale LLC, Lane Mazei, Readus Smith, and Danielle Giscombe[1] (collectively, the "Moving Defendants") file this limited Joinder in the Motions to Stay Discovery filed by defendants DrugPlace, Inc. (FL), DrugPlace, Inc. (TN), Community Health Initiative, Inc., Kevin Singer, Paul Leight, and Nakorn Wholesalers, LLC (Dkt. No. 159), and defendants Jerry Maynard Sr., Jerry Maynard II, and defendant Edgar Enriquez (Dkt. No. 169) (together the "Motions to Stay").

All defendants—except Misha Maynard and the newly-added defendants and relief defendants who have yet to be served or required to respond—have filed motions to dismiss Plaintiff's Amended Complaint (Dkt. No. 142). Several defendants have additionally filed motions seeking a stay of discovery pending the Court's resolution of those case-dispositive motions. Defendants Galaxy, Brightline, Mazei, and Smith take no position on the substantive relief requested in the Motions to Stay.[2] Rather, Moving Defendants file

[1] Ms. Giscombe moved to dismiss Plaintiff's Original Complaint (Dkt. 1) for lack of personal jurisdiction under Rule 12(b)(2) (Dkt. 111). That motion was denied as moot by the Court in light of Plaintiff's First Amended Complaint (*see* Dkt. 151). Ms. Giscombe has timely filed a renewed motion to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (Dkt. 157). Ms. Giscombe files this motion subject to and without waiving her arguments in that motion.

[2] Defendant Giscombe is differently situated than the other Moving Defendants given her objection to the Court's exercise of jurisdiction over her. She, like defendants Maynard Sr., Maynard II, and Enriquez, has moved to dismiss the Amended Complaint for lack of personal jurisdiction in addition to challenging the sufficiency of Plaintiff's claims against her under Rules 12(b)(6) and 9(b). She, therefore, adopts and incorporates the jurisdictional objections advanced in Maynard Sr., Maynard II, and Enriquez's Motion to Stay as they apply to her with equal force. She provided limited responses and objections to Plaintiff's discovery requests—including a request seeking jurisdictional discovery—but did so subject to and without waiving her objection to suit in this forum. She has no intention of serving affirmative discovery on Plaintiff and maintains that suit against her in Florida is improper. A stay of discovery as to her is therefore particularly appropriate. *See Varga v. Palm Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010)

this instant motion for the limited purpose of requesting that any stay entered by the Court apply equally to ***all parties***. Allowing discovery to proceed against some defendants and not others—especially when Plaintiff's claims against each defendant share a close factual nexus—would lead to duplicative discovery and significant waste of resources.

District courts have broad discretion to regulate discovery. Fed. R. Civ. P. 26(c), (d); *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). This includes imposing a temporary stay of discovery pending resolution of motions to dismiss. *See Solar Star Systems, LLC v. BellSouth Telecommunications, Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (Moreno, J.) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."). Indeed, the Eleventh Circuit has acknowledged that "motions to dismiss should, ideally, be resolved before discovery begins." *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (internal quotations omitted); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir.1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). These arguments are discussed at length in the pending Motions to Stay and Moving Defendants do not rehash them here. Moving Defendants' primary concern is ensuring Court and party resources are used in the most efficient manner possible.

---

(Moreno, J.) ("It is appropriate to stay discovery pending resolution of a motion to dismiss where [a threshold legal issue] issue is raised.")

