**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ELI LILLY AND COMPANY,

Plaintiff,

v. **CASE NO. 1:26-CV-23516-FAM**

DRUGPLACE, INC. (FL), et al.,

Defendants,

and

CHRISTOPHER DEMARCO, et al.,

Relief Defendants.
_____________________________________________/

**DEFENDANTS DEMARCO AND DEMARCO LANDSCAPE'S MOTION TO STAY DISCOVERY**
**[PENDING RESOLUTION OF MOTIONS TO DISMISS FIRST AMENDED COMPLAINT]**

Relief Defendants Christopher DeMarco ("Mr. DeMarco") and DeMarco Landscape Design Group, LLC ("DeMarco Landscape"), pursuant to Federal Rules of Civil Procedure 26(c) and (d), move to stay discovery and discovery-related obligations directed to or concerning them pending resolution of their respective Motions to Dismiss the First Amended Complaint [ECF Nos. 175, 176] (the "Motions to Dismiss").

Defendants also join and adopt, to the extent applicable to them, the legal standards and arguments supporting a stay set forth in the motions filed at ECF Nos. 159 and 169 and the limited joinder filed at ECF No. 170. Those filings explain why a temporary stay is warranted while the Court considers threshold motions that may eliminate parties and claims and materially alter the appropriate scope of discovery.

## ARGUMENT

### I. Motions to Dismiss May Dispose of Every Claim Against Defendants

The First Amended Complaint ("FAC") does not allege that Mr. DeMarco or DeMarco Landscape participated in the alleged fraudulent scheme. Lilly instead names both as Relief Defendants and asserts only two restitutionary claims against them: unjust enrichment (Count IV) and money had and received (Count V).

Mr. DeMarco and DeMarco Landscape have each moved to dismiss both claims with prejudice. Although their Motions raise related issues, the grounds for dismissal are distinct. As to Mr. DeMarco, the FAC does not allege that he personally received, accepted, retained, or benefited from any funds belonging to Lilly. The transfers upon which Lilly relies are alleged to have been made to DeMarco Landscape, a separate limited liability company, and the FAC pleads no factual basis for treating the company's alleged receipt of funds as receipt by Mr. DeMarco individually.

DeMarco Landscape's Motion raises independent threshold defects. Lilly does not allege that it directly conferred any benefit upon DeMarco Landscape. Instead, its own allegations describe a multi-step series of transactions through pharmacy benefit managers, Health Delegates, DrugPlace, and accounts controlled by other Defendants before funds allegedly reached DeMarco Landscape. The FAC further alleges that those accounts contained substantial funds from sources other than Lilly and that funds were repeatedly layered and commingled. Yet Lilly does not identify any particular Lilly payment that reached DeMarco Landscape, what portion of the payments it received allegedly belonged to Lilly, or facts establishing why DeMarco Landscape's retention of those payments would be inequitable.

Those issues are facial. Their resolution depends upon the allegations of the FAC and governing law, not discovery. A preliminary review of the Motions to Dismiss therefore presents



KAPLAN ROTHSTEIN PRÜSS PERAZA, P.A.
OFFICES AT GRAND BAY PLAZA. 2665 SOUTH BAYSHORE DRIVE. PENTHOUSE 2B. MIAMI, FL 33133 TEL. 305.374.1920

the precise circumstance in which a temporary stay is appropriate: if the Motions are granted, both Mr. DeMarco and DeMarco Landscape will be dismissed from the action entirely and no discovery from or concerning either Defendant will be necessary.

As the Eleventh Circuit has explained, facial challenges to the legal sufficiency of a claim should ordinarily be resolved before discovery begins. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). This Court likewise has stayed discovery after a cursory review demonstrates that a pending motion raises potentially case-dispositive issues. *See Padilla v. Porsche Cars N. Am., Inc.*, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (Moreno, J.); *Varga v. Palm Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (Moreno, J.).

## II. <u>Discovery Would Impose Unnecessary Burden and Expense</u>

The threshold defects raised in the Motions to Dismiss also bear directly upon the proper scope of discovery. Lilly seeks to pursue restitutionary claims against both Mr. DeMarco and DeMarco Landscape despite materially different deficiencies as to each. As to Mr. DeMarco, Lilly does not allege that he personally received or retained the funds at issue. As to DeMarco Landscape, Lilly alleges receipt of payments from Mr. Singer but does not plausibly identify what portion, if any, constituted Lilly funds, establish a direct benefit conferred by Lilly, or plead facts showing why retention of the payments was inequitable.

