IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>DRUGPLACE, INC. (FL); DRUGPLACE, INC. (TN); COMMUNITY HEALTH INITIATIVE, INC.; NAKORN WHOLESALERS, LLC; GALAXY MED, LLC d/b/a GALAXY PHARMACY; BRIGHTLINE WHOLESALE LLC; PAUL LEIGHT; KEVIN SINGER; READUS SMITH; JERRY MAYNARD SR.; JERRY MAYNARD II; MISHA MAYNARD; EDGAR ENRIQUEZ; LANE MAZEI; DANIELLE GISCOMBE; DANIEL HOFFNER; and TEXAS PHARMACY ENTERPRISE, LLC,<br><br>*Defendants,* and<br><br>CHRISTOPHER DEMARCO; DEMARCO LANDSCAPE DESIGN GROUP, LLC; GLOBUS INDUSTRIES, LLC; ROCKAWAY INVESTMENTS INC.; and U.S. HEALTHCARE DISTRIBUTORS LLC,<br><br>*Relief Defendants.* | Case No. 1:26-cv-23516-FAM |

**<u>DEFENDANT DANIEL HOFFNER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant Daniel Hoffner respectfully moves to dismiss each of the six counts asserted against him in Plaintiff Eli Lilly and Company's First Amended Complaint and Jury Trial Demand (the "FAC"), ECF No. 142, under Federal Rules of Civil Procedure 8, 9(b), 10, 12(b)(6), 12(b)(7), and 19.

Because Lilly has not met the pleading requirements of Rules 12(b)(6) and 9(b) as to Mr. Hoffner individually, he respectfully requests that the Court dismiss Counts I through VI of the FAC as to him with prejudice.

## I. INTRODUCTION

Lilly gathers its defendants under a single collective umbrella, the "DrugPlace Defendants," alleges that the group defrauded Lilly, and treats that shared label as cover for the absence of any specific allegation about what Mr. Hoffner himself did. FAC ¶ 43. Mr. Hoffner is swept in as one of the "DrugPlace Officers," and reshuffled again for the individual counts into a newly minted set of "Fraud Defendants" for Counts I and III. FAC ¶¶ 43, 255. Apart from those labels, the FAC alleges that Mr. Hoffner was DrugPlace's Office Manager and Director of Purchasing. FAC ¶ 42. He is not alleged to be an owner of DrugPlace or of any other entity Lilly has sued in connection with the rebate claims at issue. He is not alleged to have submitted a rebate claim to Lilly. Most significantly, he is not alleged anywhere in the FAC to have received a single dollar of rebate money from Lilly, from the pharmacy benefit managers Lilly actually paid, or from the rebate aggregator that stood between them.

Every pleading deficiency that warrants dismissal of the FAC, as argued by other parties, applies to Mr. Hoffner, and several apply with greater force to him than to the entity Defendants and their owners. The FAC remains a shotgun pleading that incorporates all preceding allegations into each successive count and attributes conduct, agreements, knowledge, benefits, and intent to shifting groups rather than to him. Counts I and III fail because Lilly pleads that it relied on representations by the non-party PBMs, not on any statement by Mr. Hoffner, and because Rule 9(b) requires, and the FAC omits, the who, what, when, where, and how of any misrepresentation by him. Count II fails because Mr. Hoffner is pleaded as DrugPlace's employee and agent, which places the claim squarely within the intracorporate conspiracy doctrine, because no facts establish

any agreement he entered, and because conspiracy cannot survive the failure of the underlying fraud claim. Counts IV and V fail because Lilly paid the PBMs, not Mr. Hoffner, and the FAC never alleges any benefit Lilly conferred on him, in any amount, on any date; those counts also require joinder of the entities that actually received and distributed the funds. Count VI fails because the FAC identifies no property Mr. Hoffner personally obtained or used and pleads no facts supporting his knowledge or felonious intent.

Lilly may not convert an employee's job title alone into liability on six counts by grouping him with sixteen other Defendants. Counts I through VI should be dismissed as to Mr. Hoffner.

## II. ALLEGED FACTUAL BACKGROUND

On August 28, 2026, Lilly filed its Amended Complaint, now asserting Mr. Hoffner as a party. Based on that pleading, Lilly's claims arise from its prescription drug rebate program for Trulicity. According to the FAC, after a rebate-eligible prescription is dispensed to a covered patient, a PBM submits a rebate claim to the manufacturer, and the manufacturer pays the rebate to the submitting PBM. FAC ¶¶ 72, 78, 82. PBMs may consolidate claims and submit them through layers of intermediaries, including rebate aggregators, each operating under separate contracts with their own clients. FAC ¶¶ 75–77.