A stay encompassing all parties would benefit judicial economy "given common questions of law and fact faced by numerous [] defendants." *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1232 (S.D. Fla. 2023). On the other hand, permitting discovery to proceed as to some but not all Defendants risks waste of resources and duplicative litigation. For example, nearly every Defendant is party to Count II (Civil Conspiracy to Commit Fraud). Thus, the claims against all defendants are so intertwined that there will be considerable overlap between the discovery sought. *See, e.g.*, *Blankenship v. Napolitano*, 2019 WL 6173530, at *4 (S.D.W. Va. Nov. 19, 2019) (noting a stay as to "large number of defendants across several states" in civil conspiracy case would "ensure[] that all the proper parties are involved in formulating discovery following the resolution of the potentially dispositive motions to dismiss"). Allowing discovery to proceed against only some defendants would effectively circumvent any stay because the same witnesses, documents, and facts are at issue across all of Plaintiff's claims. *Cf.* 33 A.L.R. Fed. 2d 111 (Originally published in 2009) (collecting cases and observing that proceeding with partial discovery while a stay is in effect as to one defendant could lead to duplicative depositions and discovery requests once the stay is lifted, wasting the resources of the parties and the court).

Plaintiff has already shown that it will barrel through any perceived loophole in the Court's orders. Despite what Moving Defendants read as the plain language of the Court's prior stay—Dkt. 119—Plaintiff still attempted to move discovery forward. Following the Court's order denying as moot the previously pending cross-motions for clarification (Dkt. No. 150), Plaintiff took the position that Moving Defendants' discovery was overdue and

pressed for immediate responses. *See* Giammittorio Dec. at Ex. A-1 (claiming "responses to Lilly's pending requests and interrogatories are not—and were never—stayed"). Moving Defendants do not seek unfounded or unreasonable delay. In fact, although they disagreed with Plaintiff's position that discovery was "never" stayed, they promptly served responses and objections on September 8, 2026, within a week of the Court's order. *Id*. Indeed, if discovery *were* to proceed, Defendants Galaxy, Brightline, Mazei, and Smith stand ready to serve their own affirmative requests on Plaintiff. However, if the Court determines that a stay of discovery ***is*** appropriate, the Moving Defendants submit that it is appropriate to stay discovery as to ***all*** parties, not only the parties who have filed Motions to Stay.

The Eleventh Circuit has "repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources[.]" *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). Here, a complete stay of discovery would avoid inefficiencies inherent in conducting discovery in multiple phases. *See, e.g., James v. Hunt,* 761 F. App'x 975, 981 (11th Cir. 2018) (imposition of stay "furthered the goals of controlling the case and saving the time and effort of the court, counsel, and the parties"). Accordingly, Moving Defendants respectfully request that any order on the Motions to Stay (Dkt. Nos. 159 and 169) apply with equal force to all participants in the litigation. Such treatment keeps all parties on equal footing and ensures that discovery in this complicated matter proceeds in as ordered a fashion as possible.

Dated: September 14, 2026

Respectfully submitted,

*/s/ David S. Shankman*

**David S. Shankman, Esq.**
Florida Bar No. 940186
DINSMORE SHOHL, LLP
David.Shankman@dinsmore.com
201 N. Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone (813) 543-9848
Facsimile (813) 543-9849

**J. Nicholas Bunch**
(Admitted *Pro Hac Vice*)
Texas Bar No. 24050352
Nick.Bunch@haynesboone.com

**Carrington M. Giammittorio**
(Admitted *Pro Hac Vice*)
Texas Bar No. 24101803
Carrington.Giammittorio@haynesboone.com

**Samara Taper**
(Admitted *Pro Hac Vice*)
Texas Bar No. 24137224
Samara.Taper@haynesboone.com

HAYNES AND BOONE, LLP
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone (214) 651-5000
Facsimile (214) 651-5940

*Attorneys for Defendants Danielle Giscombe, Galaxy Med, LLC d/b/a Galaxy Pharmacy, Brightline Wholesale LLC, and Lane Mazei*

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for Moving Defendants certifies that on September 11, 2026, counsel conferred by phone with counsel for Lilly regarding the relief requested in this Motion. Lilly opposes the requested relief.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, the foregoing document was served on all counsel of record via email and a corresponding certificate of service was filed using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

*/s/ David S. Shankman*
David S. Shankman