If the Court agrees with those threshold arguments, discovery into Mr. DeMarco's personal documents, finances, communications, or other information – and discovery into DeMarco Landscape's business records, financial transactions, communications, services, and dealings with Mr. Singer – would serve no purpose. Proceeding now would require substantial collection and review concerning claims that may soon be dismissed in their entirety.

Conversely, if any claim survives against either Defendant, the Court's ruling will necessarily inform what discovery is relevant and proportional. A ruling sustaining some theory against DeMarco Landscape, for example, could define what alleged transfers, time periods, services, or transactions are properly at issue. Likewise, any surviving claim against Mr. DeMarco would necessarily depend upon whatever individualized theory the Court finds adequately pleaded against him. Proceeding before those questions are resolved risks requiring the parties to collect, review, produce, and litigate discovery that either become unnecessary altogether or must later be revisited under a materially narrower pleading.

That burden is particularly unwarranted in this action. As the other pending motions explain, Lilly already has pursued unusually broad discovery, including extensive written discovery and more than one thousand third-party subpoenas. *See* ECF Nos. 159, 169. The Court previously stayed discovery while motions directed to Lilly's original complaint were pending. *See* ECF No. 119. The same considerations apply now that Lilly has amended its pleading and Mr. DeMarco and DeMarco Landscape have raised threshold defects that may eliminate both from the action entirely.

## III. <u>A Stay Will Promote Orderly and Efficient Discovery</u>

A stay also avoids the inefficiencies created by allowing discovery to proceed piecemeal while dispositive motions remain pending across the case. Mr. DeMarco and DeMarco Landscape therefore join the arguments at ECF No. 170 that discovery should not proceed against selected parties while it is stayed as to others where the requested discovery concerns overlapping transactions, witnesses, documents, and factual allegations.

That concern is particularly pronounced as to these Defendants. Lilly's claims against Mr. DeMarco arise almost entirely from its allegations concerning DeMarco Landscape, while its

claims against DeMarco Landscape depend upon the same alleged transfers from Mr. Singer and the same broader flow of funds that underlies Lilly's claims against the other Defendants. Permitting discovery to proceed against Mr. DeMarco and DeMarco Landscape while related threshold motions remain unresolved would therefore risk duplicative collection, overlapping third-party discovery, repeated disputes concerning the same transactions, and discovery directed to theories that may not survive dismissal.

A temporary stay until the Court resolves the Motions to Dismiss would permit discovery, if necessary, to proceed once the parties and claims actually remaining in the case are known and the proper scope of discovery can be determined accordingly.

## CONCLUSION

Accordingly, good cause exists under Rule 26 to stay all discovery and discovery-related matters directed to or concerning Mr. DeMarco and DeMarco Landscape until the Court resolves their Motions to Dismiss.

**WHEREFORE**, Mr. DeMarco and DeMarco Landscape respectfully request that the Court stay all discovery and discovery-related matters directed to or concerning them pending resolution of their Motions to Dismiss the First Amended Complaint, including written discovery, depositions, third-party discovery seeking their documents or information, discovery conferences or motions, and any outstanding response, production, or related deadlines, and grant such further relief as the Court deems appropriate.

## Local Rule 7.1(A)(3) Certification

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that on September 16, 2026, counsel conferred with counsel for Plaintiff regarding the relief requested herein. Plaintiff opposes the requested relief.

Respectfully submitted,

**Kaplan Rothstein Prüss Peraza, P.A.**
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone: (305) 374-1920

By: s/ Lorenz Michel Prüss
**Lorenz Michel Prüss, Esq.**
Fla. Bar No. 581305
LPruss@krp2.com
Kmontalvo@krp2.com
*Counsel for Relief Defendants Christopher DeMarco and DeMarco Landscape Design Group, LLC*

**Kate Rumsey, Esq. (admitted pro hac vice)**
Texas Bar No. 24081130
Law Office of Kate Rumsey PLLC
4131 North Central Expressway, Suite 900
Dallas, Texas 75204
Telephone: (574) 315-8415
E-Mail: kate@katerumsey.com
*Counsel for Relief Defendants Christopher DeMarco and DeMarco Landscape Design Group, LLC*

## Certificate of Service

I hereby certify that on September 17, 2026, a true and correct copy of the above and foregoing document was filed with the clerk of court and has been served upon all counsel of record via the Court's CM/ECF system.

By: s/ Lorenz Michel Prüss
Lorenz Michel Prüss