The rebate payments at issue were not made to Mr. Hoffner or to his former employer. They were made by Lilly to two non-party PBMs, Ascent Health Services and Emisar Pharma Services. FAC ¶¶ 73, 78, 276. DrugPlace allegedly submitted rebate claims and prescription data to Health Delegates, a non-party rebate aggregator; Health Delegates submitted the claims to Ascent from 2020 through September 2023 and to Emisar from October 2023 through 2025; and those PBMs then submitted the claims to Lilly for payment. FAC ¶¶ 122–23. Lilly acknowledges that the PBMs review and validate claim-level data, that Lilly relies on that review, and that the

PBMs warrant the accuracy and completeness of submitted claims. FAC ¶¶ 78–81. Notably, Lilly has not sued Ascent, Emisar, or Health Delegates.

As to Mr. Hoffner specifically, the FAC alleges that Mr. Hoffner was DrugPlace's Office Manager and Director of Purchasing; that in those roles he "managed" and "participated" in operational matters regarding DrugPlace's rebate business; that he supervised and coordinated Nakorn and Brightline's resales of medication to secondary distributors; and that he supervised, participated in, conspired to participate in, and benefited from the fraudulent scheme described below. FAC ¶¶ 42, 218. The FAC places him at a 2015 Lilly audit that, by Lilly's own chronology, preceded the rebate claims at issue by five years. FAC ¶¶ 97–98. It alleges he formed an unrelated entity in 2018. FAC ¶ 48. And it alleges in November 2025 Mr. Hoffner authored "false" prescription program documents. FAC ¶ 159.

Lilly asserts six counts against Mr. Hoffner: common law fraud (Count I) and negligent misrepresentation (Count III) as a member of the "Fraud Defendants"; civil conspiracy to commit fraud (Count II), unjust enrichment (Count IV), and money had and received (Count V) as a member of the "DrugPlace Defendants"; and civil theft under Section 772.11 of the Florida Statutes (Count VI) against the DrugPlace Defendants except Misha Maynard. FAC ¶¶ 254–98. The prayer seeks judgment against the DrugPlace Defendants, jointly and severally, which includes Mr. Hoffner. FAC, Prayer for Relief ¶ a. Mr. Hoffner seeks dismissal on all counts given that Lilly has failed to state a claim, plead fraud with particularity, or join indispensable parties.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible only where

the plaintiff pleads facts allowing the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Although a court must accept as true well-pleaded factual allegations, it need not accept "claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party." *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998). Allegations merely consistent with liability are not enough; the complaint must plead facts that raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555–57.

**B. Rules 8 and 10**

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10 requires separate counts for separate claims. Fed. R. Civ. P. 8(a)(2), 10(b). These rules require a complaint to give ***each*** defendant fair notice of the claims against it and the grounds on which they rest. *Twombly*, 550 U.S. at 555; *see Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1163–64 (M.D. Fla. 1996).

**C. Rule 9(b)**

Claims sounding in fraud, which include all counts of the FAC, must also satisfy Rule 9(b). That rule requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) applies not only to claims labeled fraud but also to claims that sound in fraud based on the factual allegations supporting them. *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1293 (11th Cir. 2025); *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 n.11 (11th Cir. 2022). That includes unjust enrichment claims grounded in fraud, such as Counts IV and V. *Omnipol*, 32 F.4th at 1307 n.11. It also includes negligent misrepresentation claims under Florida law, like Count III. *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014).

To satisfy Rule 9(b), the plaintiff must plead the "who, what, when, where, and how" of the alleged fraud, including: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997)). Where a complaint names multiple defendants, it must inform ***each*** defendant of its alleged participation in the fraud. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007).

### D. Rule 12(b)(7) and Rule 19

Rule 12(b)(7) permits dismissal for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). The Court must first determine whether the absent party is "required" under Rule 19(a). *Town of Indian River Shores v. City of Vero Beach*, 622 F. Supp. 3d 1265, 1271 (S.D. Fla. 2022). If the party is required and joinder is feasible, the Court must order joinder. Fed. R. Civ. P. 19(a)(2). If joinder is not feasible, the Court must determine under Rule 19(b) whether the case may proceed "in equity and good conscience" or must be dismissed. *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1040 (11th Cir. 2014).

## IV. ARGUMENT

### A. The FAC Is an Impermissible Shotgun Pleading That Never Tells Mr. Hoffner What He Is Alleged to Have Done.

The FAC commits two shotgun pleading errors as to Mr. Hoffner, each warranting dismissal: it adopts and incorporates the allegations of all preceding counts, and it asserts multiple claims against multiple defendants without specifying which defendant is responsible for which acts or omissions. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Mr. Hoffner adopts the DrugPlace

Defendants' argument that the FAC constitutes an impermissible shotgun pleading by incorporating preceding allegations into successive counts. *See* ECF No. 158 at pp. 6-9. Separately, Mr. Hoffner addresses the second error, specifically as to him.

The FAC groups Mr. Hoffner with other Defendants and then reorganizes and confuses those groups from count to count. He is a "DrugPlace Officer," and thus part of the "DrugPlace Conspiracy" and the "DrugPlace Defendants." FAC ¶ 43. He is also one of the "DrugPlace Entities" personnel swept into the allegation that they were personally involved in running the DrugPlace Conspiracy, and they agreed to participate in and engaged in overt acts in pursuit of its objectives. FAC ¶ 212. For Counts I and III he becomes a "Fraud Defendant." FAC ¶¶ 255, 268. For Counts IV and V he is a "DrugPlace Defendant" alongside the newly added "Relief Defendants." FAC ¶¶ 275, 284.

That failure is acute for Mr. Hoffner because he is a newly added defendant, who was previously named but not sued in the initial complaint. Lilly has now named seventeen Defendants and five Relief Defendants, spanning entities in three states and individuals occupying wholly different roles. As in *Magluta*, the pleading "makes no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (referring to a complaint as a "quintessential shotgun pleading" where it, in part, was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged"). And as in *Apex Toxicology, LLC v. United HealthCare Services*, No. 17-61840-CIV, 2020 WL 13551299, at *3–5 (S.D. Fla. July 7, 2020), the Court cannot assess the nature of Mr. Hoffner's alleged participation in the scheme when the pleading

does not distinguish him from the other Defendants. The FAC should be dismissed as to him. *Paylor*, 748 F.3d at 1126.

**B. The FAC Fails to Plead Common Law Fraud and Negligent Misrepresentation As To Mr. Hoffner.**

Counts I (common law fraud) and III (negligent misrepresentation) are not sufficiently plead as to Mr. Hoffner in multiple ways. To plead common law fraud under Florida law, a plaintiff must set forth "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Mirage Yacht, Inc. v. A 2013 Marquis Yachts Recreational Vessel*, No. 24-21095-CIV, 2025 WL 1047148, at *15 (S.D. Fla. Feb. 12, 2025), *report and recommendation adopted*, No. 24-21095-CV, 2025 WL 798360 (S.D. Fla. Mar. 13, 2025). "Common law fraud and negligent misrepresentation involve more or less the same elements of proof," with negligent misrepresentation additionally requiring that the defendant failed to ascertain the truth or falsity of the representation. *In re Lichtman*, 388 B.R. 396, 409 (Bankr. M.D. Fla. 2008). Lilly's allegations fail to meet the heightened pleading standard for these two counts, for several reasons.

**1. Lilly does not plead that it relied on any representation by Mr. Hoffner.**

To survive a motion to dismiss, Lilly's reliance allegation must be based on a representation by Mr. Hoffner, not by another party. *See Prentice v. R.J. Reynolds Tobacco Co.*, 338 So. 3d 831, 838 (Fla. 2022); *Fernau v. Enchante Beauty Prods., Inc.*, 847 F. App'x 612, 621 (11th Cir. 2021); *Feng*, 2021 WL 8055449, at *1 ("[F]irst-party reliance is the centerpiece of a fraud claim.").

Lilly's own allegations identify a different party for reliance. The FAC alleges that pursuant to its contracts with PBMs, Lilly relied on the PBMs to review and validate pharmacy

claim-level information when determining whether to pay the rebate claims. FAC ¶ 258; *see also id.* ¶¶ 265, 272. It alleges that Lilly relies on claims data submitted by PBMs and rebate aggregators as the primary custodians of the eligibility, utilization, and adjudication data that determine rebate eligibility, FAC ¶ 80; that Lilly's commercial practice is to place responsibility for the review and accuracy of that data on the parties that process and submit it, FAC ¶¶ 81, 118; and that the PBMs warrant the accuracy and completeness of submitted claims, FAC ¶ 81. Lilly then paid the rebates to those PBMs. FAC ¶¶ 73, 78, 276. Those allegations foreclose a claim that Lilly relied on Mr. Hoffner. *Prentice*, 338 So. 3d at 838.

Nor can the chain of intermediaries be collapsed to reach him. Under the FAC, Health Delegates, Ascent, and Emisar processed, aggregated, reviewed, independently validated, and submitted claims pursuant to their own contracts and responsibilities. FAC ¶¶ 77–81, 123–24. Mr. Hoffner stands a further step removed even than the entity Defendants: the FAC does not allege that he transmitted anything to Health Delegates, to a PBM, or to Lilly in connection with any claim Lilly paid. Instead, it is alleged that he "managed and participated in operational matters regarding DrugPlace's rebate business." FAC ¶ 42. The only misrepresentation he is alleged to have made is in a preparing "false prescription cost share program documents," which presumably is related to the post-scheme November 2025 documents mentioned elsewhere in the FAC, and discussed below. FAC ¶¶ 42, 159. Lilly does not describe how that document is related or even shared with the rebate aggregators, which form the basis of the alleged chain of fraudulent misrepresentations that would ultimately be relied upon by Lilly. FAC ¶ 42. As a result, Counts I and III should be dismissed as to Mr. Hoffner because Lilly has not alleged reliance with the plausibility or particularity required under Rules 9(b) and 12(b)(6).

**2. The FAC pleads no statement by Mr. Hoffner with Rule 9(b) particularity.**

Independent of reliance, the FAC fails to identify which statements Mr. Hoffner made, where and when he made them, what he knew to be false, or how he was involved in the alleged fraudulent activity. The FAC alleges hundreds of thousands of claims over several years, yet identifies no representative claim tied to Hoffner. Rule 9(b) requires those allegations. *Am. Dental*, 605 F.3d at 1291. Counts I and III instead attribute every alleged false statement and resulting injury to the "Fraud Defendants" as a group. FAC ¶¶ 255–59, 268–73. A complaint that does not allege which defendants were responsible for which statements fails under Rule 9(b). *See Keegan v. Minahan*, No. 23-60501-CIV, 2023 WL 3884962, at *4–5 (S.D. Fla. June 7, 2023).

The single Hoffner-specific allegation cannot fill that gap. The FAC alleges that program documents were authored and/or compiled by Defendant Daniel Hoffner, with the underlying files last edited on November 26, 2025. FAC ¶ 159. By Lilly's own chronology, the rebate payments it seeks to recover were made between 2020 and 2024, FAC ¶¶ 240, 293, and the documents were generated after Lilly noted a deficiency during its 2025 audit, FAC ¶¶ 128, 159. Lilly does not connect the documents to an identified claim, rebate payment, or representation on which it relied, and does not plead when Hoffner prepared them. Indeed, Lilly does not allege that it paid any rebate claim in reliance on those documents, that they were submitted with any rebate claim, or that they contained any of the claim-level data Lilly says it received. The FAC likewise never identifies a representative false claim traceable to Mr. Hoffner, nor connects any representation by him to any specific payment Lilly made. What remains are conclusory role allegations attributed to multiple Defendants: that Mr. Hoffner was somehow personally involved in and approved of the fraudulent schemes. FAC ¶ 257. That is insufficient. *See State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1322 (S.D. Fla. 2017)

(dismissing fraud counts where only conclusory statements were made, such as the defendants' ownership interests).

**3. Lilly does not sufficiently plead knowledge or intent.**

Lilly's allegations of Mr. Hoffner's knowledge necessarily rest on his job titles, not on facts. But "conclusory allegations that [the] defendants knew or recklessly disregarded the falsity of their statements. . . based on their ***positions*** in the corporation [are] insufficient to meet the heightened pleading requirement for scienter." *Schultz v. Applica Inc.*, 488 F. Supp. 2d 1219 (S.D. Fla. 2007) (emphasis added). That an Office Manager or Director of Purchasing held those roles does not plausibly establish that he knew the rebate claims submitted by others to the aggregators were false.

Even setting the pleading defects aside, the conduct the FAC attributes to Mr. Hoffner is precisely what one would expect of an Office Manager and Director of Purchasing: he "managed and participated in operational matters regarding DrugPlace's rebate business," directed "purchasing of wholesale medications on behalf of DrugPlace," and "supervised and coordinated Nakorn and Brightline's resales." FAC ¶¶ 42, 218. Where a complaint's allegations are equally consistent with lawful business activity, a court "may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (affirming district court's dismissal of complaint). Purchasing pharmaceuticals for a licensed pharmacy and supervising their resale are ordinary, lawful functions; the FAC pleads no facts tending to exclude that obvious innocent explanation as to Mr. Hoffner.

Because the FAC does not alert Mr. Hoffner to the precise misconduct that constitutes common law fraud and negligent misrepresentation, Counts I and III should be dismissed as to him. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (affirming district court's order granting motions to dismiss).

### C. Count II Fails Because Mr. Hoffner Is Pleaded as DrugPlace's Agent, and No Agreement Is Alleged.

Mr. Hoffner adopts the DrugPlace Defendants' arguments that Lilly fails to plead civil conspiracy because it is not an independent cause of action, that the intracorporate conspiracy doctrine applies, and that no agreement is alleged. *See* ECF No. 158 at pp. 14-20. Mr. Hoffner addresses the specific conspiracy allegations against him, which also fail.

#### 1. The intracorporate conspiracy doctrine bars the claim against Mr. Hoffner.

The intracorporate conspiracy doctrine applies to Mr. Hoffner more directly than to any owner Defendant, because the FAC pleads him solely as an employee acting in his employment roles. *See Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1213 (11th Cir. 2018) (discussing intracorporate conspiracy doctrine in RICO context); *Apex Toxicology, LLC v. United HealthCare Services*, No. 17-61840-CIV, 2020 WL 13551299, at *3–5 (S.D. Fla. July 7, 2020) (dismissing certain counts based on intracorporate conspiracy doctrine). The FAC alleges Mr. Hoffner was DrugPlace's Office Manager and Director of Purchasing, that he acted "[i]n these roles," and that he directed purchasing "on behalf of DrugPlace" and supervised Nakorn's and Brightline's resales. FAC ¶¶ 42, 218. It alleges that each individual Defendant is or has been an officer, supervisor, or employee at one or more DrugPlace Entities. FAC ¶ 212. And it alleges the DrugPlace Officers, Mr. Hoffner among them, acted "as the owners, officers, and employees" of the DrugPlace Entities and "directed and controlled" them. FAC ¶

213. On those allegations, Mr. Hoffner was acting as an agent at all relevant times for the entity Defendants, and he could not have conspired with them.

Florida courts recognize a "personal stake" exception where an agent acted "in their personal interests, wholly and separately from the corporation." *Mancinelli v. Davis*, 217 So. 3d 1034, 1037 (Fla. Dist. Ct. App. 2017) (holding that the allegations did not mention a personal stake and upholding dismissal on conspiracy count). The FAC pleads no such thing as to Mr. Hoffner and likewise the conspiracy count should be dismissed as to him.

**2. The FAC alleges no facts showing an agreement by Mr. Hoffner.**

The FAC contains only conclusory or speculative allegations of an agreement by Mr. Hoffner, which are insufficient. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067–68 (11th Cir. 2007) (Where a conspiracy claim alleges that two or more parties agreed to commit fraud, the agreement must be pleaded with specificity ). The FAC alleges Mr. Hoffner "conspired to participate in" the scheme, FAC ¶¶ 42, 218, and that the DrugPlace Defendants "unlawfully, knowingly, and willfully combined, conspired, confederated and agreed together to defraud Lilly," FAC ¶ 262. Those are mere restatements of the elements. *ECB USA, Inc., v. Savencia Cheese, USA, LLC*,148 F.4th 1332, 1347–48 (11th Cir. 2025) (affirming dismissal by district court).

The FAC then asserts that the scheme "depended upon the participation of all Defendants," including that Nakorn, Brightline, and individual Defendants Enriquez, Giscombe, and Hoffner knowingly diverting Lilly's medications that DrugPlace and Galaxy purported to dispense to patients to the secondary market for re-sale. FAC ¶ 264. That allegation assumes that the necessity of a party to a conspiracy's success proves that party's participation, which the Eleventh Circuit rejected because it would transform civil conspiracy into a strict liability offense. *ECB USA*, 148 F.4th at 1347.

Absent from the FAC is when Mr. Hoffner joined any agreement to defraud Lilly, what he said or communicated evidencing his assent, with which Defendants he reached an agreement, or any meeting, communication, or transaction in which he agreed that false rebate claims would be submitted. *Am. United Life Ins. Co.*, 480 F.3d at 1067–68; *Honig*, 339 F. Supp. 3d at 1345. Count II should be dismissed as to Mr. Hoffner.

**D. Counts IV and V Fail Because Lilly Conferred No Direct Benefit on Mr. Hoffner.**

Mr. Hoffner adopts the DrugPlace Defendants' legal and factual arguments that Lilly fails to plead Counts IV (unjust enrichment) and V (money had and received) because they are duplicative and that they sound in fraud, which, for reasons stated herein, are not plead with sufficient specificity as to Mr. Hoffner. *See* ECF No. 158 at pp. 20-22. Mr. Hoffner also adopts DrugPlace Defendants' argument that Counts IV and V should be dismissed under Rule 12(b)(7) because the PBMs and Health Delegates are required parties. *See* ECF No. 158 at pp. 22-23.

Separately, Mr. Hoffner addresses whether the FAC alleges he was conferred any benefit, a required element for both counts. Both unjust enrichment and money had and received require allegations that Lilly directly conferred a benefit on Mr. Hoffner, that he knew of the benefit, and that he retained it under circumstances making retention inequitable. *GVB MD v. Aetna Health Inc.*, No. 19-22357-CIV, 2019 WL 6130825, at *6 (S.D. Fla. Nov. 19, 2019) (Moreno, J.); *Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262, 1287 (S.D. Fla. 2021). The FAC pleads no benefit conferred on Mr. Hoffner at all. It acknowledges that Lilly paid rebates directly to Ascent and Emisar. FAC ¶¶ 73, 80–81, 276. It alleges that PBMs may or may not share rebate payments with downstream clients under separate contracts, that rebate aggregators have their own separate contracts, and that manufacturers typically lack visibility into those arrangements. FAC ¶¶ 75, 77. It alleges at most that Health Delegates remitted payment to DrugPlace. FAC ¶ 276. Nowhere does it allege that any of those funds reached Mr. Hoffner, in any amount, on any date.

Unlike the owner Defendants, as to whom the FAC at least alleges transfers, Mr. Hoffner is pleaded only as a salaried employee occupying two job titles. FAC ¶¶ 42, 218. The generic allegation that he "benefited from the fraudulent scheme," FAC ¶ 42, is a conclusion, not an allegation that Lilly conferred a benefit on him. Indeed, that is a collective conclusion, unsupported by any alleged transfer, amount, date, account, compensation, or tracing to Mr. Hoffner. Mr. Hoffner is at least one step further downstream than other Defendants, and these Counts should be dismissed as to him.

Counts IV and V independently fail because unjust enrichment is unavailable where an adequate legal remedy exists, and Lilly does not plead that it lacks one. A plaintiff that "do[es] not plead that [it] lack[s] an adequate legal remedy" does not "properly state a claim for unjust enrichment." *Steel Media Grp. v. Lewis*, No. 22-cv-21780, 2023 WL 1413043 (S.D. Fla. Jan. 6, 2023); *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228 (S.D. Fla. 2007). Lilly pursues the same alleged loss through legal claims for fraud and civil theft, and pleads no inadequacy of those remedies. Counts IV and V should be dismissed on that basis as well.

### E. Count VI Fails to State a Claim for Florida Civil Theft Against Mr. Hoffner.

Mr. Hoffner adopts the DrugPlace Defendants' legal and factual arguments that Lilly fails to plead Count VI (civil theft) due to its shotgun pleading, Rule 9(b) defects, failure to identify any property Mr. Hoffner obtained or used, and not pleading sufficient knowledge or intent. *See* ECF No. 158 at pp. 23-25. Count VI should be dismissed as to Mr. Hoffner.

## VI. CONCLUSION

For the foregoing reasons, Mr. Hoffner respectfully requests that the Court dismiss Counts I, II, III, IV, V, and VI of the First Amended Complaint as to him with prejudice, or, in the alternative, without prejudice.

Dated: September 21, 2026

Respectfully submitted,

**KAPLAN ROTHSTEIN PRÜSS PERAZA, P.A.**
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone: (305) 374-1920

By: s/ Lorenz Michel Prüss
**Lorenz Michel Prüss, Esq.**
Fla. Bar No. 581305
LPruss@krp2.com
Kmontalvo@krp2.com

**Kate Rumsey, Esq. (admitted pro hac vice)**
Texas Bar No. 24081130
Law Office of Kate Rumsey PLLC
4131 North Central Expressway, Suite 900
Dallas, Texas 75204
Telephone: (574) 315-8415
E-Mail: kate@katerumsey.com
*Counsel for Defendant Daniel Hoffner*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2026, a true and correct copy of the above and foregoing document was filed with the clerk of court and has been served upon all counsel of record via the Court's CM/ECF system.

By: s/ Lorenz Michel Prüss
Lorenz Michel Prüss